IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| THOMAS H. KRAKAUER, | ) | |
|---|---|---|
| On behalf of a class of persons, | ) | |
| | ) | Civil Action No. 1:14-cv-00333-CCE-JEB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ANSWER** |
| | ) | |
| DISH NETWORK L.L.C., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant DISH Network L.L.C. ("DISH") answers Plaintiff Thomas H. Krakauer's Complaint as follows:

DISH denies each and every allegation contained in Plaintiff's Complaint, including his prayers for relief, except those that have been expressly admitted in this Answer. DISH further responds to the specific allegations of Plaintiff's Complaint in accordance with the order and number of the paragraphs in which they are set out, as follows:

### PRELIMINARY STATEMENT[1]

1. Paragraph 1 of the Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required to the allegations contained in Paragraph 1 of the Complaint, DISH denies those allegations.

2. DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, on that basis, denies those allegations.

3. DISH denies the allegations contained in Paragraph 3 of the Complaint.

---

[1] For ease of reference, DISH adopts in this Answer certain headings and certain of the capitalized terms used by Plaintiff in his Complaint. The use of these headings and terms is not an admission of any of the allegations or characterizations in the Complaint.

4. Paragraph 4 of the Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required to the allegations contained in Paragraph 4 of the Complaint, DISH denies those allegations.

5. Paragraph 5 of the Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required to the allegations contained in Paragraph 5 of the Complaint, DISH denies those allegations.

6. Paragraph 6 of the Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required to the allegations contained in Paragraph 6 of the Complaint, DISH denies those allegations.

## PARTIES

7. DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, on that basis, denies those allegations.

8. DISH admits the allegations contained in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. In response to the allegations contained in Paragraph 9 of the Complaint, DISH admits that the Court has subject matter jurisdiction. The remaining allegations contained in Paragraph 9 of the Complaint consist of legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required to the remaining allegations contained in Paragraph 9 of the Complaint, DISH denies those allegations.

10. In response to the allegations contained in Paragraph 10 of the Complaint, DISH admits that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action was brought under a federal statute, 47 U.S.C. § 227. DISH denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. In response to the allegations contained in Paragraph 11 of the Complaint, DISH admits that venue is proper under 28 U.S.C. §§ 1391(b) & (c) because DISH is subject to personal jurisdiction in this judicial district. DISH is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 11 of the Complaint that "Plaintiff resides here," and, on that basis, denies that allegation. DISH denies the remaining allegations contained in Paragraph 11 of the Complaint.

## APPLICABLE LAW

12. Paragraph 12 of the Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required to the allegations contained in Paragraph 12 of the Complaint, DISH denies those allegations.

13. Paragraph 13 of the Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required to the allegations contained in Paragraph 13 of the Complaint, DISH denies those allegations.

14. Paragraph 14 of the Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required to the allegations contained in Paragraph 14 of the Complaint, DISH denies those allegations.

15. Paragraph 15 of the Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required to the allegations contained in Paragraph 15 of the Complaint, DISH denies those allegations.

16. Paragraph 16 of the Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required to the allegations contained in Paragraph 16 of the Complaint, DISH denies those allegations.

17. Paragraph 17 of the Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required to the allegations contained in Paragraph 17 of the Complaint, DISH denies those allegations.

18. Paragraph 18 of the Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required to the allegations contained in Paragraph 18 of the Complaint, DISH denies those allegations.

19. Paragraph 19 of the Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required to the allegations contained in Paragraph 19 of the Complaint, DISH denies those allegations.

20. Paragraph 20 of the Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required to the allegations contained in Paragraph 20 of the Complaint, DISH denies those allegations.

21. Paragraph 21 of the Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required to the allegations contained in Paragraph 21 of the Complaint, DISH denies those allegations.

22. Paragraph 22 of the Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required to the allegations contained in Paragraph 22 of the Complaint, DISH denies those allegations.

23. Paragraph 23 of the Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required to the allegations contained in Paragraph 23 of the Complaint, DISH denies those allegations.

**FACTUAL ALLEGATIONS**

24.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, on that basis, denies those allegations.

25.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, on that basis, denies those allegations.

26.     DISH is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 26 of the Complaint that "Dr. Krakauer did not provide SSN with a signed, written agreement to receive Dish [sic] telemarketing calls from SSN," and, on that basis, denies that allegation.  The remaining allegations contained in Paragraph 26 of the Complaint consist of legal conclusions, characterizations, or arguments, to which no response is required.  To the extent that a response is required to the remaining allegations contained in Paragraph 26 of the Complaint, DISH denies those allegations.

27.     DISH denies the allegations contained in Paragraph 27 of the Complaint.

28.     In response to the allegations contained in Paragraph 28 of the Complaint, DISH admits that DISH engages in contractual relationships with independent contractors, and that one of the expectations of the independent contractors under some of the contractual relationships is to lawfully market DISH Network® brand satellite television programming to consumers.  One such independent contractor with which DISH once had a contractual relationship is Satellite Systems Network.  DISH denies the remaining allegations contained in Paragraph 28 of the Complaint.

