IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THOMAS H. KRAKAUER,<br>On behalf of a class of persons,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK L.L.C.,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:14-cv-00333-CCE-JEB<br><br>**ANSWER TO AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant DISH Network L.L.C. ("DISH") answers Plaintiff Thomas H. Krakauer's First Amended Class Action Complaint ("Amended Complaint") as follows:

## PRELIMINARY STATEMENT

1. Paragraph 1 of the Amended Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required, DISH denies the allegations contained in Paragraph 1 of the Amended Complaint.

2. DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Complaint and, on that basis, denies those allegations.

3. DISH denies the allegations contained in Paragraph 3 of the Amended Complaint.

4. Paragraph 4 of the Amended Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required, DISH denies the allegations contained in Paragraph 4 of the Amended Complaint.

5. Paragraph 5 of the Amended Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required, DISH denies the allegations contained in Paragraph 5 of the Amended Complaint.

6. Paragraph 6 of the Amended Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required, DISH denies those allegations contained in Paragraph 6 of the Amended Complaint.

**PARTIES**

7. DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint and, on that basis, denies those allegations.

8. DISH admits the allegations contained in Paragraph 8 of the Amended Complaint.

**JURISDICTION AND VENUE**

9. In response to the allegations contained in Paragraph 9 of the Amended Complaint, DISH admits that the Court has subject matter jurisdiction. The remaining allegations contained in Paragraph 9 of the Amended Complaint consist of legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required, DISH denies the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10. DISH admits that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action was brought under a federal statute, 47 U.S.C. § 227, as stated in Paragraph 10 of the Amended Complaint. DISH denies the remaining allegations contained in Paragraph 10 of the Amended Complaint.

11. DISH admits that venue is proper under 28 U.S.C. §§ 1391(b) & (c) because DISH is subject to personal jurisdiction in this judicial district, as stated in Paragraph 11 of the Amended Complaint. DISH is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 11 of the Amended Complaint that "Plaintiff

resides here," and, on that basis, denies that allegation. DISH denies the remaining allegations contained in Paragraph 11 of the Amended Complaint.

## APPLICABLE LAW

12. Paragraph 12 of the Amended Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required, DISH denies the allegations contained in Paragraph 12 of the Amended Complaint.

13. Paragraph 13 of the Amended Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required, DISH denies the allegations contained in Paragraph 13 of the Amended Complaint.

14. Paragraph 14 of the Amended Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required, DISH denies the allegations contained in Paragraph 14 of the Amended Complaint.

15. Paragraph 15 of the Amended Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required, DISH denies the allegations contained in Paragraph 15 of the Amended Complaint.

16. Paragraph 16 of the Amended Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required, DISH denies the allegations contained in Paragraph 16 of the Amended Complaint.

17. Paragraph 17 of the Amended Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required, DISH denies the allegations contained in Paragraph 17 of the Amended Complaint.

18. DISH admits the allegations contained in Paragraph 18 of the Amended Complaint.

19. Paragraph 19 of the Amended Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required, DISH denies the allegations contained in Paragraph 19 of the Amended Complaint.

20. Paragraph 20 of the Amended Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required, DISH denies the allegations contained in Paragraph 20 of the Amended Complaint.

21. Paragraph 21 of the Amended Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required, DISH denies the allegations contained in Paragraph 21 of the Amended Complaint.

22. Paragraph 22 of the Amended Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required, DISH denies the allegations contained in Paragraph 22 of the Amended Complaint.

23. Paragraph 23 of the Amended Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required, DISH denies the allegations contained in Paragraph 23 of the Amended Complaint.

24. Paragraph 24 of the Amended Complaint alleges legal conclusions, characterizations, or arguments, to which no response is required. To the extent that a response is required, DISH denies the allegations contained in Paragraph 24 of the Amended Complaint.

**FACTUAL ALLEGATIONS**

25. DISH denies the allegations contained in Paragraph 25 of the Amended Complaint.

26. DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Amended Complaint and, on that basis, denies those allegations.

27. DISH denies the allegations contained in Paragraph 27 of the Amended Complaint.

28. DISH is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 28 of the Amended Complaint and, on that basis, denies those allegations.

29. DISH denies the allegations contained in Paragraph 29 of the Amended Complaint.

30. DISH denies the allegations contained in Paragraph 30 of the Amended Complaint, including subparts a. through c.

31. DISH denies the allegation contained in Paragraph 31 of the Amended Complaint.

32. In response to the allegations contained in Paragraph 32 of the Amended Complaint, DISH admits that DISH engages in contractual relationships with independent contractors, and that one of the expectations of the independent contractors under some of the contractual relationships is to lawfully market DISH Network® brand satellite television programming to consumers. DISH further admits that some of the contractual relationships include permission to lawfully use certain of DISH's trademarks and service marks. DISH denies the remaining allegations contained in Paragraph 32 of the Amended Complaint.

