# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT
OF NORTH CAROLINA

| | |
|---|---|
| THOMAS KRAKAUER, | ) |
| Plaintiff, | ) CASE NO. 1:14-CV-00333-CCE-JEP |
| | ) JUDGE CATHERINE C. EAGLES |
| -vs- | ) |
| DISH NETWORK L.L.C., | ) MAGISTRATE JUDGE JOI ELIZABETH PEAKE |
| Defendant. | ) |

## AFFIDAVIT OF BRUCE M. WERNER

STATE OF COLORADO  )
                   ) SS
COUNTY OF DOUGLAS  )

Now comes Bruce M. Werner, who, after being duly sworn under oath, states as follows:

1. I am over the age of 18, have personal knowledge of all facts set forth in this affidavit, and am competent to testify to all facts contained herein.

2. I am the Program Manager for the Audit, Risk, and Compliance Group for DISH Network L.L.C. ("DISH"), the defendant in the case captioned *Thomas Krakauer v. DISH Network L.L.C.*, Case No. 1:14-CV-00333, United States District Court, Middle District of North Carolina, and have been employed in this position with DISH for approximately four and a half years.

3. As Program Manager, my responsibilities include, but are not limited to, managing the processes involved in compliance, including, contacting DISH authorized retailers regarding alleged violations of the TCPA and reviewing responses and documents provided by retailers responding to the complaints.

4. Prior to being the Program Manager for DISH, I was the General Manager for the Audit, Risk, and Compliance Group for DISH.

5. DISH is in the business of delivering DISH Network® brand direct broadcast satellite television services to residential and business customers through the United States.

6. DISH has contractual agreements with thousands of independent third-party retailers ("Independent Retailers"), all of which are independent contractors, to market DISH Network® services on a non-exclusive basis.

7. Satellite Systems Network ("SSN") is a former non-exclusive Independent Retailer of DISH.

8. Every DISH Independent Retailer, including SSN, is required to execute a Retailer Agreement with DISH in which the Independent Retailer agrees to comply with all applicable laws and regulations regarding telemarketing, including the TCPA.

9. DISH maintains an internal do-not-call list ("IDNC List"). The IDNC List is not exclusively reserved for individuals who contact DISH and request not to receive telephone solicitations.

10. As a matter of policy and practice, DISH also adds any individuals who submit a complaint regarding unwanted calls to its IDNC List, including but not limited to calls that allege rude behavior, harassment, or other unwanted conduct that may be unrelated to an alleged telemarketing violation. Because of the varying nature of complaints for which DISH adds telephone numbers to its IDNC List, DISH is unable to determine from the IDNC List itself whether a particular individual specifically made a request not to receive future calls.

11. Through my experience as Program Manager for the Audit, Risk, and Compliance Group of DISH, I have become familiar with the complaint received May 10, 2009 from Plaintiff Thomas Krakauer (the "May 2009 Complaint").

12. The "Nature of the complaint" for the May 2009 Complaint is listed "Yes" to "Harassment, a malicious call pattern." The May 2009 Complaint is listed "No" to "Caller hung up when asked for identity or to be added to DNC," and "No" for "Frequent/Persistent calls."

13. The May 2009 Complaint states that Mr. Krakauer received a call from someone "who was claiming to be a Directv employee," and that he believes that the caller "proceeded to call Directv and pretended to be Mr Krakauer to get info from his account...."

14. Based upon DISH's policy and practice, DISH added Mr. Krakauer to its Internal DNC List to try and proactively resolve Mr. Krakauer's complaint and prevent future calls, even though the May 2009 Complaint does not reflect that Mr. Krakauer requested to be added to DISH's IDNC List.

15. After the May 2009 Complaint, DISH did not receive any further communication from Mr. Krakauer stating that Mr. Krakauer continued to receive calls from SSN (or any other Independent Retailer for that matter). DISH had no knowledge that Mr. Krakauer allegedly received additional calls from SSN in 2010 and 2011, until Mr. Krakauer filed this lawsuit.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
BRUCE M. WERNER

**SWORN TO BEFORE ME** and subscribed in my presence this 13th day of April, 2015.

_____
Notary Public

AMY C. HOLSTON
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID # 20024021132
MY COMMISSION EXPIRES JULY 02, 2018

8536436 v1