IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| THOMAS KRAKAUER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:14CV333 |
| DISH NETWORK, LLC, | ) | |
| Defendant. | ) | |

ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Discovery [Doc. #49] and Plaintiff's Motion to Seal [Doc. #51]. In the Motion to Compel, Plaintiff seeks to compel Defendant "to provide testimony about a series of documents over which Dish has incorrectly claimed attorney-client privilege." Those documents are also the subject of the Motion to Seal.

In this proposed class action, Plaintiff alleges that Defendant, through its authorized dealers, violated the Telephone Consumer Protection Act by making prerecorded telemarketing calls and by making telephone solicitations to telephone numbers listed on the national Do Not Call Registry. The named plaintiff alleges specifically that he received at least two calls from Satellite Systems Network ("SSN") – an alleged authorized dealer for Defendant, and plaintiff seeks to represent classes of similarly situated individuals who received calls from SSN from May 1, 2010 to August 1, 2011. Plaintiff now moves the Court to compel Defendant to provide testimony regarding two email exchanges over which Defendant has claimed attorney-client privilege: (1) a September 2005 email exchange

reflecting a request by Defendant's in-house corporate counsel to another employee asking the employee to investigate a complaint submitted by the Indiana Attorney General involving a prerecorded message made by SSN; and (2) an August 2011 email exchange between Defendant's in-house corporate counsel and Defendant's paralegal regarding a lawsuit against Defendant alleging that SSN made telephone calls to an individual on a do-not-call list in 2007. Plaintiff filed both documents with the Court along with the instant Motion to Seal. In the Motion to Seal, Plaintiff represents that he consulted with Defendant and that Defendant claims that the emails are confidential and should be sealed in their entirety. Accordingly, Plaintiff asserts that he filed the Motion to Seal "so that [Defendant] may have fourteen days to file a Brief in accordance with Local Rule 5.4(b) and (c)." (Pl.'s Br. [Doc. #51] at 1.)

As an initial matter, the fourteen days for Defendant to respond to Plaintiff's Motion to Seal have passed, and the docket reflects that, on May 20, 2015, counsel for Defendant provided electronic notice to the Court that it will not be filing a response. Pursuant to Local Rule 5.4(d), Defendant's failure to respond would ordinarily result in the Motion to Seal being denied and the materials being unsealed. No reason exists to deviate from that default in these circumstances. Indeed, the documents appear to be publicly available through other sources. As Plaintiff notes, he was able to acquire the September 2005 email by way of the Central District of Illinois' online case docket, and he was able to acquire the August 2011 email from the United States Department of Justice by way of subpoena. In

fact, it appears that the Central District of Illinois, in prior litigation involving Defendant, concluded that Defendant had waived the attorney-client privilege with respect to both documents in that case by pursuing a Safe Harbor defense under the Telemarketing Sales Rule and, thus, that court compelled Defendant to produce the documents at issue here. See United States v. Dish Network, L.L.C., 283 F.R.D. 420, 424-25 (C.D. Ill. 2012). The September 2005 email remains publicly available on that docket, see United States v. Dish Network, No. 09-cv-3073 (C.D. Ill.) (Doc. #408-9 at 41-44), and was quoted nearly verbatim in a subsequent opinion of that court addressing summary judgment motions, see United States v. Dish Network, ___ F. Supp. 3d ___, ___, 2014 WL 7013223, at *31-32 (C.D. Ill. Dec. 12, 2014). Accordingly, in these circumstances, sealing of the documents is not justified. See generally Virginia Dep't of State Police v. The Washington Post, 386 F.3d 567 (4th Cir. 2004); Stone v. Univ. of Maryland Med. Sys. Corp., 855 F.2d 178 (4th Cir. 1988). Therefore, the Motion to Seal the documents themselves will be denied.

