IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THOMAS H. KRAKAUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14-CV-333 |
| | ) | |
| DISH NETWORK L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This matter is before the Court on the defendant's motion for summary judgment. (Doc. 73.) The Court concludes that Dish's motion should be denied as to Dr. Krakauer's IDNC claim and as to actual authority. As to the remaining arguments, the Court retains the motion under advisement.

Dish moves for summary judgment on Dr. Krakauer's IDNC claim and alleges that Dr. Krakauer did not make an affirmative request to stop the calls. (Doc. 74 at 12-13.) As discussed in the Court's order granting class certification, Dr. Krakauer offered evidence sufficient to establish that he made such a request. (Doc. 111 at 8-9.) The Court finds that there are disputed questions of material fact on this issue and concludes that the motion for summary judgment as to this claim should be denied.

Dish also moves for summary judgment on the plaintiff's theories of vicarious liability. (Doc. 74 at 13.) Dish first contends that SSN lacked actual authority to act on Dish's behalf. (Doc. 74 at 13-20.) Dr. Krakauer has offered evidence sufficient to allow a jury to conclude that SSN had actual authority to act on Dish's behalf when it made the

calls at issue. (*See, inter alia,* Docs. 74-2, 85.) Given the existence of disputed questions of material fact on this issue, the Court will deny the motion.

Dish further contends that there is no evidence to support vicarious liability under the theories of apparent authority and ratification. (Doc. 74 at 20, 22.) As to these theories, the Court retains the motion under advisement.

It is **ORDERED** that the defendant's motion for summary judgment, (Doc. 73), is **DENIED in part**, as follows:

1. Dish's motion for summary judgment as to Dr. Krakauer's IDNC claim is **DENIED**;

2. Dish's motion for summary judgment on the theory of vicarious liability because of actual authority is **DENIED**;

3. The other issues raised by the motion remain under advisement.

This the 22nd day of September, 2015.

_____
UNITED STATES DISTRICT JUDGE