# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THOMAS H. KRAKAUER, | ) | |
| on behalf of a class of persons, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:14-cv-00333-CCE-JEB |
| | ) | |
| v. | ) | JUDGE CATHERINE C. EAGLES |
| | ) | |
| DISH NETWORK, L.L.C., | ) | MAGISTRATE JUDGE JOI E. PEAKE |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HIS MOTION FOR APPROVAL OF CLASS NOTICE

John W. Barrett
Jonathan R. Marshall
**Bailey & Glasser LLP**
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com

Matthew P. McCue
**The Law Office of Matthew P. McCue**
1 South Ave., Third Floor
Natick, MA 01760
Telephone: (508) 655-1415
mmcue@massattorneys.net

Edward A. Broderick
Anthony Paronich
**Broderick Law, P.C.**
99 High Street, Suite 304
Boston, MA 02110
Telephone: (617) 738-7089
ted@broderick-law.com

J. Matthew Norris
**Norris Law Firm, PLLC**
1033 Bullard Court, Suite 207
Raleigh, NC 27615
Telephone: (919) 981-4475
jmn@ncconsumerlaw.com

*Counsel for Plaintiff Thomas H. Krakauer*

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Astiana v. Kashi Co.*,
 291 F.R.D. 493 (S.D. Cal. 2013) .................................................................................. 3

*Byrd v. Aaron's Inc.*,
 784 F.3d 154 (3d Cir. 2015), *as amended* (Apr. 28, 2015) ........................................... 2

*EQT Prod. Co. v. Adair*,
 764 F.3d 347 (4th Cir. 2014) ................................................................................... 2, 3

*Mullins v. Direct Digital, LLC*,
 795 F.3d 654 (7th Cir. 2015) ................................................................................... 2, 3

**Rules**

Fed. R. Civ. P. 23 .............................................................................................................. 1

**Other Authorities**

7A Wright, Miller & Kane, *Federal Practice and Procedure* (2d ed. 1986),
 § 1760 .............................................................................................................................. 2

Geoffrey C. Shaw, *Class Ascertainability*, 124 Yale L.J. 2354 (2015) .............................. 1

*Manual for Complex Litigation, Fourth* (Fed'l Judicial Ctr. 2004) ................................ 2, 3

William B. Rubenstein, Newberg On Class Actions, (5th ed. 2013) .................................. 2

The lone question before the Court in assessing Plaintiff's proposed notice plan is whether it constitutes the "best notice practicable under the circumstances." Rule 23 calls for "individual notice to all members *who can be identified through reasonable effort*…." (emphasis added), meaning that it " specifically envisions that some class members might *not* be able to be identified through reasonable effort." Geoffrey C. Shaw, *Class Ascertainability*, 124 Yale L.J. 2354, 2367 (2015).

Krakauer's experts at AB Data attest that they have identified class members to a reasonable certainty, and that in doing so relied on databases reasonably relied upon by experts in the field. *See* Verkhovskaya Report, at 11, and Exhibit A to that Report. Dkt. No. 48-2 *and* Declaration of Christina Peters-Stasiewicz, ¶¶ 3-9, attached as Exhibit 1, further explaining AB Data's procedures. Ms. Peters-Stasiewicz debunks Dish's claim that AB Data's Mailing List is rife with errors, explaining that of Dish's purported mismatches, "it is clear that the majority of those instances are due to typos in names, slight variations in names, likely name changes due to marriage/divorces and instances of spouses or family members living in the same residence." Ex. 1 at ¶ 3.

Krakauer's plan provides the best notice practicable under the circumstances. Dish's opposition to it creates obstacles that do not exist in Rule 23's requirements. As Dish states, with emphasis, "*This is the heart of Dish's disagreement with Plaintiff's proposed notice*: individuals who receive the notice must submit their evidence verifying class membership now." Dish Opposition, at 3. But Rule 23 requires no such front-loaded evidentiary proof of class membership, or, as Dish's subtext argues, individual proof of entitlement to the TCPA's statutory damages remedy.

This court's certification order provides the objective class definition the Rule requires—the plan itself allows for class membership, *where necessary*, to be verified via supplementary affidavits. On that score, despite Dish's protestations that this procedure somehow deprives it of due process, "there will always be some level of inquiry required to verify that a person is a member of a class.... *and indeed must be done in most successful class actions. Byrd v. Aaron's Inc.*, 784 F.3d 154, 170 (3d Cir. 2015), *as amended* (Apr. 28, 2015).[1]  Just not at the notice stage.

