IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THOMAS H. KRAKAUER, ) | |
| On behalf of a class of persons, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:14-cv-00333-CCE-JEB |
| ) | |
| v. ) | JUDGE CATHERINE C. EAGLES |
| ) | |
| DISH NETWORK, L.L.C., ) | MAGISTRATE JUDGE JOI E. PEAKE |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S REPLY MEMORANDUM ADDRESSING DISH'S RESPONSE
TO PLAINTIFF'S REVISED NOTICE PLAN**

In spite of the fact that this Court has certified this case as a class action, and stated that it is "generally satisfied" with plaintiff's notice plan, in opposition to Plaintiff's Revised Notice Plan, Dish seeks a third bite at an apple this Court has rejected twice previously. Dish argues that the class should never have been certified, and that notice to such an inappropriate class cannot be achieved. Because Dish's arguments are fundamentally flawed and have already been rejected by the Court, Plaintiff should be permitted to disseminate notice as set forth in his revised notice plan.

**Argument**

On September 9, 2015, the Court certified this case as a class action, and in so doing, rejected the very same arguments Dish offers against Plaintiff's Notice Plan. (Dkt. 111). On October 1, 2015, the Court ordered the parties to confer on the process for disseminating notice, and the content of notice documents, and set forth a briefing

schedule to address areas of disagreement between the parties. (Dkt. 119). In its October 1, 2015 Scheduling Order, the Court cautioned:

> The briefing authorized in paragraph 3 is not an opportunity for the defendant to re-argue class certification. The Court expects the defendant to participate in this process in good faith and the defendant shall not repeat general arguments against class certification. By participating in this process, the defendant is not waiving its argument that the Class should not have been certified.

Scheduling Order, October 1, 2015, Dkt. 119. In spite of this caution, Dish recycled its arguments against certification under the guise of a notice challenge. See *Dish Network's L.L.C.'s Response to Plaintiff's Motion for Approval of Class Notice [Doc. 126] and Memorandum in Support [Doc. 128],* filed as Dkt. 129, dated November 13, 2015. On November 18, 2015, Plaintiff filed his Reply Memorandum in Further Support of His Motion for Approval of Class Notice. On January 6, 2016, the Court held a telephonic conference with the parties to address class notice issues and Dish's motion to continue the trial date. After that conference, the Court issued a Minute Entry, stating:

> Court informed the parties it is generally satisfied with plaintiff's plan, with some changes. Plaintiff is to revise class notice plan, long and short form notices, and proposed Order, providing an option on the website for class members to opt out electronically, providing an optional simple form for class members to use when opting out by mail, and providing a mechanism for class members to supplement and update their contact information and to upload supporting documentation.

Minute Entry, January 6, 2016.

Plaintiff's revisions address all of the Court's limited remaining concerns. In spite of this, Dish repeats its twice rejected arguments, none of which should delay issuance of

2

Case 1:14-cv-00333-CCE-JEP   Document 150   Filed 02/05/16   Page 2 of 6

notice. With respect to Dish's first argument that Plaintiff has failed to identify the class members for the purpose of sending notice, the Court has already rejected this claim. Indeed, Dish concedes in a footnote in its brief: "DISH previously submitted this evidence in its Opposition to Plaintiff's Motion for Approval of Class Notice." Dkt. 147, p. 4, fn 1. Similarly, Dish's claim that class members should be forced to *opt in* in response to notice has no support in class action practice. Dish's second argument, that *EQT Prod. Co. v. Adair ("EQT")*, 764 F.3d 347 (4th Cir. 2014) mandates an early opt in procedure is baseless—and has been fully presented and rejected by the Court. Plaintiff addressed how Dish misconstrues *EQT v. Adair* in both Plaintiff's Memorandum in Support of His Motion for Approval of Class Notice and Addressing Points of Disagreement with Dish on Class Notice (dated November 5, 2015, Dkt. 128 at 5-7) and in *Plaintiff's Reply Memorandum in Further Support of His Motion for Approval of Class Notice* (dated November 18, 2015, Dkt. 133 at 2-3).

     Finally, Dish takes exception with Plaintiff's plan to address an inexpensive way to further broaden the reach of notice in this action through press releases and via Facebook, all designed to achieve the Court's stated goal of increasing the breadth of notice in a relatively inexpensive way. Dish's citation to *Jermyn v. Best Buy Stores, L.P.*, No. 08 Civ. 00214, 2010 U.S. Dist. LEXIS 130682, at *15-16 (S.D.N.Y. Dec. 6, 2010) does little to advance its challenge as although the Court took exception to twitter-based supplementation of notice, it had no issue with publication notice in a newspaper, which is certainly no more specifically directed than internet-based notice, and runs counter to

3

the directive that notice be achieved by the "best notice that is practicable under the circumstances."

Courts routinely recognize the benefit of extending the reach of notice via electronic means. *See, e.g.*, *Nichols v. SmithKline Beecham Corp.*, No. 00-6222, 2005 U.S. Dist. LEXIS 7061, at *29-35 (E.D. Pa. Apr. 22, 2005) (holding that internet notice will be deemed adequate so long as it is combined with other forms of notice such as mailers); *House v. GlaxoSmithKline PLC*, No. 2:02CV442, 2005 U.S. Dist. LEXIS 33711, at *8 (E.D. Va. Jan. 10, 2005) (holding that hosting a website dedicated to the pending litigation and providing other forms of traditional notice to class members fulfilled the notice requirement found in Rule 23); *In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436, 448-49 (S.D.N.Y. 2004) (holding that internet notice combined with other forms of notice, including mailed individual notice packets, satisfied Rule 23). *See, e.g.*, *Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 786 (7th Cir. 2004) ("[I]n this age of electronic communications, newspaper notice alone is not always an adequate alternative to individual notice. . . . The World Wide Web is an increasingly important method of communication, and . . . an increasingly important substitute for newspapers." (citing Walters, *supra* note 43)).

## **Conclusion**

As Dish's recycled arguments have already been considered and rejected by the Court, Plaintiff respectfully requests that the Court allow him to disseminate Notice to the Class as set forth in *Plaintiff's Submission of Revised Notice Plan as Ordered by the Court in Its Minute Entry Dated January 6, 2016* (Dkt. 146).

Respectfully submitted,

*/s/ John W. Barrett*
John W. Barrett
Jonathan R. Marshall
John Roddy
**Bailey & Glasser LLP**
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
jroddy@baileyglasser.com

/s/ J. Matthew Norris
J. Matthew Norris
**Norris Law Firm, PLLC**
1033 Bullard Court, Suite 207
Raleigh, NC 27615
(919) 981-4475
(919) 926-1676 *facsimile*
jmn@ncconsumerlaw.com

Matthew P. McCue
**The Law Office of Matthew P. McCue**
1 South Ave., Third Floor
Natick, MA 01760
(508) 655-1415
Telephone: (508) 655-1415
mmcue@massattorneys.net

Edward A. Broderick
Anthony Paronich
**Broderick Law, P.C.**
99 High Street, Suite 304
Boston, MA 02110
Telephone: (617) 738-7089
ted@broderick-law.com

*Counsel for Plaintiff Thomas H. Krakauer*

Dated: February 5, 2016

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on February 5, 2016.

*/s/ John Barrett*
John Barrett