# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THOMAS H. KRAKAUER,
on behalf of a class of persons,

      **Plaintiff,**

                                      **Civil Action No. 1:14-cv-00333-CCE-JEP**

v.

DISH NETWORK, L.L.C.,

      **Defendant.**


## PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

Plaintiff Thomas H. Krakauer, on behalf of a class of persons, respectfully requests an opportunity to propose the following questions to the panel. Further, to the extent there are any affirmative responses by panel members, Plaintiff requests an opportunity to conduct an individual voir dire of each panel member so as to further develop the lines of inquiry.

## I.    General Questions

1.

    a.    This trial is expected to last for several days, and conclude on July 1. Is there anything about the length or scheduling of the trial that would interfere with your ability to serve?

    b.

- Do you have any medical, personal or financial problem that would prevent you from serving on this jury?

868573

- Does any member of the panel have problems with seeing or hearing such that it would be difficult to see or hear the testimony, exhibits and arguments presented in this case?

c. Do any of you have a special need or require a reasonable accommodation to help you in listening, paying attention, reading printed materials, deliberating, or otherwise participating as a fair juror? The court will provide reasonable accommodations to your special needs but I will only be aware of any such needs if you let me know about them. My only purpose in asking you these circumstances relates to your ability to serve as a juror. If you have any such request, please raise your hand and I will speak to you at sidebar.

2.

a. The Named Plaintiff in this case is Dr. Thomas Krakauer. Do you know Dr. Krakauer?

b. The lawyers representing Plaintiff Thomas Krakauer and other members of the class of persons whose telephone numbers were on the National Do Not Call Registry, or Dish or SSN's Internal Do Not Call List, and received telemarketing calls from SSN between May 1, 2010 and August 1, 2011 are:

- John W. Barrett of Bailey & Glasser LLP, Charleston, West Virginia

- Brian Glasser of Bailey & Glasser LLP, Washington, DC

- Edward A. Broderick of Broderick Law, P.C., Boston, Massachusetts

- Jonathan R. Marshall of Bailey & Glasser LLP, Charleston, West Virginia

- Matthew P. McCue of the Law Firm of Matthew P. McCue, Natick, Massachusetts

- J. Matthew Norris of Norris Law Firm, PLLC, Raleigh, North Carolina

- Anthony Paronich of Broderick Law, P.C., Boston, Massachusetts

- John Roddy of Bailey & Glasser LLP, Boston, Massachusetts

Do any of you know any of these lawyers? Has any one of them or anyone in their offices ever represented you or brought any action against you?

c.     The defendant in this case is Dish Network, LLC.

Is any member of the panel, or any of their family members or friends employed by Dish?

d.     The lawyers representing Dish are:

- Peter A. Bicks of Orrick Herrington & Sutcliffe LLP, New York, New York

- Elyse D. Echtman of Orrick Herrington & Sutcliffe LLP, New York, New York

- John L. Ewald of Orrick Herrington & Sutcliffe LLP, New York, New York

- Jeremy Gilman of Benesch Friedlander Coplan & Arnonoff, LLP, Cleveland, Ohio

- Benjamen E. Kern of Benesch Friedlander Coplan & Arnonoff, LLP, Columbus, Ohio

- Richard J. Keshian of Kilpatrick Townsend & Stockton, LLP, Winston-Salem, North Carolina

- Laura E. Kogan of Benesch Friedlander Coplan & Arnonoff, LLP, Cleveland, Ohio

- David M. Krueger of Benesch Friedlander Coplan & Arnonoff, LLP, Cleveland, Ohio

- Eric L. Zalud of Benesch Friedlander Coplan & Arnonoff, LLP, Cleveland, Ohio

Do any of you know any of these lawyers? Has any one of them or anyone in their offices ever represented you or brought any action against you?

3.

a. The plaintiff will present the testimony of the following expert witnesses:

Anya Verkhovskaya

Do you know any of the potential witnesses?

b. The following fact witnesses may be called by live testimony:

[List]

Do you know any of these potential witnesses?

c. The following fact witnesses may be used through reading of their deposition testimony:

[List]

Do you know any of these potential witnesses?

4.    In this case, the plaintiff contends, on his own behalf and on behalf of the NDNC and IDNC class members (about 28,000 people), that SSN called them to market Dish products even though they were on a do not call list, and that SSN acted as Dish's agent in making these calls.  The plaintiff claims that SSN and Dish's conduct violates the federal Telephone Consumer Protection Act (the "TCPA").  Dish denies these allegations.  It contends that it is not liable for SSN's conduct.

Do you know anything about this case from any source other than what I've just told you?

5.    Has anyone on the panel, or any member of your family or close friend, ever filed a lawsuit?

6.    Has anyone on the panel, or any member of your family or close friend, ever been sued?

7.    Have you or a family member or close personal friend either currently or in the past been involved as a party, as either a plaintiff or a defendant, in a lawsuit involving violations of telemarketing laws?

