IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THOMAS H. KRAKAUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14-CV-333 |
| | ) | |
| DISH NETWORK L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on plaintiff Thomas Krakauer's motion for partial summary judgment. (Doc. 71). Dish has raised affirmative defenses of prior express consent and established business relationship. Dr. Krakauer seeks summary judgment on those two defenses as to some of the calls at issue here based on collateral estoppel, also known as issue preclusion. (Doc. 72 at 5). Dr. Krakauer contends that the defenses were rejected in *United States v. Dish Network, LLC*, an ongoing case in the Central District of Illinois. *See* 75 F. Supp. 3d 942 (C.D. Ill. 2014), *vacated in part on reconsideration on other grounds*, 80 F. Supp. 3d 917 (C.D. Ill. 2015).

While the Court concludes that the issues sought to be precluded are identical to ones previously litigated; that the issues were actually determined in the prior proceeding; that the determination of the issues was a critical and necessary part of the decision in the prior proceeding; and that Dish, the party against whom collateral estoppel is asserted, had a full and fair opportunity to litigate the issue in the previous forum, *see Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006), it is not clear that the Illinois

district court's decision on partial summary judgment is final.  However, the Court sees

no realistic possibility that the Illinois court's summary judgment decision against Dish

will change and it seems likely that the decision will become final and valid at some

point.  The Court therefore will deny the motion for partial summary judgment, but

without prejudice to renewal should further developments in the Illinois case so warrant.

At the pretrial conference on April 21, the Court intends to discuss settlement

possibilities, to review the pretrial submissions with the parties, and to make such

decisions as are appropriate for this stage of the case.  The parties should be prepared for

a wide-ranging discussion focused on resolving such issues as can be resolved and

narrowing other issues, all with a goal of trying the case fairly and efficiently.  Among

other things, counsel should be prepared to discuss with the Court:

(1) Whether it is possible and advisable to sever the issues subject to the plaintiff's
    motion for partial summary judgment and how such severance might be
    managed.

(2) Whether it is possible and advisable to sever the agency issue and try it first,
    and how such severance might be managed.

(3) Whether the Court is correct that the parties have not identified any issues,
    exhibits, or witnesses which relate only to the matters subject to the plaintiff's
    motion for partial summary judgment.  (*See* Doc. 157).

(4) The proposed verdict sheets and jury instructions.  The Court is dissatisfied
    with these submissions.  Dr. Krakauer's proposals do not separate the agency
    issue and do not adequately explain to the jury what the plaintiff has to prove

2

in order to prevail.  Dish appears to have gone overboard with special interrogatories.

It is **ORDERED** that Dr. Krakauer's motion for summary judgment, (Doc. 71), is **DENIED without prejudice**.

This the 19th day of April, 2016.

                                   _____
                                           UNITED STATES DISTRICT JUDGE