IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT
OF NORTH CAROLINA

| | |
|---|---|
| THOMAS KRAKAUER, | ) |
| Plaintiff, | ) ) ) CASE NO. 1:14-CV-00333-CCE-JEP |
| v. | ) ) |
| DISH NETWORK LLC, | ) ) |
| Defendant. | ) ) |

### DEFENDANT DISH NETWORK L.L.C.'S
### REVISED PROPOSED JURY INSTRUCTIONS

Members of the Jury:[1]

  As you know, we are trying a case in which the plaintiff, Thomas Krakauer, seeks to recover money damages, on behalf of himself and two classes of individuals, from defendant DISH Network L.L.C. for telephone calls made by Satellite Systems Network. Thomas Krakauer alleges that the calls violated the Telephone Consumer Protection Act and that SSN was acting as DISH's agent when it made the calls. DISH denies Thomas Krakauer's claims. It is DISH's position that SSN was an independent contractor, not DISH's agent, and that SSN acted adversely to DISH's interests and beyond the scope of any authority from DISH when it made these calls. In addition, it is DISH's position that Thomas Krakauer has not shown that the calls violated the TCPA.

  You have heard all the evidence and it will soon be your duty to find the facts of this case and then to apply the law that I am about to give you to those facts. Once I have instructed you

---

[1] This section was adapted in part from Final Jury Instructions, *Honeycutt v. Rockingham*, No. 09-CV-912 (M.D.N.C.).

1

on the law, you will go to the jury room and begin your deliberations. You will have the duty to decide at least eight issues relating to the telephone calls made by SSN and DISH's relationship with SSN.

DISH is a limited liability company, otherwise referred to as an LLC. LLC's are entitled to the same impartial treatment by you as is an individual like Thomas Krakauer. Under our system of justice, all parties, including corporations and individuals, stand equal before the law and are to be treated as equals.

You must make your decision only on the basis of the testimony and other evidence presented here in this courtroom during the trial. You must not be influenced in any way by bias, sympathy, or prejudice for or against any of the parties, or by the consequences of our verdict. You are the finders of fact in this case, not me, and nothing in these instructions should be taken by you as indicating I have any opinion about any aspect of this case.

You must follow the law as I explain it to you—whether you agree with that law or not—and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law. If I do not specifically define words or terms, you should apply their ordinary, everyday meanings. The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

On all questions but one, the burden of proof is on the plaintiff, Thomas Krakauer, to prove his case. On the remaining question, which is DISH's Established Business Relationship defense, the burden of proof is on DISH. The burden of proof is by preponderance of the evidence. "Establish by a preponderance of the evidence" means evidence that, as a whole, shows that the fact sought to be proved is more probable than not. In other words, a

preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. I may, from time to time, refer to "the greater weight of the evidence." This has the same meaning as "a preponderance of the evidence."

As I mentioned to you at the outset, this case is proceeding as a class action. A class action procedure allows the filing of one lawsuit by a representative or a small number of representatives on behalf of a whole group of plaintiffs who have similar claims. The representative of both classes in this case is Thomas Krakauer.

Your verdict here will be binding on all class members.

The Plaintiff Classes are composed of "(1) all persons whose telephone numbers were on the NDNC list for at least 30 days, but who received telemarketing calls from SSN to promote DISH between May 1, 2010, and August 1, 2011 (the 'NDNC class') and (2) all persons whose telephone numbers were on the IDNC list of DISH or SSN, but who received telemarketing calls from SSN to promote DISH between May 1, 2010, and August 1, 2011 (the 'IDNC class')."[2] The claims are classwide claims and must be proven for all class members and for the entire period of the class.[3] It is not the purpose of this trial to decide claims of individual class members apart from the claims of the class as a whole. If you decide that the Plaintiff has not proven each of the elements of the classwide claims for all members of the class and the class as a whole, then you must return a verdict in favor of DISH.

---

[2] Dkt. No. 111.
[3] *Minter v. Wells Fargo Bank, N.A.*, 274 F.R.D. 525, 550 (D. Md. 2011).

# ISSUES

## Issue One: Agency

The first issue you are to consider in this case is agency.

Thomas Krakauer contends that the retailer SSN acted as an agent for DISH. An agency relationship exists when, by virtue of an express agreement between two parties, one party (the agent) is authorized to represent or act for the other party (the principal).[4] DISH contends that SSN was not DISH's agent, but was an independent contractor.

