IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT
OF NORTH CAROLINA

| | | |
|---|---|---|
| THOMAS KRAKAUER, | ) ) | |
| Plaintiff, | ) ) | CASE NO. 1:14-CV-00333-CCE-JEP |
| v. | ) ) | |
| DISH NETWORK LLC, | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT DISH NETWORK L.L.C.'S BRIEF IN SUPPORT OF ITS LIMITED MOTION FOR RECONSIDERATION OF THE COURT'S ORDER REGARDING PLAINTIFF'S MOTION IN LIMINE NO. ONE**

DISH Network L.L.C. ("DISH") respectfully seeks reconsideration, pursuant to Fed. R. Civ. P. 54(b), of that portion of the Court's July 12, 2016 Opinion (the "Opinion" or "Op.") that precluded DISH from presenting any established business relationship ("EBR") evidence at trial.

A motion to reconsider under Rule 54(b) is appropriate when there has been clear error or manifest injustice. *Butler v. DirectSAT USA, L.L.C*, 307 F.R.D. 445, 449 (D. Md. 2015); *Al Shimari v. CACI Int'l, Inc.*, 933 F. Supp. 2d 793, 798 (E.D. Va. 2013). In this instance, DISH respectfully submits that the Court misapprehended certain facts critical to its decision, such that preclusion of DISH's EBR evidence would be manifestly unjust.

First, the Court based its decision with respect to DISH's EBR evidence on a misunderstanding that "the only document that DISH provided . . . was an

'incomprehensible' list of purported EBR customers with phone numbers redacted and obviously inaccurate dates." Op. at 12. In fact, DISH did not "redact[] the full phone numbers" in the EBR list[1] that it produced to Plaintiff in discovery. *See* Opinion at 3, 5, 12. The version that DISH produced to Plaintiff contained *no redactions* and included complete telephone numbers. The redacted list came about when DISH needed to publicly file the list in conjunction with opposing Plaintiff's motion for class certification, and DISH sought leave to file the produced version of the EBR list under seal in order to safeguard customer information. The Court granted the motion to file the full unredacted EBR list under seal on the docket in this case:

> Defendant Dish Network moves to file Exhibit 16 of its Opposition to Plaintiff's Motion for Class Certification under seal. Specifically, the Motion to Seal relates to a list of Dish Network's customers, listed by account number and telephone number. The Exhibit has been publicly filed with the customers' telephone numbers partially redacted [Doc. #56-16]. ***The document has been filed under seal in its unredacted form, with the full telephone numbers listed*** [Doc. #90].

(Doc. 130, Order at 1) (emphasis added.)

The document filed "in its unredacted form, with the full telephone numbers listed," is the version of the EBR list that DISH produced to Plaintiff during discovery, which DISH's counsel also explained at the June 30, 2015 hearing on class certification. *See* Declaration of Benjamen E. Kern ("Kern Decl."), Ex. A (June 30, 2015 Tr. (Class Certification Hearing) at 94:17-24).

---

[1] Unless otherwise stated, defined terms have the same meaning as used in the Court's Order Regarding Plaintiff's Motion *in Limine*. *See* Doc. 209.

To illustrate the difference, the below excerpt is from the redacted exhibit filed with the Court:

| PRIMARY_PHONE_NUMBER | SECONDARY_PHONE_NUMBER |
|---|---|
| 8472 | 6712 |
| 4079 | 3057 |
| 6472 | 2365 |

*See* Doc. 56-16 at 2. In comparison, below is the produced version of DISH's EBR list for those same telephone numbers:

| PRIMARY_PHONE_NUMBER | SECONDARY_PHONE_NUMBER |
|---|---|
| 3608938472 | 2533106712 |
| 3072764079 | 3072763057 |
| 9209286472 | 9206502365 |

These complete telephone numbers are readily understandable, and can be compared by a layperson (or an expert) to the telephone numbers that Plaintiff contends SSN dialed in violation of the TCPA. In fact, as DISH's counsel explained at the class certification hearing, DISH demonstrated how the numbers may be matched in an exhibit filed with its Response to Plaintiff's Motion for Class Certification. *See* Kern Decl., Ex. A (June 30, 2015 Tr. (Class Certification Hearing) at 95:8-25); Doc. 56-17.

