IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THOMAS H. KRAKAUER, )
)
        Plaintiff, )
)
    v. ) 1:14-CV-333
)
DISH NETWORK L.L.C., )
)
        Defendant. )

**ORDER**

This matter is before the Court on defendant Dish Network L.L.C.'s motion to dismiss, or, in the alternative, decertify the NDNC and IDNC classes based on *Spokeo, Inc. v. Robins* and insufficient class notice. (Doc. 196). Dr. Krakauer's allegations show a concrete injury to him and to each class member, and the class notice was generally effective. The motion will be denied.

**I.    Concrete injury**

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016); *see generally* U.S. Const. art. III, § 2. To satisfy the doctrine of standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or

imminent, not conjectural or hypothetical.'" *Id.* at 1548 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

In *Spokeo*, the Supreme Court re-affirmed the requirement that an injury must be "concrete." 136 S. Ct. at 1548. That case involved a class action under the Fair Credit Reporting Act where the defendant had moved to dismiss for lack of jurisdiction. *Id.* at 1546. In the Ninth Circuit's decision denying the motion, the court found that the injury was concrete because the plaintiff alleged that "Spokeo violated *his* statutory rights, not just the statutory rights of other people," and that the plaintiff's "personal interests in the handling of his credit information are *individualized rather than collective*." *Id.* at 1548 (emphasis added in Supreme Court opinion). The Supreme Court held that this analysis failed to address concreteness and that the Ninth Circuit's analysis was therefore "incomplete." *Id.* at 1548, 1550. In particular, the Court held that a "bare procedural violation [of a statute], divorced from any concrete harm," is not sufficiently concrete. *Id.* at 1549. The Supreme Court vacated the Ninth Circuit decision and remanded but took no position on the ultimate outcome of the standing analysis. *Id.* at 1550.

*Spokeo* clarified the meaning of a concrete injury, but it did not fundamentally change the doctrine of standing or jurisdiction. *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 WL 3645195, at *2 (N.D.W. Va. June 30, 2016) ("*Spokeo* appears to have broken no new ground."). A concrete injury must "actually exist," but it can be intangible. *Spokeo*, 136 S. Ct. at 1548-49. Concrete injuries include injuries whose "harms may be difficult to prove or measure," such as libel, and include injuries where there is a "*risk* of real harm." *Id.* at 1549 (emphasis added).

Dish now alleges that neither Dr. Krakauer nor any class member has alleged a concrete injury and that the suit should be dismissed for lack of subject matter jurisdiction. (Doc. 197 at 7). Dish alternately contends that the class should be decertified for the same reason. (*Id.* at 10). The concreteness requirement of constitutional standing has not previously been raised by Dish or discussed by the Court.[1]

Telemarketing calls made in violation of the Telephone Consumer Protection Act ("TCPA") are more than bare procedural violations; here, Satellite Systems Network, Dish's alleged agent, actually called the class members' numbers. These calls form concrete injuries because unwanted telemarketing calls are a disruptive and annoying invasion of privacy. *See* 137 Cong. Rec. 30,821 (1991) ("They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall."); *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 376-77 (4th Cir. 2013) (recognizing that the TCPA "protects residential privacy" by allowing recipients to stop future calls); *see also Nat'l Fed'n of the Blind v. F.T.C.*, 420 F.3d 331, 342 (4th Cir. 2005) (acknowledging that the Telemarketing Sales Rule's do-not-call provision allows consumers to stop call that might "disturb their peace").

---

[1] Dish contends that this Court previously addressed standing and made the same mistake as the Ninth Circuit in *Spokeo*. (Doc. 197 at 2). However, this Court's analysis—and Dish's objection—concerned *statutory* standing, not constitutional standing. (Doc. 111 at 13; Doc. 56 at 15). The two doctrines are separate. *See CGM, LLC v. BellSouth Telecomms., Inc.*, 664 F.3d 46, 52 (4th Cir. 2011).

3

While class members did not necessarily pick up or hear ringing every call at issue in this case, each call created, at a minimum, a *risk* of an invasion of a class member's privacy. *Spokeo* clarified that a "risk of real harm" was enough to show concrete injury. 136 S. Ct. at 1549. Therefore, each call made to a class member on a do-not-call list formed a concrete injury by creating a material risk of an injury to privacy.

Post-*Spokeo* cases have consistently concluded that calls that violate the TCPA establish concrete injuries. *See Booth v. Appstack, Inc.*, No. C13-1533JLR, 2016 WL 3030256, at *5 (W.D. Wash. May 25, 2016) (finding that the injury caused by robocalls that violate the TCPA is "sufficiently concrete"); *Mey*, 2016 WL 3645195, at *3 (finding that "unwanted phone calls cause concrete harm"); *Rogers v. Capital One Bank (USA), N.A.*, No. 1:15-CV-4016, 2016 WL 3162592, at *2 (N.D. Ga. June 7, 2016) (finding that calls to cell phone numbers in violation of the TCPA establish concrete injuries). Some of these cases involved robocalls made with a pre-recorded voice message instead of, as is the case here, calls made by a live person; however, from the recipient's point of view, the injury caused is nearly identical.

Because Dr. Krakauer made allegations sufficient to show that he and all class members have suffered a concrete injury to their privacy, the Court will not dismiss the suit or decertify the class based on a lack of concrete injury.

## II. Class notice

Separately, Dish moves for decertification of the class based on the results of the class notice process. Dish contends that, because Dr. Krakauer has been unable to locate some of the class members, the classes are not ascertainable. (Doc. 197 at 14).

4

Dish cites no cases where a class was decertified based on a failure to contact a certain threshold percentage of class members. Instead, Dish cites two cases where a court determined that locating class members had become unmanageable.

In *Thomas v. Baca*, the district court decertified a class when it became clear that the class of inmates in the Los Angeles County jails was "unmanageable" because of the existence of highly individualized questions with no feasible way to identify or notify class members. No. CV 04-08448, 2012 WL 994090, at *3 (C.D. Cal. Mar. 22, 2012). In *Pierce v. County of Orange*, the Ninth Circuit affirmed the decertification of a class of Orange County jail pre-trial detainees because of "expected difficulties identifying class members and determining appropriate damages," given that the only records of detainees were "incomplete." 526 F.3d 1190, 1200 (9th Cir. 2008).

Neither of these cases supports decertification. Dr. Krakauer has successfully contacted approximately seventy-five percent of the class members, (Doc. 206-1 at ¶ 12), which exceeds the representations he made when seeking approval of the class notice plan. (*See* Doc. 153 at 2 (proposing a plan to reach "at least . . . seventy percent" of the class)). By itself, this level of notice does not make the process of notice or classwide resolution of claims unmanageable.

5

It is **ORDERED** that the defendant Dish Network L.L.C.'s motion to dismiss or in the alternative to decertify the classes, (Doc. 196), is **DENIED**.

This the 5th day of August, 2016.

_____
UNITED STATES DISTRICT JUDGE