IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THOMAS H. KRAKAUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14-CV-333 |
| | ) | |
| DISH NETWORK L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

On August 5, 2016, the Court entered an order denying a motion filed by the defendant DISH Network to dismiss or, in the alternative, to decertify the classes. (Doc. 218). Before the Court is the defendant's motion to certify the Court's August 5 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Doc. 226).

"The immediate appeal of a certified question is an extraordinary remedy" that is "not to be granted lightly." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438 (table), 1989 WL 42583, at *2 (4th Cir. Apr. 26, 1989) (per curiam). Rather, it is reserved for "exceptional circumstances [that] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Id.* (quotation marks omitted)*; see Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996) (discussing the legislative history and purpose of § 1292(b)).

To certify an order for interlocutory appeal, the district court must "be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order

may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). If any requirement is not satisfied, certification is inappropriate. *In re Charlotte Commercial Grp., Inc.*, 1:02CV343, 2003 WL 1790882, at *2 (M.D.N.C. Mar. 13, 2003).

Further, even if all requirements are satisfied, "the district court has unfettered discretion to decline to certify an interlocutory appeal if exceptional circumstances are absent." *Manion v. Spectrum Healthcare Res.*, 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013) (quotation marks and citation omitted). "The mere fact that [resolution of an issue] at this time *may* save pre-trial and trial effort and expense is not determinative; that of course can be said of any interlocutory appeal." *Fannin*, 1989 WL 42583, at *5. The party seeking certification bears the burden of persuading the court that exceptional circumstances exist. *Id.* at *2. Because "piecemeal appeals" are generally prohibited, *see Koehler*, 101 F.3d at 865, the Fourth Circuit has cautioned that Section 1292(b) "should be used sparingly and thus . . . its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989).

The Court finds and concludes in its discretion that there are no exceptional circumstances present here and there is no need for the plaintiff to respond to the motion. Therefore, it is **ORDERED** that the defendant's motion to certify the Court's August 5 order for interlocutory appeal, (Doc. 226), is **DENIED**.

This the 2nd day of September, 2016.

UNITED STATES DISTRICT JUDGE