IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THOMAS H. KRAKAUER, )
)
      Plaintiff, )
)
v. ) 1:14-CV-333
)
DISH NETWORK L.L.C., )
)
      Defendant. )

## **ORDER**

In a previous order, the Court granted Dr. Thomas Krakauer's motion in limine to exclude all of Dish Network L.L.C.'s evidence in support of its established business relationship ("EBR") defense. (Doc. 209 at 17). The Court primarily based its decision on a finding that Dish had "failed to provide and facilitate discovery of the evidence" supporting the defense. (*Id.* at 15-16). Dish has asked the Court to reconsider. (Doc. 213). Because the Court misunderstood two facts relevant to the issue, reconsideration is appropriate and the motion will be granted.

During discovery, Dish disclosed a list that it contended was the list of customers with whom it had an EBR. (Doc. 214-1 at ¶ 4). Dish designated Bruce Werner as the witness whom Dr. Krakauer could depose about evidence of Dish's EBR defense, among other topics. (*See* Doc. 183-3 at p. 5 ¶ 9; Doc. 229-1 at p. 5, 9:6-:14). When the Court ruled on the motion in limine, it had the impression that Mr. Werner had been asked, but was unable to answer, questions about Dish's disclosed EBR list. (*See* Doc. 209 at 4, 16). This was incorrect.

At Mr. Werner's deposition in March 2015, Dr. Krakauer's counsel did not ask any questions about the EBR list that Dish had previously produced. (Doc. 214-1 at ¶ 5). Rather, Dr. Krakauer's counsel asked an EBR question while referring to a document produced by the plaintiff's expert. (Doc. 229-1 at p. 31, 112:12-113:4).[1]

Less importantly but equally mistakenly, the Court was under the impression that Dish had provided only a redacted copy of the EBR list. (*See* Doc. 209 at 3, 12). In fact, Dish had provided an unredacted copy to Dr. Krakauer during discovery, before Mr. Werner's deposition. (Doc. 214-1 at ¶ 4). The unredacted copy had also been filed under seal and was available to the Court and the plaintiff. (Doc. 90).

In view of these misunderstandings by the Court, the Court will grant the motion to reconsider as to the ruling on the EBR evidence. An amended order will be entered shortly that corrects the Court's factual mistakes and analyzes the issue in light of those corrected facts.

To the extent Dish seeks reconsideration based on its argument that the Court's September 2015 order certifying the class "granted DISH leave" to present EBR evidence at trial without reopening discovery, (Doc. 214 at 6 (citing Doc. 111 at 27-28)), the Court rejects this argument as missing the point. Dish made a similar contention in its original opposition to the plaintiff's motions in limine, (*see* Doc. 194 at 4), and it has not improved with repetition.

---

[1] Dr. Krakauer's counsel asked a few other questions relevant to EBR but not related specifically to the EBR list. (*See generally* Doc. 229-1 at pp. 21, 25-27, 30-31).

While the statements in the Court's class certification order forecast what Dish might do at trial, (Doc. 111 at 27-28), the Court had no way of knowing in September 2015 that Dish had not identified all of its EBR witnesses, disclosed all of its EBR documents, or designated experts on EBR. It may not have been surprising that Dish would need to re-evaluate its witness disclosures and evidence after the Court's class certification order, but that decision did not authorize Dish to create new documents requiring testimony from witnesses whose knowledge of the EBR defense had not been disclosed to the plaintiff, all without timely advising the plaintiff of the new evidence and new witnesses.

The Court's class certification order did not implicitly permit Dish to ignore its ongoing duty to update the disclosures required under Rule 26(a)(1) or its responses to the plaintiff's discovery requests, or to otherwise ambush the Court and the plaintiff a few weeks before trial with new evidence and new witnesses. *See*, *e.g.*, Fed. R. Civ. P. 26(e) (requiring supplemental disclosures). Had Dish timely updated its disclosures and discovery responses within a reasonable period after the class certification order, this matter would be in a different posture.

It is **ORDERED** that the defendant Dish's motion for reconsideration, (Doc. 213), is **GRANTED**.

This the 19th day of September, 2016.

_____
UNITED STATES DISTRICT JUDGE