# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

**THOMAS H. KRAKAUER,**
on behalf of a class of persons,

    **Plaintiff,**

                                                    Civil Action No. 1:14-cv-00333-CCE-JEP

v.

**DISH NETWORK, L.L.C.,**

    **Defendant.**

## THE PARTIES' REVISED JOINT SUBMISSION

The parties submit this Revised Joint Submission in response to the Court's September 8, 2016 Minute Entry, which directed the parties to submit a joint submission limited to the verdict sheet and category descriptions.

This joint submission and the compromise positions set forth within it are without prejudice to and without waiver of any claim of error or any position that the parties have taken in previous filings.

## I.    THOMAS H. KRAKAUER'S PROPOSED VERDICT SHEET[1]

Plaintiff respectfully submits this short memorandum to explain the major differences – as well as the similarities, reached through extensive discussions with opposing counsel – between his proposed verdict sheet, and Dish's. Several of these differences have been addressed in prior submissions, and will not be repeated here.

In an effort to compromise, Plaintiff agrees to the language and sequencing of Dish's proposed Question 1. Plaintiff's Question 1 and Dish's are identical.

---

[1] Thomas H. Krakauer's Third Revised Proposed Verdict Sheet is attached as Exhibit A.

Plaintiff objects to Dish's Question 2 because it is unnecessary, duplicative, and misapprehends the "adverse interest" doctrine. (*See* Pl.'s Response to Dish's Objections to Pl.'s Proposed Jury Instructions, ECF No. 215, at 9-10.)

Plaintiff's Question 2 accurately states the elements of a National Do Not Call Claim under 47 U.S.C. § 227(c).

Regarding Dish's Questions 3 and 4, Plaintiff objects to Dish's "actual recipient or subscriber" language. This class trial focuses on whether SSN made the calls at issue; whether it called numbers on the NDNC or an IDNC list at least twice during a 12-month period; and whether Dish is liable for the calls under agency principles. (*See* Mem. Op. & Order Granting Pl.'s Mot. Class Cert., ECF No. 111, at 30.) Questions about who should receive any class recovery should be addressed through a post-trial claims process, subject to challenge by Dish, where persons can identify themselves as the subscribers to the numbers in question. (*See* Pl.'s Reply Mem. in Supp. of Mot. Class Cert., ECF No. 75, at 3-4 (citing *Byrd v. Aaron's, Inc.,* 784 F.3d 154, 170-171 (3rd Cir. 2015) ("There will always be some level of inquiry required to verify that a person is a member of a class[.] Such a process of identification does not require a 'mini-trial,' nor does it amount to 'individualized fact finding,' and indeed must be done in most successful class actions.")).

Dish's categorical challenges to Plaintiff's class proof are addressed in Dish's verdict sheet as Questions 5(a)-(f), and in Plaintiff's Questions 4(a)-(e). The parties have agreed on the following questions:

- Plaintiff's 4(a), which is identical to Dish's 5(b);
- Plaintiff's 4(c), which is identical to Dish's 5(d);

- Plaintiff's 4(d), which is identical to Dish's 5(e); and
- Plaintiff's 4(e), which is identical to Dish's 5(f).[2]

Plaintiff objects to Dish's Question 5(a), which asks whether certain telephone numbers are cellular or possibly cellular. The cellular status of a telephone is not relevant to whether a telephone number is residential and therefore appropriately on the NDNC list.

Plaintiff also objects to Dish's Question 5(c) ("telephone numbers that LexisNexis identifies as residential but not in the May 2010 to August 2011 time period that the calls were made"). As phrased, Dish's formulation of the question suggests that the calls were not residential during the class period, when in fact Dish's challenge is narrower. Dish's challenge addressed in this question was raised in its Exhibit 31A, which Dish described as "LexisNexis records (designated as residential by LexisNexis) where all LexisNexis records are before May 2010 and/or after August 2011." In Plaintiff's Question 4(b), Plaintiff proposes the following formulation: "Telephone numbers that LexisNexis identifies as residential before May 1, 2010 or after August 1, 2011." This language tracks the evidentiary challenge accurately, and without suggesting that the LexisNexis records do not identify the affected numbers as residential.