29.     In response to the allegations contained in Paragraph 29 of the Complaint, DISH admits that DISH engages in contractual relationships with independent contractors, and that one

of the expectations of the independent contractors under some of the contractual relationships is to lawfully market DISH Network® brand satellite television programming to consumers. DISH further admits that some of the contractual relationships include permission to lawfully use certain of DISH's trademarks and service marks. DISH denies the remaining allegations contained in Paragraph 29 of the Complaint.

30. In response to the allegations contained in Paragraph 30 of the Complaint, DISH admits that DISH engages in contractual relationships with independent contractors, and that one of the expectations of the independent contractors under some of the contractual relationships is to lawfully market DISH Network® brand satellite television programming to consumers. DISH further admits that some of the contractual relationships include access to confidential, proprietary information regarding pricing and products. DISH further admits that some of the contractual relationships include access to an order entry tool. DISH denies the remaining allegations contained in Paragraph 30 of the Complaint.

31. DISH denies the allegations contained in Paragraph 31 of the Complaint.

32. In response to the allegations contained in Paragraph 32 of the Complaint, DISH admits that in July 2009, DISH entered into an "Assurance of Voluntary Compliance" with attorneys general and other officials of various states. DISH denies the remaining allegations contained in Paragraph 30 of the Complaint.

33. The allegations contained in Paragraph 33 of the Complaint consist of a characterization of the "Assurance of Voluntary Compliance," which is a publicly available document and speaks for itself. To the extent that a response is required to the allegations contained in Paragraph 33 of the Complaint, DISH denies those allegations.

34. DISH denies the allegations contained in Paragraph 34 of the Complaint.

6

Case 1:14-cv-00333-CCE-JEP   Document 11   Filed 05/29/14   Page 6 of 13

35. In response to the allegations contained in Paragraph 35 of the Complaint, DISH admits that in 2009, the Federal Trade Commission and the States of California, Illinois, Ohio, and North Carolina filed a lawsuit against DISH. The remaining allegations contained in Paragraph 35 characterize the complaint filed by the Federal Trade Commission and the States of California, Illinois, Ohio, and North Carolina, and the decision in *United States v. DISH Network L.L.C.*, 667 F. Supp. 2d 952 (C.D. Ill. 2009), both of which are publicly available documents and each of which speaks for itself. Therefore, no response is required to the remaining allegations contained in Paragraph 35 of the Complaint. To the extent that a response is required to the remaining allegations contained in Paragraph 35 of the Complaint, DISH denies those allegations.

36. DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and, on that basis, denies those allegations.

37. DISH denies the allegations contained in Paragraph 37 of the Complaint.

38. DISH denies the allegations contained in Paragraph 38 of the Complaint.

**CLASS ACTION ALLEGATIONS**

39. To the extent that Paragraph 39 alleges legal conclusions or a description of this action, no response is required. To the extent that a response is required, DISH denies the allegations contained in Paragraph 39 of the Complaint, and further denies that this action can or should be maintained as a class action.

40. To the extent that Paragraph 40 alleges legal conclusions or a description of this action, no response is required. To the extent that a response is required, DISH denies the allegations contained in Paragraph 40 of the Complaint, and further denies that this action can or should be maintained as a class action.

41. DISH denies the allegations contained in Paragraph 41 of the Complaint, and further denies that this action can or should be maintained as a class action.

42. DISH denies the allegations contained in Paragraph 42 of the Complaint, and further denies that this action can or should be maintained as a class action.

43. DISH denies the allegations contained in Paragraph 43 of the Complaint, and further denies that this action can or should be maintained as a class action.

44. DISH denies the allegations contained in Paragraph 44 of the Complaint, and further denies that this action can or should be maintained as a class action.

45. DISH denies the allegations contained in Paragraph 45 of the Complaint, and further denies that this action can or should be maintained as a class action.

46. DISH denies the allegations contained in Paragraph 46 of the Complaint, and further denies that this action can or should be maintained as a class action.

47. DISH denies the allegations contained in Paragraph 47 of the Complaint, and further denies that this action can or should be maintained as a class action.

48. DISH denies the allegations contained in Paragraph 48 of the Complaint, and further denies that this action can or should be maintained as a class action.