33. In response to the allegations contained in Paragraph 33 of the Amended Complaint, DISH admits that DISH engages in contractual relationships with independent contractors, and that one of the expectations of the independent contractors under some of the contractual relationships is to lawfully market DISH Network® brand satellite television programming to consumers. DISH further admits that some of the contractual relationships include access to confidential, proprietary information regarding pricing and products. DISH

further admits that some of the contractual relationships include access to an order entry tool. DISH denies the remaining allegations contained in Paragraph 33 of the Amended Complaint.

34. DISH denies the allegations contained in Paragraph 34 of the Amended Complaint.

35. In response to the allegations contained in Paragraph 35 of the Amended Complaint, DISH admits that in July 2009, DISH entered into an "Assurance of Voluntary Compliance" with attorneys general and other officials of various states. DISH denies the remaining allegations contained in Paragraph 35 of the Amended Complaint.

36. The allegations contained in Paragraph 36 of the Amended Complaint consist of a characterization of the "Assurance of Voluntary Compliance," which is a publicly available document and speaks for itself. To the extent that a response is required, DISH denies the allegations contained in Paragraph 36 of the Amended Complaint.

37. The allegations contained in Paragraph 37 of the Amended Complaint consist of a characterization of the "Assurance of Voluntary Compliance," which is a publicly available document and speaks for itself. To the extent that a response is required, DISH denies the allegations contained in Paragraph 37, including subparts a. through g. of the Amended Complaint.

38. In response to the allegations contained in Paragraph 38 of the Amended Complaint, DISH admits that in 2009, the Federal Trade Commission and the States of California, Illinois, Ohio, and North Carolina filed a lawsuit against DISH. The remaining allegations contained in Paragraph 38 characterize the complaint filed by the Federal Trade Commission and the States of California, Illinois, Ohio, and North Carolina, and the decision in *United States v. DISH Network L.L.C.*, 667 F. Supp. 2d 952 (C.D. Ill. 2009), both of which are

publicly available documents and each of which speaks for itself. Therefore, no response is required to the remaining allegations contained in Paragraph 38 of the Amended Complaint. To the extent that a response is required, DISH denies the allegations contained in Paragraph 38 of the Amended Complaint.

39. DISH is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Amended Complaint and, on that basis, denies those allegations.

40. DISH denies the allegations contained in Paragraph 40 of the Amended Complaint.

41. DISH denies the allegations contained in Paragraph 41 of the Amended Complaint.

## CLASS ACTION ALLEGATIONS

42. To the extent that Paragraph 42 of the Amended Complaint alleges legal conclusions or a description of this action, no response is required. To the extent that a response is required, DISH denies the allegations contained in Paragraph 42 of the Amended Complaint, and further denies that this action can or should be maintained as a class action.

43. DISH denies the allegations contained in Paragraph 43 of the Amended Complaint, and expressly denies that Plaintiff can "reserve the right" to modify his proposed class definition without seeking, and obtaining, DISH's written consent or leave of this Court under Fed. R. Civ. P. 15.

44. To the extent that Paragraph 44 of the Amended Complaint alleges legal conclusions or a description of this action, no response is required. To the extent that a response is required, DISH denies the allegations contained in Paragraph 44 of the Amended Complaint, and further denies that this action can or should be maintained as a class action.

8387058 v1

45. DISH denies the allegations contained in Paragraph 45 of the Amended Complaint, and expressly denies that Plaintiff can "reserve the right" to modify his proposed class definition without seeking, and obtaining, DISH's written consent or leave of this Court under Fed. R. Civ. P. 15.

46. DISH denies the allegations contained in Paragraph 46 of the Amended Complaint.

47. DISH denies the allegations contained in Paragraph 47 of the Amended Complaint.

48. DISH denies the allegations contained in Paragraph 48 of the Amended Complaint.

49. DISH denies the allegations contained in Paragraph 49 of the Amended Complaint, including subparts a. through g.

50. DISH denies the allegations contained in Paragraph 50 of the Amended Complaint.

51. DISH admits that Plaintiff's counsel are "experienced in TCPA and other class actions" as stated in Paragraph 51 of the Amended Complaint. DISH denies the remaining allegations contained in Paragraph 51 of the Amended Complaint.

52. DISH denies the allegations contained in Paragraph 52 of the Amended Complaint.

53. DISH denies the allegations contained in Paragraph 53 of the Amended Complaint.

8387058 v1

## LEGAL CLAIMS

### Count I (47 U.S.C. § 227(c))

54. DISH denies the allegations contained in Paragraph 54 of the Amended Complaint.

55. DISH denies the allegations contained in Paragraph 55 of the Amended Complaint.

56. DISH denies the allegations contained in Paragraph 56 of the Amended Complaint.

### Count II (47 C.F.R. § 65.1200(d)(3))

57. DISH denies the allegations contained in Paragraph 57 of the Amended Complaint.

58. DISH denies the allegations contained in Paragraph 58 of the Amended Complaint.

59. DISH denies the allegations contained in Paragraph 59 of the Amended Complaint.

60. DISH denies each and every allegation contained in Plaintiff's Amended Complaint, including his prayers for relief, except those that have been expressly admitted in this Answer.