With respect to Plaintiff's Motion to Compel and Defendant's continued assertions of attorney-client privilege, the privilege applies where:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communications was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

3

Moore v. Dan Holdings, Inc., No. 12-CV-503, 2013 WL 1833557, at *3 (M.D.N.C. Apr. 30, 2013) (quoting In re Grand Jury Subpoena: Under Seal, 415 F.3d 333, 338 n.3 (4th Cir. 2005)).

Here, the Court is left with two documents that appear to be available through other sources and that will be publicly available on this Court's docket. In addition, the United States District Court for the Central District of Illinois previously concluded that attorney-client privilege had been waived as to both documents based on defenses pled there. Defendant has not presented any basis for questioning that determination given the claims and defenses raised in that case. Moreover, as noted above, the September 2005 email appears nearly verbatim in a published opinion from that court. On these facts, the Court cannot conclude that Defendant may continue to protect those documents, or testimony regarding those documents, from discovery on the basis of attorney-client privilege. The privilege here has been waived already to the extent previously determined by the Illinois Court. See, e.g., Genentech, Inc. v. United States Int'l Trade Comm'n, 122 F.3d 1409, 1416 (Fed. Cir. 1997) ("Once the attorney-client privilege has been waived, the privilege is generally lost for all purposes and in all forums."); Mine Safety Appliances Co. v. North River Insurance Co., No. 2:09cv348, ___ F. Supp. 3d. ___, ___, 2014 WL 1320150, at *20 (W.D. Pa. Mar. 31, 2014) ("A waiver of the attorney client privilege operates to vitiate the privilege as to all and for all purposes and time.").

In reaching this determination, the Court notes the general principle, cited by

4

Defendant, that "the involuntary or compelled production of privileged or protected documents does not waive otherwise applicable claims of privilege so long as the privilege holder objects and take[s] reasonable steps to protect its claims of privilege and protection," Int'l Union of Operating Eng'rs, Local No. 132, Health & Welfare Fund v. Philip Morris, No. 97-0708, 1999 WL 33659387, at *2 (S.D.W. Va. June 28, 1999).  However, in this case, the District Court for the Northern District of Illinois compelled production only after it had explicitly found that Defendant had waived any privilege by pursuing its Safe Harbor defense.  In such circumstances, Defendant's contentions that its waiver was involuntary are without merit.  See The Navajo Nation v. Peabody Holding Co., Inc., 255 F.R.D. 37, 44-45 and n.4 (D.D.C. 2009) ("What [the plaintiffs] fail to appreciate, however, is that [the judge] found that waiver occurred because the [plaintiffs] raised certain affirmative defenses. . . . Therefore, the [plaintiffs'] reliance on judicial compulsion as an exception to waiver is misplaced.").

Accordingly, the Court concludes that attorney-client privilege would not protect the documents at issue or testimony about those documents.  In the Motion to Compel, Plaintiff points to three Dish witnesses who were prevented from testifying regarding the documents during depositions in this case.  Therefore, the Court will grant the Motion to Compel and Defendant will be required to make those individuals available for reconvened depositions on or before July 24, 2015.  The parties are directed to undertake the reconvened depositions as efficiently as possible.  To the extent Plaintiff seeks fees and expenses

incurred in bringing the Motion to Compel and in reconvening the depositions, Plaintiff may file a separate motion, with sufficiently detailed supporting information as to the amounts claimed, with an opportunity for Defendant to respond.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Discovery [Doc. #49] is GRANTED and Defendant shall, on or before July 24, 2015, make Bruce Werner, Mike Mills, and Amir Ahmed available for deposition for the limited purposes of questioning regarding the September 2005 email and the August 2011 email addressed herein.

IT IS FURTHER ORDERED that Plaintiff's Motion to Seal [Doc. #51] is DENIED and the Clerk is directed to unseal Exhibits D and E to Plaintiff's Brief in Support of Motion to Compel Discovery [Doc. #52].

This, the 24th day of June, 2015.

                                          /s/ Joi Elizabeth Peake
                                          United States Magistrate Judge