That a defendant like Dish has a due process right to challenge Krakauer's evidence *at trial* "does not mean a court cannot rely on self-identifying affidavits, subject as needed to audits and verification procedures and challenges, to identify class members." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 669 (7th Cir. 2015). Krakauer's notice plan will likely not reach everyone in the class, but is conscientiously designed, practicable in terms of its reach (see Peters-Stasciewicz Declation, ¶9), and "commensurate with the stakes." *Id*, at 676.

Dish's stealth 'ascertainability' argument, based on its inflation of the number of purported mismatches in the Mailing List, is derived from its tortured reading of *EQT Prod. Co. v. Adair*, 764 F.3d 347 (4th Cir. 2014). But *Adair* merely requires that the class be readily identifiable "in reference to objective criteria." *Id*. at 358. *See also* 1 *Newberg*

---

[1] That is the procedure that Krakauer referred to, but which Dish attempts to distort, when he noted that "those steps, coupled with the notice procedure and directives this Court may issue concerning notice and further efforts to confirm the identities of class members satisfy the requirement that the class be reasonably identifiable." *See* Dish Opposition at 3; Krakauer Memorandum in Support of Class Certification, Dkt #48, at 15, and Reply Memorandum, Dkt # 75, at 3. That procedure is endorsed by courts and commentators alike. See, e.g., among other notable authorities, the *Manual for Complex Litigation,* § 21.222, at 270; 7A Wright, Miller & Kane, *Federal Practice and Procedure* (2d ed. 1986)*,* § 1760, at 736, the Third Circuit and Seventh Circuit Court of Appeals. *See* Krakauer's Reply Memorandum, Dkt # 75, at 2-9.

2

Case 1:14-cv-00333-CCE-JEP   Document 133   Filed 11/18/15   Page 4 of 7

*on Class Actions* § 3:3; *Manual for Complex Litigation, Fourth* § 21.222 (Fed'l Judicial Ctr. 2004) (same). Dish insists that the heart of its objection to Krakauer's plan is that it fails to require class members to prove their entitlement to the TCPA's remedy *now*, rather than at trial. It finds in *Adair* an *implicit* requirement of presenting such proof *now*, but admits no "explicit holding" that requires such a front-loaded proof process. Dish Opposition at 11.

Dish's fundamental error in its ascertainability argument is exposed in its repeated citations to *Mullins v. Direct Digital,* a decision antithetical to Dish's argument. *Direct Digital* explained that ascertainability is readily satisfied by a sufficiently concrete class definition—not by a perfect class list. *Direct Digital*, 795 F.3d at 660. Dish "does not identify any portion of the class definition that it believes to be vague or confusing." *Astiana v. Kashi Co.*, 291 F.R.D. 493, 500 (S.D. Cal. 2013). *Direct Digital* also rejected the notion that due process requires perfect individual notice. *Direct Digital*, 795 F.3d at 665 (collecting cases). *Direct Digital* explained why a defendant in a class action in which its liability for an aggregate amount of damages in a fixed number of phone calls does not have a due process interest in challenging whether certain individuals are members of the class. 795 F.3d at 670 (explaining that defendant's interest is in the amount of damages and finality, collecting cases).[2]

---

[2] Challenges that such aggregate proof affects substantive law and otherwise violates the defendant's due process or jury rights to contest each member's claim individually, will not withstand analysis." 3 CONTE & NEWBERG, NEWBERG ON CLASS ACTIONS, § 10:5 (2002).

Respectfully submitted,

*/s/ John W. Barrett*
John W. Barrett
Jonathan R. Marshall
**Bailey & Glasser LLP**
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com

*/s/ J. Matthew Norris*
J. Matthew Norris
Norris Law Firm, PLLC
1033 Bullard Court, Suite 207
Raleigh, NC 27615
Telephone: (919) 981-4475
Facsimile: (919) 926-1676
jmn@ncconsumerlaw.com

Matthew P. McCue
**The Law Office of Matthew P. McCue**
1 South Ave., Third Floor
Natick, MA 01760
Telephone: (508) 655-1415
mmcue@massattorneys.net

Edward A. Broderick
Anthony Paronich
**Broderick Law, P.C.**
99 High Street, Suite 304
Boston, MA 02110
Telephone: (617) 738-7089
ted@broderick-law.com

*Counsel for Plaintiff Thomas H. Krakauer*

Dated: November 18, 2015

4

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on November 18, 2015.

                                      */s/ John Barrett*
                                      John Barrett