8.    A plaintiff is a person or group of persons who have initiated a lawsuit. Do you have a bias for or against a plaintiff simply because he or she has brought a lawsuit?

9.

a.    A defendant is a person or corporation [or other entity] against whom a lawsuit has been brought.

5

Do you have a bias for or against a defendant simply because a lawsuit has been brought against it?

b.      The defendant here is a corporation.  Under the law, a corporation is entitled to be treated the same as anyone else and is entitled to be treated the same as a private individual.

Would any of you have any difficulty in accepting that principle?

10.      The court is aware that there has been a great deal of public discussion about something called tort reform (laws that restrict the right to sue or limit the amount recovered).

- Do you have an opinion, one way or the other, on this subject?

- Does any member of the panel believe that because some people may abuse the legal system from time to time, that all lawsuits are frivolous?

- Does any member of the panel believe that the civil justice system should be changed to limit the ability of consumers to bring claims for violations of the Do Not Call laws where the consumers claim that they registered for the Do Not Call list but received telemarketing calls anyway?

- Does any member of the panel belong to any organization which favors changing the law in order to limit a consumer's rights to recover?

11.    People may naturally have sympathy for one side or the other side in a case such as this.  Are you willing and able to put aside any sympathies you may have and decide this case only on the evidence introduced during the course of the trial, and on the law which I will give you at the conclusion of the trial?

12.    Based on what I have told you, is there anything about this case or the nature of the claim itself that would interfere with your ability to be fair and impartial and to apply the law as instructed by the court?

13.    At the conclusion of this case you will receive instructions regarding the law that must be applied to this case relating to proof of responsibility and damages. Can you accept the law as explained by the court and apply it to the facts regardless of your personal beliefs about what the law is or should be?

14.    Have you ever served on a trial jury before today, here in North Carolina or in any state court or federal court?

15.    Do you know anyone else in the jury box other than as a result of reporting here today?

16.    Would your verdict in this case be influenced in any way by any factors other than the evidence in the courtroom, such as friendships or family relationships or the type of work you do?

17.    Have you ever been a witness in a civil matter, regardless of whether it went to trial?

18.    Have you ever testified in any court proceeding?

## II.     Specific Juror Experience/Expertise

19.     Does any member of the panel believe that Dish should enjoy special protection from lawsuits?

20.     Does anyone feel that it would always be wrong to file a lawsuit against Dish, regardless of the circumstances?

- The Court is aware that there has been a great deal of public discussion [in print and in the media] regarding class action lawsuits.  Do you have an opinion, one way or the other, on this subject?

- Have you or a member of your family or a close friend ever had a complaint or lawsuit relating to alleged violations of the Do Not Call laws?

    If yes, what is the relation, date, and type of lawsuit or complaint, and the outcome of the claim?

- Have you or a member of your family or a close friend ever complained to a company about your dissatisfaction with receiving marketing phone calls from that company?

    If so, what was the company's response?

- Do you have any strong feelings about big corporations in America?

    Please explain:

- This is a lawsuit between a class comprised of individuals and a corporation – do you start out believing that because it is individuals against a corporation, the individuals deserve at least some compensation?

- Have you or a member of your family ever worked for a large corporation?

    If yes, please describe

- Have you or a member of your family ever had a bad experience or a problem with receiving telemarketing calls?

21.     Is there any member of the panel who would start this trial with even the slightest negative feelings about plaintiff and his case, for any reason at all?

22.     Do you, any member of your family or any close friend work for a telemarketer, satellite, cable or fiber network tv provider?  If so, would this employment cause you to lean even slightly in favor of the defendant corporation before you've heard any of the evidence?

23.     Have you, any member of your family or close friend had telemarketing, satellite, cable or fiber network tv sales or servicing related jobs?

24.     Have you, any member of your family, or a close friend had problems with any telemarketer, satellite, cable or fiber network tv provider that required formal resolution?

25.     Have you, any member of your family, or close friend ever had either a positive or a negative experience with any telemarketer, satellite, cable or fiber network tv provider such that you believe it would affect your ability to be fair and impartial in this case?

26.     Have you, any member of your family, or close friend ever filed a lawsuit against a telemarketer, satellite, cable or fiber network tv provider?

27.     Do any members of the panel have any employment background in evaluating claims against a telemarketer, satellite, cable or fiber network tv provider?

28.     Are you or any family member employed by an insurance company or by any company involved in the investigation or payment of claims?

## III. Class Actions

29.     This is a class action.  A class action is a case brought by one or more persons on behalf of himself or herself and others who are in similar circumstances.  The Court here has already determined that this case may proceed as a class action, and has approved plaintiff and his counsel as the class representative and class counsel. In a class action, the plaintiff is the representative of other persons in the class. As a result, there will not be testimony from all 28,000 members of the class, which would take too long and cost too much.