Thomas Krakauer has the burden of proof on his claim that SSN was acting as DISH's agent when it made the calls at issue in this case.[5] In order to prove that SSN was DISH's agent, Thomas Krakauer must show that (1) DISH and SSN agreed that SSN had the authority to act as DISH; and (2) SSN agreed to be subject to DISH's day-to-day direction and control over the method and the means by which SSN carried out marketing activities.[6]

If there is an agency relationship, a principal is only liable for actions of the agent committed within the scope of the authority, and not for actions outside of the scope of the agent's authority.[7] In considering the scope of authority, you can consider whether an agent went beyond the limited authority given to it by the principal.[8] If you find that SSN was an agent of DISH, you must then determine if SSN was acting within the scope of the authority granted to

---

[4] *Bridgeview Health Care Ctr., Ltd. v. Clark*, No. 14-3728, 2016 WL 1085233, at *3 (7th Cir. Mar. 21, 2016); *Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, No. 1:03CV949, 2005 WL 1610653, at *8 (M.D.N.C. July 8, 2005); RESTATEMENT (THIRD) OF AGENCY § 2.01 (2006).
[5] *Bridgeview Health Care Ctr. Ltd. v. Clark*, No. 09 C 5601, 2013 WL 1154206, at *5 (N.D. Ill. Mar. 19, 2013) *aff'd*, No. 14-3728, 2016 WL 1085233 (7th Cir. Mar. 21, 2016).
[6] *Charvat v. EchoStar Satellite, LLC*, 676 F. Supp. 2d 668, 675 (S.D. Ohio 2009), *vacated on other grounds*, 535 Fed.Appx. 513 (6th Cir. 2013); *Keating v. Peterson's Nelnet, LLC,* No. 1:11CV1775, 2014 U.S. Dist. LEXIS 64920, at *15 (N.D. Ohio May 12, 2014); *Lushe v. Verengo Inc.*, No. CV 13-07632 AB R, 2014 WL 5794627, at *4 (C.D. Cal. Oct. 22, 2014).
[7] *First Tennessee Bank Nat. Ass'n v. St. Paul Fire & Marine Ins. Co.*, 501 F. App'x 255, 260-61 (4th Cir. 2012).
[8] *Bridgeview Health Care Ctr. Ltd. v. Clark*, No. 09 C 5601, 2014 WL 7717584, at *5 (N.D. Ill. Nov. 21, 2014), *aff'd*, No. 14-3728, 2016 WL 1085233 (7th Cir. Mar. 21, 2016).

it by DISH. If SSN was acting outside of the authority granted by DISH, then DISH cannot be liable for SSN's actions.

If you find that SSN was DISH's agent, you must also then consider whether SSN was acting adversely to DISH's interests. Where the conduct of the agent is adverse to the interests of the principal, or the agent has a motive in concealing its conduct from the principal, then the principal is not responsible for that conduct.[9]

If you find that SSN was not DISH's agent, or that SSN acted outside of the scope of its authority, or that SSN acted adversely to DISH's interests, then you must find in favor of DISH and will not need to consider any other issues.

**Issue 2: TCPA Requirements for Both Claims**

The second issue relates to the three elements that Thomas Krakauer must prove for both of his TCPA claims on behalf of himself and the NDNC and IDNC classes. In order to prove any of his TCPA claims, Thomas Krakauer must prove: (1) that every person on whose behalf he brings a claim was the "subscriber" to one of the telephone numbers that SSN called or the "actual recipient" of SSN's calls; (2) that the telephone numbers were residential lines at the time of the calls; and (3) that the calls that SSN made were solicitation calls for DISH goods or services.

**Subscriber or Actual Recipient.** In order to recover on a TCPA claim, a person must be the "subscriber" to the telephone number or the "actual recipient" of the calls at issue. A "subscriber" is the person who is assigned a particular telephone number that is called more than twice in a twelve (12) month period. An "actual recipient" is the person who physically

---

[9] *Commscope Credit Union v. Butler & Burke, LLP*, 764 S.E.2d 642, 649-50 (N.C. Ct. App. 2014) *review allowed*, 768 S.E.2d 560 (N.C. 2015) (citing *Sparks v. Union Trust Co. of Shelby*, 256 N.C. 478, 482 (N.C. 1962)).

5

answered the phone calls at issue, provided that the person was the actual recipient of more than two of the calls in a twelve (12) month period. Thomas Krakauer bears the burden of proving by a preponderance of the evidence that the individuals on whose behalf he has brought these TCPA claims are the subscribers to the telephone numbers or actual recipients of the calls at issue.