DISH's list contains thousands of entries with plainly accurate dates. Two date values that appear in the EBR list ("1/1/1900" and "1/1/0001") seem inaccurate without further explanation, but those dates do not apply to the entirety of the list and do not render the complete list "incomprehensible." Those dates only apply to a subset of 6,915 entries on the list. There are 10,540 entries on the EBR list that are understandable on their face, with clear activation and disconnect dates, as displayed below.

| ACTIVATION_DATE | DISCONNECT_DATE | SERVICE_CITY |
|---|---|---|
| 6/19/2007 | 4/15/2009 | EMERALD |
| 8/29/2006 | 10/22/2012 | RICE LAKE |
| 9/12/2009 | 2/28/2013 | GIG HARBOR |

Furthermore, DISH previously defined the meaning of the date "1/1/1900" for Plaintiff. Specifically, in Exhibit 17 to its Response to Plaintiff's Motion for Class Certification, DISH provided an explanation of the date, stating "[t]his date means the customer is an active DISH customer." Doc. 56, Ex. 17 n.3. As a result, any evidence to be presented at trial on the meaning of this date should be of no surprise to Plaintiff. Not only did DISH include that information in Exhibit 17 to its Response to Plaintiff's Motion for Class Certification, but DISH's counsel reiterated the information on the record at the hearing on class certification, pointing Plaintiff to where it could be found. *See* Kern Decl., Ex. A (June 30, 2015 Tr. (Class Certification Hearing) at 61:9-14). At the very least, DISH should be permitted to use at trial those portions of its EBR list that contain readily understandable dates and/or dates that have previously been clarified to Plaintiff.

Second, the Court was under the misimpression that the Rule 30(b)(6) witness that DISH designated to testify about EBR evidence "was unable to answer questions generally about EBR *or to interpret the list provided in discovery*." *See* Opinion at 16 (emphasis added). In fact, notwithstanding that DISH's EBR list had already been produced, Plaintiff's counsel did not ask the witness any questions about that list at the deposition. Most significantly, Plaintiff did not ask for an explanation of the two date values that require explanation. Indeed, Plaintiff did not even mark the EBR list as an

4

exhibit at the deposition. *See* Kern Decl., Ex. B (Werner March 2015 Tr. at 3:6-6:22 (listing the exhibits used at the deposition)). Mr. Werner was fully prepared to testify with respect to the EBR list, including that a disconnection date of "1/1/1900" indicates that an individual is a current customer, and an activation date of "1/1/0001" indicates that the individual applied for or inquired about a DISH subscription. *See* Kern Decl. at ¶ 8. In any event, Plaintiff now has all of that information. *See* Doc. 56, Ex. 17 n.3 (explaining the "1/1/1900" date); Doc. 194 at 3-4 (explaining both dates).

Instead of asking the witness about DISH's knowledge of such factual topics, which DISH reasonably expected to be the area of inquiry, Plaintiff's counsel presented the witness with Plaintiff's expert report and asked the witness to respond to the report, line by line, with respect to the affirmative defense of consent. Kern Decl., Ex. B (Werner March 2015 Dep. Tr. at 112:17-113:4). The witness understandably declined to do so, and no witness could reasonably be prepared to engage in such a task. The report that Mr. Werner was asked to analyze in real time contained over 500 pages and a list of over 24,000 telephone numbers, all constituting expert work product. Otherwise, Plaintiff's counsel asked the witness an overly broad and vague question on EBR that was inappropriately directed to a non-lawyer, which was to state "all facts" supporting DISH's EBR affirmative defense. Again, no fact witness should reasonably be expected to engage in such advocacy, as opposed to answering questions as to factual information within DISH's knowledge. Given the lines of inquiry, DISH's counsel appropriately objected that a factual witness was not the appropriate means for exchanging such information.