Also regarding Dish's Questions 5(a) through (f), Plaintiff does not agree to Dish's proposed parenthetical listing of the number of affected calls and telephone numbers. Because of the overlapping nature of Dish's categorical challenges, listing the number of affected calls and phone numbers is an impossible task. For example, if the

---

[2] Plaintiff's 4(e) and Dish's 5(f) were drafted in response to the Court's questions at the recent pretrial hearing regarding the need to allow the jury to find that certain calls *not* challenged through Dish's categorical challenges in fact do amount to TCPA violations.

3

jury accepts Dish's challenges in its Questions 5(a) and 5(b), *some* telephone numbers challenged in those categories also are implicated in others, making the call counts stated on the verdict form inaccurate. Dish's challenges create a cascading effect, with each challenge, if accepted, impacting the number of affected calls and telephone numbers implicated in other challenges.

Plaintiff does not believe the number of calls or telephone numbers should be on the verdict sheet. Plaintiff will introduce evidence of the number of calls and telephone numbers, and there is no need to re-state that evidence on the verdict sheet, and no need to force the jury to engage in mathematical computations.

Plaintiff objects to Dish's Question 6 because while name and address information for class members may be relevant for purposes of providing class notice, it is not relevant to the central liability questions outlined above.

Plaintiff submits that the remaining differences have been addressed in prior submissions.

## II. DISH NETWORK L.L.C.'S PROPOSED VERDICT SHEET[3]

### 1. Agency

DISH appreciates Plaintiff's compromise in agreeing to DISH's first question on the verdict sheet on the agency issue. However, DISH's second question on agency also must be posed to the jury. If the jury were to find that SSN was DISH's agent, then it would need to determine whether SSN acted outside the scope of actual authority or adversely to DISH's interests. A principal is not liable for the actions of an agent if the

---

[3] DISH's Third Revised Proposed Verdict Sheet is attached as Exhibit B.

4

agent has exceeded its authority or acted adversely to the principal's interests. This second question on DISH's proposed verdict sheet is not subsumed within the first agency question and becomes relevant only after a threshold determination of agency is made. *See* Doc. 165-1 at 6; Doc. 228-4 at 6-7.

### 2. The Class TCPA Claims

DISH's proposed Question 3 sets forth all of the essential elements of a do-not-call claim under the TCPA, and streamlines the verdict sheet to combine the common elements for the NDNC and IDNC claims. Plaintiff's proposed Questions 2 and 3 do not accurately set forth those essential elements. *See* Doc. 228 at 14-16; Doc. 228-4 at 6-10.

Plaintiff objects to having the jury decide whether the class members are actual recipients of the telephone calls at issue or the subscribers to the telephone numbers called. However, Plaintiff concedes that it is part of his burden of proof. The Court should reject Plaintiff's proposal to have this TCPA element decided by a claims administrator in post-trial proceedings instead of by the jury hearing this case. There is no justification for relieving Plaintiff of his burden at trial on this one issue. Like the other elements that Plaintiff has to establish, he has offered classwide expert proof of class member identities. That proof should be presented to the jury, not a claims administrator. In attempting to skirt that burden, Plaintiff appears to be arguing that telephone numbers, as opposed to people, can assert TCPA claims. That is erroneous. Only people can recover on TCPA claims. Doc. 165-1 at 11; Doc. 228-4 at 6-7. Telephone numbers are not always associated with people. They can be disconnected or abandoned. *See* 9/8/2016 Tr. at 35:21-38:3.

In addition, Plaintiff's proposed verdict sheet fails to allow for the possibility that the jury might find in favor of the named Plaintiff and against all absent class members. DISH's proposed verdict sheet fairly accounts for such an outcome with Question 4.