## LEGAL CLAIM

49. DISH denies the allegations contained in Paragraph 49 of the Complaint.

50. DISH denies the allegations contained in Paragraph 50 of the Complaint.

51. DISH denies the allegations contained in Paragraph 51 of the Complaint.

## GENERAL DENIAL

Unless specifically admitted herein, DISH denies the truth of each and every allegation set forth in the Complaint, including the allegations and statements contained in the prayer for relief.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's action is not maintainable as a class action because Plaintiff fails to satisfy the applicable requirements of federal law.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims and/or the claims of the putative class members are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff and some or all of the members of the putative class lack standing to assert the claims in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims and/or the claims of putative class members, are barred, in whole or in part, by the doctrines of estoppel, unclean hands, waiver, consent, and other equitable limited.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred or limited because the damages or injuries to Plaintiff and the putative class members, to the extent any exist, were caused in whole or in part by the acts or omissions of third parties over which DISH had and has no control, and/or by the acts or omissions of Plaintiff or the putative class members.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are limited to the extent that Plaintiff and some or all of the members of the putative class failed to mitigate their alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's recovery and the recovery for the putative class are barred in whole or in part to the extent that they seek damages that would constitute a duplicative recovery.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims and/or claims by some or all of the members of the putative class are barred or limited based on the doctrine of "established business relationship."

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims and the claims of the putative class members are limited to the extent that any telephone calls that are alleged to have violated the Telephone Consumer Protection Act are exempt from liability under that Act.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims and the claims of the putative class members are barred to the extent that Plaintiff and some or all of the members of the putative class gave consent for any acts alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims and/or the claims of the putative class members are barred or limited by the doctrine of accord and satisfaction.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. DISH has not willfully or knowingly violated any provision, subsection, or regulation under the Telephone Consumer Protection Act of 1991 and, therefore, Plaintiff and/or the putative class members are not entitled to treble damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff has failed to join necessary, indispensable, or proper parties.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred, in whole or in part, because plaintiff has failed to plead his claims with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims and the claims of putative class members brought under 47 U.S.C. § 227(c)(5) are barred because DISH has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violations of the regulations prescribed under 47 U.S.C. § 227(c).

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims and the claims of putative class members brought under 47 U.S.C. § 227(c)(5) are barred to the extent that the residential telephone numbers of Plaintiff and the putative class members were not listed on the national do-not-call registry at the time the allegedly violative calls were made.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. In the event that the putative class is certified, DISH reserves all rights to assert any and all other and further defenses against any member of the class that may be certified.

### RESERVATION OF AFFIRMATIVE DEFENSES

DISH reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or that may become available in the future, based on discovery or other factual investigation of this case.

WHEREFORE, having fully answered Plaintiff's Complaint, DISH respectfully requests that the Court:

1. Deny that Plaintiff and any member of the putative class are entitled to any relief whatsoever;

2. Dismiss the Complaint with prejudice and enter judgment in favor of DISH;

3. Award DISH its attorneys' fees and costs incurred in defending this action; and

4. Award DISH such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Defendant DISH Network L.L.C. demands a trial by jury on all claims and issues so triable.

This the 29 day of May, 2014.

> */s/ Eric Larson Zalud*
> ERIC LARSON ZALUD
> *Admitted Pro Hac Vice*
> LAURA E. KOGAN
> *Admitted Pro Hac Vice*
> Benesch, Friedlander, Coplan & Aronoff LLP
> 200 Public Square, Suite 2300
> Cleveland, Ohio 44114
> 216-363-4178 Telephone
> 216-363-4588 Facsimile
> ezalud@beneschlaw.com
> lkogan@beneschlaw.com
>
> BENJAMEN E. KERN
> *Admitted Pro Hac Vice*
> Benesch, Friedlander, Coplan & Aronoff LLP
> 41 South High Street, Suite 2600
> Columbus, Ohio 43215
> 614-223-9300 Telephone
> 614-223-9330 Facsimile
> bkern@beneschlaw.com
>
> RICHARD J. KESHIAN
> Kilpatrick Townsend & Stockton, LLP
> 1001 West Fourth Street
> Winston-Salem, NC 27101
> 336-607-7322
> 336-734-2645
> rkeshian@kilpatricktownsend.com
>
> *Attorneys for DISH Network L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing **ANSWER** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> J. Matthew Norris (jmn@ncconsumerlaw.com)
> Norris Law Firm, PLLC
> 1033 Bullard Court, Suite 207
> Raleigh, NC 27615
>
> John W. Barrett (jbarrett@baileyglasser.com)
> Jonathan R. Marshall (jmarshall@baileyglasser.com)
> Bailey & Glasser, LLP
> 209 Capitol Street
> Charleston, WV 25301
>
> Edward A. Broderick (ted@broderick-law.com)
> Anthony I. Paronich (anthony@broderick-law.com)
> Broderick Law, P.C.
> 125 Summer Street, Suite 1030
> Boston, MA 02110
>
> Matthew P. McCue (mccue@massattorneys.net)
> The Law Office of Matthew P. McCue
> 1 South Avenue, Third Floor
> Natick, MA 01760
>
> *Attorneys for Plaintiff*

This the 29 day of May, 2014.

>                 */s/ Richard J. Keshian*
>                 Richard J. Keshian
>                 *Attorney for Defendant DISH Network L.L.C*