### **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

1. The Amended Complaint fails to state a claim upon which relief may be granted.

### **SECOND AFFIRMATIVE DEFENSE**

2. Plaintiff's action is not maintainable as a class action because Plaintiff fails to satisfy the applicable requirements of federal law.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims and/or the claims of the putative class members are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff and some or all of the members of the putative class lack standing to assert the claims in the Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims and/or the claims of putative class members, are barred, in whole or in part, by the doctrines of estoppel, unclean hands, waiver, consent, and other equitable limitations.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred or limited because the damages or injuries to Plaintiff and the putative class members, to the extent any exist, were caused in whole or in part by the acts or omissions of third parties over which DISH had and has no control, and/or by the acts or omissions of Plaintiff or the putative class members.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are limited to the extent that Plaintiff and some or all of the members of the putative class failed to mitigate their alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's recovery and the recovery for the putative class are barred in whole or in part to the extent that they seek damages that would constitute a duplicative recovery.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims and/or claims by some or all of the members of the putative class are barred or limited based on the doctrine of "established business relationship."

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims and the claims of the putative class members are limited to the extent that any telephone calls that are alleged to have violated the Telephone Consumer Protection Act are exempt from liability under that Act.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims and the claims of the putative class members are barred to the extent that Plaintiff and some or all of the members of the putative class gave consent for any acts alleged in the Amended Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims and/or the claims of the putative class members are barred or limited by the doctrine of accord and satisfaction.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. DISH has not willfully or knowingly violated any provision, subsection, or regulation under the Telephone Consumer Protection Act of 1991 and, therefore, Plaintiff and/or the putative class members are not entitled to treble damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff has failed to join necessary, indispensable, or proper parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred, in whole or in part, because plaintiff has failed to plead his claims with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims and the claims of putative class members brought under 47 U.S.C. § 227(c)(5) are barred because DISH has established and implemented, with due care,

reasonable practices and procedures to effectively prevent telephone solicitations in violations of the regulations prescribed under 47 U.S.C. § 227(c).

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims and the claims of putative class members brought under 47 U.S.C. § 227(c)(5) are barred to the extent that the residential telephone numbers of Plaintiff and the putative class members were not listed on the national do-not-call registry at the time the allegedly violative calls were made.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. In the event that the putative class is certified, DISH reserves all rights to assert any and all other and further defenses against any member of the class that may be certified.

## RESERVATION OF AFFIRMATIVE DEFENSES

DISH reserves all affirmative defenses under Fed. R. Civv. P. 8(c) and any other defenses, at law or in equity, that may be available now or that may become available in the future, based on discovery or other factual investigation of this case.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, DISH respectfully requests that the Court:

1. Deny that Plaintiff and any member of the putative class are entitled to any relief whatsoever;

2. Dismiss the Amended Complaint with prejudice and enter judgment in favor of DISH;

3. Award DISH its attorneys' fees and costs incurred in defending this action; and

4. Award DISH such other and further relief as the Court may deem just and proper.

8387058 v1

## DEMAND FOR JURY TRIAL

Defendant DISH Network L.L.C. demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

/s/ *Eric Larson Zalud*
ERIC LARSON ZALUD
   (Admitted Pro Hac Vice)
DAVID M. KRUEGER (Admitted Pro Hac Vice)
LAURA E. KOGAN (Admitted Pro Hac Vice)
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
T: 216-363-4178; F: 216-363-4588
ezalud@beneschlaw.com
dkrueger@beneschlaw.com
lkogan@beneschlaw.com

BENJAMEN E. KERN (Admitted Pro Hac Vice)
Benesch, Friedlander, Coplan & Aronoff LLP
41 South High Street, Suite 2600
Columbus, Ohio 43215
T: 614-223-9300; F: 614-223-9330
bkern@beneschlaw.com

RICHARD J. KESHIAN
Kilpatrick Townsend & Stockton Llp
1001 W. Fourth St.
Winston-Salem, NC 27101
T: 336-607-7322; F: 336-734-2645
rkeshian@kilpatricktownsend.com

*Attorneys for Defendant DISH Network LLC*

## CERTIFICATE OF SERVICE

The foregoing Answer was filed electronically on December 18, 2014. Notice of this filing will be sent to all parties registered with the Court's electronic filing system by operation of the Court's system. Parties may access this filing through the Court's electronic filing system.

/s/ *Eric Larson Zalud*
Eric Larson Zalud

- 13 -
8387058 v1

Case 1:14-cv-00333-CCE-JEP   Document 34   Filed 12/18/14   Page 13 of 13