- Have you or has any family member been involved as a plaintiff, or as a class member, in any class action?

30.     Have you ever had any experience in a class action lawsuit which caused you to have positive or negative feelings about class action cases?

31.     Do you have a belief that class action cases should be limited or restricted?

32.     Do you believe that persons who are part of a class action are not entitled to the same full legal rights as persons who bring individual cases?

33.     If you were told that the class involved in this case numbered more than 28,000 persons, would that fact interfere with your ability to render a fair and impartial verdict in this case?

34.     If you were told that you would not hear testimony from each and every member of the class in this case, but rather from just the class representative,

would that fact interfere with your ability to render a fair verdict based on the representative or common evidence in this case?

## IV.    Damages

35.    The plaintiff in this case contends that he, and the class members he represents, are entitled to recover damages as set out in the TCPA. Dish contends that Dr. Krakauer is not entitled to recover any damages because Dish complied with the TCPA and it is not liable for SSN's conduct. Dish contends that Dr. Krakauer and the class cannot prove that Dish violated the TCPA.

36.    Will any member of the panel have difficulty awarding full and fair compensation to plaintiff and the class in the event that you find that the evidence introduced at trial supports such an award?

37.    Does any member of the panel have personal feelings, religious beliefs or other convictions which would interfere with your ability to award full and fair compensation to the plaintiff and the class in the event that you find the evidence supports an award of money damages?

38.    Does anyone believe that the amount of a verdict should not be above a certain set amount, even if the evidence supports a larger award?

39.    Does anyone believe that each and every one of the affected class members must appear at trial for damages to be awarded?

## V.    Burden of Proof

40.    This is a civil case, not a criminal case.  In a civil case the plaintiff need only prove his/her case by a fair preponderance of the believable evidence.  What

this means is that if the scales tip ever so slightly in favor of the plaintiff, under the law your verdict must be for the plaintiff. If, however, the scales are evenly balanced or tip ever so slightly in favor of the defense, your verdict must be for the defense. This is very different from a criminal case, in which the prosecution must prove the case beyond a reasonable doubt. Does any member of the panel have any difficulty with this concept, or with being able to follow the Court's instructions regarding the burden of proof the plaintiff must bear in civil cases?

41.     Dish is asserting certain defenses in which it has the burden of proof. The burden of proof for Dish is to prove that defenses through clear and convincing evidence. Clear and convincing evidence is evidence that creates the firm conviction or belief, without hesitation, that something is true. Does any member of the panel have any difficulty with this concept, or with being able to follow the Court's instructions on this issue?

## VI.     Biographical Questions

42.     You have answered a series of questions about civil trials and civil cases. Now we would like to learn a little bit about each of you. Please tell us the type of work you do; whether you have ever done any type of work which is substantially different from what you do now; whether you've served in the military; your educational history; who else lives in your household and the type of work they do, if any; whether you have any children living elsewhere and the type of work they do; which television shows you watch; any sources from which you learn the news, i.e. the newspapers you read or radio or TV news stations you

listen to or watch; if you have a bumper sticker that does not pertain to a political candidate, and what it says; and what you do in your spare time and anything else you feel is important.

> [Note: This question is intended to be an open-ended question which will allow and encourage the juror to speak in a narrative fashion, rather than answer the question in short phrases. For that reason, we request that the judge read the question in its entirety, rather than part by part. If the juror omits a response to one or more sections, the judge should follow up by asking, in effect: "I notice you didn't mention [specify]. Can you please tell us about that?"]

## VII. Omnibus Qualification Questions

43. Is there anything, whether or not covered in the previous questions, which would affect your ability to be a fair and impartial juror or in any way be a problem for you in serving on this jury?

44. Is there anything else that you feel is important for the parties in this case to know about you?

Respectfully submitted,

*/s/ John W. Barrett*
John W. Barrett
Brian A. Glasser
John Roddy
**Bailey & Glasser LLP**
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com

bglasser@baileyglasser.com
jroddy@baileyglasser.com

*/s/ J. Matthew Norris*
J. Matthew Norris
**Norris Law Firm, PLLC**
1033 Bullard Court, Suite 207
Raleigh, NC   27615
(919) 981-4775
(919) 926-1676 *facsimile*
jmn@ncconsumerlaw.com

Matthew P. McCue
**The Law Office of Matthew P. McCue**
1 South Ave., Third Floor
Natick, MA 01760
(508) 655-1415
Telephone: (508) 655-1415
mmcue@massattorneys.net

Edward A. Broderick
Anthony Paronich
**Broderick Law, P.C.**
99 High Street, Suite 304
Boston, MA 02110
Telephone: (617) 738-7089
ted@broderick-law.com

*Counsel for Plaintiff Thomas H. Krakauer*