A person who is an "intended recipient" of a telephone call, that is the person SSN was intending to contact, is not a proper member of the class unless that person was the subscriber to the telephone number or actual recipient of the telephone calls. An intended recipient of a telephone call may, or may not, be the subscriber to the telephone number or actual recipient of the calls.[10]

**Residential Lines.** The TCPA distinguishes between residential wirelines (that is, "landlines"), business wirelines, and wireless (that is, cellular) telephone numbers. The TCPA provisions at issue in this lawsuit only apply to calls made to residential landline and wireless telephone numbers that are used primarily for residential purposes. Calls to telephone numbers used by businesses, government entities, or any other type of non-residential subscriber are not violations of the TCPA provisions at issue.

For every telephone call, Thomas Krakauer bears the burden of proving by a preponderance of the evidence that the telephone number was that of a residential landline or wireless subscriber used primarily for residential purposes.[11]

---

[10] Dkt. No. 111 at 13-14; *see also In Re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd 7961 ¶ 74 (July 10, 2015); *Cellco P'ship v. Plaza Resorts*, No. 12-81238, 2013 U.S. Dist. LEXIS 139337, *10-15 (S.D. Fla. Sept. 27, 2013).

[11] 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2), (d)(3); *In Re Tel. Consumer Prot. Act of 1991*, 70 FR 19330, 19331 (Apr. 13, 2005); 47 C.F.R. § 64.1200(c), (d)(3); *In Re Tel. Consumer Prot. Act of 1991*, 68 FR 44144, 44146-47 (July 25, 2003).

**Solicitations.**  The TCPA does not prohibit all telephone calls to telephone numbers on the national do-not-call registry or a company-specific IDNC list.  Rather, it only prohibits "telephone solicitations" to those numbers.  A telephone solicitation means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.  Informational calls, such as calls involving payment reminders, past due notifications, service appointments, or consumer surveys, are not solicitations.[12]

Thomas Krakauer bears the burden of proving by a preponderance of the evidence that all of the calls at issue were solicitation calls.

### Issue 3: The "National Do-Not-Call" Claim

The third issue is whether the calls that SSN made violated the National Do-Not-Call provisions of the TCPA.  This issue is only relevant to the calls for which Thomas Krakauer asserts national do-not-call claims, and he must prove this element in addition to the three elements outlined in Issue 2 in order to recover for the NDNC class.

For the national do-not-call claims, Thomas Krakauer bears the burden of proving by a preponderance of the evidence that he and every one of the NDNC class members had their telephone numbers registered on the national do-not-call registry for more than 30 days at the time that they each received more than one solicitation telephone call from SSN within a 12-month period, and that those calls were received between May 1, 2010, and August 1, 2011.[13]

### Issue 4: The "Internal Do-Not-Call" Claim

The fourth issue is whether the calls that SSN made violated the Internal Do-Not-Call list provisions of the TCPA.  This issue is only relevant to the calls that are subject to Thomas

---

[12] 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(14).
[13] 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

7

Krakauer's internal do-not-call list claims, and he must prove this element in addition to the three elements outlined in Issue 2 in order to recover for the IDNC class.

If a person or entity making a call for telemarketing purposes receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on its internal do-not-call list. This is also referred to as an IDNC request.

For the IDNC claims, Thomas Krakauer bears the burden of proving by a preponderance of the evidence that he and every one of the IDNC class members had requested not to receive solicitation calls from SSN, and after that time, they each received more than one solicitation telephone call from SSN within a 12-month period, and that those calls were received between May 1, 2010, and August 1, 2011.[14]

Persons or entities making calls for telemarketing purposes must honor a residential subscriber's IDNC request within thirty (30) days from the date of such request. Thus, the TCPA provides a 30-day safe harbor, or grace period, for complying with an individual's IDNC request, and there is no TCPA violation if the calls made were within 30 days of the IDNC request.[15]

Thomas Krakauer bears the burden of proving by a preponderance of the evidence that the calls that SSN made to him and to the IDNC class members occurred more than 30 days after each such individual requested to SSN that they did not want to receive those calls.