5

Third, DISH respectfully submits that the Court erred in finding that DISH failed to "timely supplement its discovery disclosures," Opinion at 17, namely, its "responses to Dr. Krakauer's discovery requests to indicate that it had a witness who could testify about [EBR data] at trial." *Id.* at 12. The Court's order on class certification had already granted DISH leave to present a witness at trial to explain the dates in its EBR list, and did not require that DISH move to re-open discovery or supplement its witness disclosures in order to do so:

> Dish can prove this defense by, for example, offering a comprehensible customer list along with testimony about the list and which calls were to Dish customers; the factfinder could then determine whether those individuals as a group are not entitled to recover because of an EBR. To the extent there are a few situations where individual inquiry into the dates during which Dish is entitled to the EBR defense may be needed or where the parties dispute these dates, these issues appear to be easily manageable.

Doc. 111 at 27-28. DISH reasonably relied on this Order—which was issued after discovery had closed—as leave to present testimony about its EBR list through a witness at trial. *See* Kern Decl. at ¶ 9. Moreover, as discussed above, DISH already had proffered a 30(b)(6) witness in discovery who was prepared to answer questions on DISH's EBR list, and would present this testimony at trial through one or more witnesses whom it previously disclosed during discovery—either Bruce Werner or Joey Montano. Under these circumstances, DISH was substantially justified in believing that no further action was required to present testimony explaining its EBR list at trial, including the aforementioned explanation of the two dates that might appear incorrect.

6

Finally, the Court's decision precluding DISH from presenting any EBR evidence at trial is manifestly unjust.  DISH produced evidence in support of its EBR defense during discovery in unredacted form that contained fields that were either self-explanatory or were explained long before the actual commencement of any trial in this case.  DISH's EBR defense applies to thousands of telephone calls that Plaintiff claims violate the TCPA, and constitutes a complete defense to those calls.  DISH's potential exposure for each of these telephone calls may reach as high as $1,500.  This decision could unfairly subject DISH to millions of dollars in liability for telephone calls that were lawfully made.

There is no genuine prejudice to Plaintiff.  To the extent that Plaintiff wants to ask additional questions about DISH's EBR defense, DISH is willing to produce a company representative for deposition.  There is no prejudice from re-opening discovery on EBR now because there is ample time available with no trial date scheduled.

For all of the foregoing reasons, DISH respectfully requests that the Court reconsider that portion of its Opinion precluding DISH from using any EBR evidence at trial, and allow DISH's EBR list to be presented.

Dated:  July 21, 2016

Respectfully submitted,

By: /s/ Peter A. Bicks
Peter A. Bicks
Elyse D. Echtman
John L. Ewald
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street

7

New York, New York 10019
Telephone: (212) 506-5000
pbicks@orrick.com
eechtman@orrick.com
jewald@orrick.com

/s/ Eric Larson Zalud
Eric Larson Zalud
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
Telephone: (216) 363-4588
ezalud@beneschlaw.com

/s/ Richard J. Keshian
North Carolina Bar No. 10681
Kilpatrick, Townsend & Stockton, LLP.
1001 West 4th Street
Winston-Salem, NC 27101
Telephone: (336) 607-7322
rkeshian@kilpatricktownsend.com

*Attorneys for Defendant DISH Network L.L.C.*

## **CERTIFICATE OF SERVICE**

 I hereby certify that on July 21, 2016, I electronically filed the above document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

            By: /s/ Peter A. Bicks

            Peter A. Bicks
            ORRICK HERRINGTON & SUTCLIFFE LLP
            51 West 52nd Street
            New York, New York 10019
            Telephone: (212) 506-5000
            pbicks@orrick.com

            *Attorney for Defendant DISH Network L.L.C.*