### 3. Categorical Challenges

The parties have agreed that the categorical challenges should be presented within the body of the verdict sheet as opposed to on a separate page of interrogatories. The parties have also reached agreement on language for certain of the residential challenge categories, including DISH's Questions 5(b) [Plaintiff's 4(a)], 5(d) [Plaintiff's 4(c)], and 5(e) [Plaintiff's 4(d)]. However, Plaintiff's proposed verdict sheet omits many of DISH's categorical challenges that should be included on the verdict sheet, including the challenges to (i) cell phone calls (DISH's Question 5(a)); (ii) identification of class members (DISH's Question 6) and (iii) the IDNC claims (DISH's Question 7). Plaintiff previously represented to the Court that he had no objection to these categorical challenges (9/8/2016 Tr. at 6:25-7:4; *id.* at 54:13-19), and the parties agreed that DISH may continue to add defensive challenges, as needed. *See* Doc. 228 at 13 (Plaintiff agreed "that DISH is not necessarily limited to defensive challenges reflected in Exhibit 31 categories and DISH may add defensive challenges.") These are all proper categorical challenges that the jury should consider. For example, there is no basis to presume that cell phone numbers are used primarily for residential purposes (*see* Doc. 194 at 13; Doc. 165-2 at 22; Doc. 228-4 at 7), yet Plaintiff seeks to prevent DISH from challenging such numbers through the use of DISH's Question 5(a).

6

DISH added Questions 5(f) and 6(c) to the categorical challenge section to attempt to accommodate the Court's concern that the verdict sheet should reflect the jury's affirmative findings, in addition to the proffered categorical exclusions. Those questions attempt to address the calls that are not within DISH's categorical challenges (notwithstanding that DISH challenges all of Plaintiff's expert's opinions as unreliable).

In addition, with reservation of all rights to assert individualized challenges to Plaintiff's class proof at trial as well as to contest the certification of this case as a class action, DISH removed the former catch-all Question No. 8 from its last proposed verdict sheet on additional individualized call challenges.

**4.      Damages.**

In a further effort at compromise, DISH has agreed not to ask the jury to calculate the number of TCPA violations, recognizing that it would be difficult for the jury to do so. Instead, the parties will stipulate as to the count of telephone numbers and telephone calls in each challenged category, and will apply that stipulation to calculate the number of violations, if any, found by the jury. The jury should nonetheless have an understanding of the range of violations at issue in the categorical challenges, and should be provided with the stipulated counts of telephone numbers and telephone calls in each category on the verdict sheet. This way, the jury will be able to estimate the number of violations that it might find. By seeking to omit those counts from the verdict sheet, Plaintiff appears to seek to obscure those numbers.

Finally, DISH believes that the jury should be presented with the choice of assessing damages per telephone call violation or on an aggregate basis, depending upon

7

the jury's preference, as set forth in DISH's Question 9. In either event, the Court can ensure that a damages award does not exceed $500 per call.

Respectfully submitted,

Dated: October 17, 2016

*/s/ John W. Barrett*
John W. Barrett
Brian A. Glasser
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
bglasser@baileyglasser.com

*/s/ J. Matthew Norris*
J. Matthew Norris
Norris Law Firm, PLLC
1033 Bullard Court, Suite 207
Raleigh, NC 27615
(919) 981-4775
(919) 926-1676 *facsimile*
jmn@ncconsumerlaw.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave., Third Floor
Natick, MA 01760
(508) 655-1415
Telephone: (508) 655-1415
mmcue@massattorneys.net

Edward A. Broderick
Anthony Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110
Telephone: (617) 738-7089
ted@broderick-law.com

*Counsel for Plaintiff Thomas H. Krakauer*

/s/ Peter A. Bicks
Peter A. Bicks
Elyse D. Echtman
John L. Ewald
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
pbicks@orrick.com
eechtman@orrick.com
jewald@orrick.com

/s/ Eric Larson Zalud
Eric Larson Zalud
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
Telephone: (216) 363-4588
ezalud@beneschlaw.com

/s/ Richard J. Keshian
North Carolina Bar No. 10681
Kilpatrick, Townsend & Stockton, LLP.
1001 West 4th Street
Winston-Salem, NC 27101
Telephone: (336) 607-7322
rkeshian@kilpatricktownsend.com

*Counsel for Defendant DISH Network L.L.C.*

## CERTIFICATE OF SERVICE

The foregoing, along with accompanying exhibit, was filed electronically on October 17, 2016. Notice of this filing will be sent to all parties registered with the Court's electronic filing system by operation of the Court's system. Parties may access this filing through the Court's electronic filing system.

/s/ Peter A. Bicks