---

[14] 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d)(3).
[15] 47 C.F.R. § 64.1200(d)(3); *see, e.g.*, *Wagner v. CLC Resorts & Devs., Inc.*, 32 F. Supp. 3d 1193, 1198-98 (M.D. Fla. 2014); *Southwell v. Mortg. Inv'rs Corp. of Ohio*, No. C13-1289 MJP, 2013 U.S. Dist. LEXIS 164034, at *11 (W.D. Wash. Nov. 14, 2013); *Charvat v. NMP, LLC*, No. 2:09-cv-209, 2012 U.S. Dist. LEXIS 139505, at *13 (S.D. Ohio Sep. 27, 2012).

A person's IDNC request to a specific entity must be honored by that specific entity for five years. If an individual is called more than five years after making an IDNC request, he or she cannot establish a TCPA violation.

Thomas Krakauer bears the burden of proving by a preponderance of the evidence that the calls that SSN made to him and to the IDNC class members were made within five years of each such individual's IDNC request.[16]

**Issue 5: Established Business Relationship Defenses**

The fifth issue is whether DISH has proven that it is entitled to an Established Business Relationship defense.

Notwithstanding that a phone number may be on the national do-not-call registry or on a company-specific IDNC list, the TCPA allows solicitation calls in situations where a caller has an "established business relationship" with the person who is called. The term established business relationship, also referred to as "EBR," means an existing or prior relationship, and can be formed one of two ways. First, an EBR can be formed by a voluntary communication between a person or entity on the one hand, and a residential subscriber on the other, with or without an exchange of money, based on the subscriber's purchase or transaction with the entity within the 18 months immediately preceding the date of the telephone call. Second, an EBR can be formed on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call.[17] In this

---

[16] 47 C.F.R. § 64.1200(d)(6); *see also In re Tel. Consumer Prot. Act of 1991*, 68 FR 44144, ¶ 198 (July 25, 2003); *In re Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 9779, ¶ 15 (June 11, 2008). *See also* 47 C.F.R. § 64.1200(d)(6); *accord, e.g.*, *Stevens-Bratton v. TruGreen, Inc.*, No. 2:15-cv-2472, 2016 U.S. Dist. LEXIS 3365, at *2 (W.D. Tenn. Jan. 11, 2016); *In re Sprint Nextel Corp.*, 29 FCC Rcd 4759, 4762 (May 29, 2014), 3-29A TELECOMMUNICATIONS & CABLE REGULATION, § 29A.03 DO-NOT-CALL LISTS (2015).
[17] 47 U.S.C. § 227(a)(2); 47 U.S.C. § 64.1200(f)(5).

9

case, the "EBR" defense includes an established business relationship with DISH, as well as with SSN.

An entity is permitted to make solicitation calls to any person with whom it has an EBR even if that person's phone number might be on the national do-not-call registry.[18] In addition, an entity is permitted to make solicitation calls to a person with whom it has an EBR, even if that person's number might be on a company-specific IDNC list, so long as that EBR was created after the time that the person added his or her phone number to the company-specific IDNC list.

DISH has the burden of proving the existence of an EBR by a preponderance of the evidence.[19] For purposes of this case, the EBR may be with DISH or SSN at the time that SSN made a telephone solicitation.

**Issue 6: Damages**

The sixth issue is damages.

In the event that Thomas Krakauer proves his TCPA claims, the TCPA provides that a residential telephone subscriber or actual recipient may recover up to $500 in damages for each violation—that is, any amount between zero and $500. Damages for do-not-call violations under the TCPA can be determined based on factors such as the severity or minimal nature of the violation and whether there was any actual damage to the residential subscriber or actual recipient.[20]

---

[18] 47 U.S.C. § 64.1200(f)(14).
[19] 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5), (f)(14); *Gottlieb v. Carnival Corp.*, No. 04 CV 4202 ILG VP, 2011 WL 7046904, at *2-3 (E.D.N.Y. Feb. 1, 2011).
[20] 47 U.S.C. § 227(c)(5); *see also Charvat v. NMP, LLC*, No. 2:09-CV-209, 2012 WL 4482945, at *3, *4 (S.D. Ohio Sept. 27, 2012); *Adamcik v. Credit Control Servs., Inc.*, 832 F. Supp. 2d 744, 754 (W.D. Tex. 2011).

10

# EVIDENCE[21]

In reaching your verdict, you must consider only the evidence admitted in the case. The term "evidence" includes the sworn testimony of witnesses and the exhibits admitted. The evidence does not include any statement of counsel made during the trial, unless such statement was an admission or stipulation of fact. The opening statements and the closing arguments of counsel are designed to assist you. They are not evidence. A question to a witness is not evidence; rather, it is the witness's answer that constitutes evidence. Your own recollection and interpretation of the evidence is controlling. If I have excluded any evidence or directed you to disregard any evidence, you must not consider it.

Also, nothing that I have said is evidence. You should take what I say about the law and follow it, but you are the sole judges of the facts. The law, as indeed it should, requires the presiding judge to be impartial. You should not draw any inference from any ruling I have made, expression on my face, inflection in my voice or anything I have said or done that I have any opinion about the facts or the evidence. It is your exclusive province to find the facts in this case and to render a verdict reflecting the truth as you the jury find it.

In considering the evidence, you should apply your reason and common sense to the evidence. You may consider the direct evidence and circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that a fact has or has not been proved. In other words, it is appropriate for you to draw inferences from the evidence. The law makes no distinction between the weight you may give to either direct or circumstantial evidence. It requires only that you weigh all of the evidence.

---

[21] This section was adapted in part from Final Jury Instructions, *Honeycutt v. Rockingham*, No. 09-CV-912 (M.D.N.C.).

11

Case 1:14-cv-00333-CCE-JEP   Document 176-1   Filed 05/12/16   Page 11 of 19

Now, in saying that you must consider all the evidence, this does not mean that you must accept all the evidence as true or accurate. You should decide whether you believe each witness's testimony and how much importance to give to that testimony. In asking those decisions, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as someone who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

In evaluating credibility, you can also consider whether the witness has made inconsistent statements about the events at issue in the past. You might find that, under the circumstances, those inconsistent statements make the witness's in-court testimony less credible. If the witness has made prior consistent statements, then you can consider those as well on the side of credibility.

Another factor to consider as you evaluate credibility is whether the witness has an interest in the outcome of these proceedings. You are entitled to take that into account as you evaluate their testimony.

At an earlier time, the deposition of some of the parties and witnesses were taken under oath. If, in the deposition, the party or witness made contradictory statements or any statements

in conflict with the testimony here in Court, you may consider such conflicts and any explanations therefore in determining the credibility of the witness.

In this trial, some of the witnesses testified by deposition. These witnesses live outside the subpoena power of the Court and thus could not be compelled to come to North Carolina for the trial. Their testimony was taken under oath with both the parties present. You are to take their testimony just as if they were here physically in front of you. Sometimes folks move out of state, but you should not discount their testimony for that reason and you should not consider the deposition testimony differently than the other testimony you heard in Court. The law does not require any party to call as a witness every person who may have been present at any time or place involved in the case, or who may appear to have knowledge of the matters in issue at this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned in the evidence during this trial.

Testimony has been given in this case by experts—that is, by persons who are specially qualified by experience or training and possess knowledge on matters not common to people in general. The law permits such persons to give their opinions regarding such matters.

Before you may accept and rely on the opinion of an expert witness, you must be able to determine from the evidence that his or her opinion is supported by the proper application of the method the expert used, and supported by proper tests and sufficient data. Likewise, you should consider whether the expert's testimony was the result of a reliable method and whether it fit the facts as you find existed in this case. If you determine that the expert's opinion is not based on a reliable method or does not fit the facts in this case, then you may determine that the expert's conclusion or opinion is not reliable.

Experts have been called by each side to give their opinions. The experts disagree on various points. The testimony of experts should be considered like any other testimony, and is to be tried by the same tests, and should receive such weight and credit as you deem it entitled to when viewed in connection with all the other facts and circumstances. If two experts disagree on an issue, you may accept the testimony of one or neither.

After you decide whether you believe a witness, it is still up to you to decide how important the testimony of that witness is. You can make your findings based on the testimony of one witness, if you find that witness to be credible and if that witness's testimony establishes all the elements that must be proven. This is not a decision where you simply add up the number of witnesses on one side, and rule that way. You must evaluate the believability of the witness.

During the trial, various items were admitted into evidence as exhibits. I will send the paper exhibits back into the jury room with you. You may consider them along with the testimony of the witnesses. They are not more important just because they are in writing, and you should consider all of the evidence, not just the exhibits, in reaching your verdict.

Certain facts have been received into evidence by stipulation. That means that both sides have agreed to the existence of the fact to which they have stipulated. As I have told you, statements and arguments of counsel are not evidence in the case unless, however, they are made as an admission or stipulation of fact. When the attorneys on both sides stipulate or agree as to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence and regard that fact as proved.

The attorneys for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The attorneys have a duty to object whenever they

14

think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decisions must be based only on the evidence that you saw and heard here in Court.

Remember that you must make your decision based only on the evidence that you saw and heard here in Court. Do not try to gather any information about the case on your own while you are deliberating.

Do not conduct any experiments inside or outside the jury room. Do not bring any books, such as a dictionary, or anything else with you to help you with your deliberations. Do not conduct any independent research, reading, or investigation about the case. And do not visit any of the places that were mentioned during the trial.

Make your decision based only on the evidence that you saw and heard here in Court.

### CAUTIONS[22]

Your deliberations are to be based only on the evidence. You should not be swayed by pity, sympathy, partiality, or public opinion. You must not consider the effect of a verdict on the plaintiff or defendants, or concern yourself as to whether it pleases the Court. Both the plaintiff and the defendants expect that you will carefully and fairly consider all the evidence in the case, follow the law as give to you by the Court, and reach a just verdict, regardless of the consequences.

---

[22] This section was adapted in part from Final Jury Instructions, *Honeycutt v. Rockingham*, No. 09-CV-912 (M.D.N.C.).

Do not look anything up online or in dictionaries. If you have questions about the meanings of any of the words I have used in these instructions, ask me. Sometimes a word is used in its ordinary English meaning, but when I have defined a word or term for you, you should apply the definition I have given you. If it isn't clear or you need some further guidance, let me know rather than conducting independent investigation.

During this trial, I permitted you to take notes. Of course, you were not obligated to take notes. If you did not take notes, you should not be influenced by the notes of another juror, but should rely upon your own recollection of the evidence.

## DELIBERATIONS AND VERDICT[23]

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all six agree.

During your deliberations, you may not talk about the case with anyone other than your fellow jurors. Do not communicate about the case with anyone else, or conduct any independent investigation. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blogs, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. You must inform me if you become aware of another juror's violation of these instructions.

---

[23] This section was adapted in part from Final Jury Instructions, *Honeycutt v. Rockingham*, No. 09-CV-912 (M.D.N.C.).

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anyone known only by you and not your fellow jurors or the parties in this case. This would unfairly and adversely impact the judicial process.

When you go to the jury room, you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in Court.

You will have with you in the jury room certain interrogatories or questions. Please draw no inference from the manner in which I explain them to you.

The answer to each applicable interrogatory or question must represent the considered judgment of all the jurors. In order to return the answers to the applicable interrogatories or questions, all of you must read and follow the instructions on each interrogatory. The interrogatories or questions must be considered in the exact order in which they are numbered.

Nothing that the Court has said in these instructions and nothing in the manner in which the interrogatories or questions have been prepared or explained to you is intended to suggest or convey in any way a result the Court thinks you should reach.

The answers to the applicable interrogatories or questions are the exclusive duty and responsibility of the jury. I state to you categorically that the Court has no opinion as to the facts

of this case, the liability or legal responsibility of any party, or the appropriateness of any answers to interrogatories or questions that you might return.

Once you reach a unanimous agreement, you will have your foreperson fill in the verdict sheet in ink, sign and date it, and report to the Court Security Officer that you have a verdict. Do not hand the verdict to the Court Security Officer or tell anyone the verdict. We will have you return to the courtroom to deliver your verdict.

If you have any questions about the law or otherwise need to communicate with me at any time, please write down your message or question, have the foreperson write in the date and the time, sign it, and notify the Court Security Officer that you have a note. The Court Security Officer will call Ms. Sanders, who will collect the note and bring it to my attention. I will then talk to the parties and respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with regard to any message or question you might send, you should not tell me your numerical division at that time. For example, do not tell me that a certain number favor answering an issue Yes or No.

If, during your deliberations, you would like to examine any non-paper exhibits that you do not have in the jury room, your foreperson should send me a note asking for them. I will either bring you into the courtroom to examine the exhibits or in some circumstances I may send the exhibits back to the jury room.

You may take your notes with you, but you will remember that the notes of any one juror are not evidence and they are not more important than the memory of other jurors.

You should discuss the case only in the jury room and only when all six of you are present. If you would like to take a break, I will be glad to let you do that, but please send a note to the Court security officer and wait for my instruction before leaving the jury room.

Ladies and gentlemen of the jury, thank you for your patience, attentiveness, and continuing service. You will now retire to the jury room to select your foreperson. Shortly I will send back the Verdict Sheet and you may begin your deliberations on your verdict.