IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THOMAS H. KRAKAUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14-CV-333 |
| | ) | |
| DISH NETWORK L.L.C, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

The Court has reviewed the parties' most recent submissions related to the verdict sheet and issues for trial.

The Court plans to remove from the upcoming trial any issues as to whether a particular phone number is associated with a particular person. Such issues are not conducive to a class-wide trial and can be resolved post-trial using procedures to be determined later.

The Court reserves ruling on whether a separate issue is appropriate for the question of whether SSN acted outside the scope of its agency, pending the evidence.

The Court does not intend to have the jury award a total amount of damages, as this will complicate distribution of the damages and is unnecessary. The Court intends to have the jury determine an amount per violation.

The Court remains perplexed by the way the parties are proposing to deal with the possibility that the jury could generally find for the plaintiff except for certain categories of calls contested by Dish. The Court has prepared a draft verdict sheet with a slightly different approach, see attached, which the parties should discuss between themselves now and be prepared to discuss with the Court at the upcoming pretrial conference.

The parties recently indicated that they would file further submissions in connection with Dish's EBR defense by November 1, 2016, (*see* Doc. 236), but nothing has been filed. The Court has included the EBR issue on the draft verdict sheet for discussion purposes at the upcoming pretrial conference, subject to further submissions by the parties.

The parties shall confer about matters requiring resolution or discussion at the upcoming pretrial conference and shall prepare a joint agenda for that conference containing all such matters. They shall file the proposed agenda no later than November 29, 2016. On or about that same date, the Court hopes to distribute a draft of the initial jury instructions it plans to verbally give the jury upon empanelment.

The Court would appreciate a written update from counsel on the status of the Illinois case within the next few days; it is fine for that to be submitted via email to the Court's case manager.

The parties shall schedule a final mediated settlement conference with the mediator to take place no later than December 16, 2016. If the parties are unable to get on the mediator's schedule by that date, they shall either agree on another mediator or advise the Court, who will appoint a mediator with scheduling flexibility.

**SO ORDERED**, this 14th day of November, 2016.

_____
Catherine C. Eagles, District Judge

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THOMAS H. KRAKAUER, )
)
        Plaintiff, )
)
   v. )    1:14-CV-333
)
DISH NETWORK L.L.C, )
)
        Defendant. )

## VERDICT SHEET

1. Was SSN DISH's agent when it made the telephone calls at issue?

   [   ] YES

   [   ] NO

   *If Yes, continue to Question 2. If no, skip all other questions and sign the verdict sheet.*

2. Did SSN make and class members receive more than one telephone solicitation to a residential number in any 12-month period by or on behalf of DISH, when their telephone numbers were listed on the National Do Not Call Registry?

   [   ] YES as to Dr. Krakauer and all class members

   [   ] YES as to Dr. Krakauer and all class members except the following, whose numbers plaintiff has not proven were residential:

       [   ] Telephone numbers that LexisNexis always identifies as unknown.

       [   ] Telephone numbers that LexisNexis identifies as residential before May 1, 2010 or after August 1, 2011

       [   ] Telephone numbers that LexisNexis identifies as "unknown" in the May 2010 to August 2011 time period that the calls were made but identifies differently at other times

       [   ] Telephone numbers that LexisNexis identifies as both residential and "unknown"

3

Case 1:14-cv-00333-CCE-JEP   Document 242   Filed 11/14/16   Page 3 of 5

[ ] Telephone numbers that LexisNexis always identifies as residential, including in the May 2010 to August 2011 time period that the calls were made?

[ ] Telephone numbers that LexisNexis identifies as cellular

[ ] Telephone numbers that LexisNexis identifies as possibly cellular

*Whatever your answer, answer Question 3. If you Answer Yes in whole or in part, also answer Question 4 and Question 5.*

3. Did SSN make and all class members receive more than one telephone solicitation in any 12-month period, by or on behalf of DISH, when their telephone numbers were on Dish's or SSN's internal Do Not Call list?

   [ ] YES as to all class members

   [ ] YES as to all class members except:

   [ ] Telephone numbers that LexisNexis always identifies as unknown.

   [ ] Telephone numbers that LexisNexis identifies as residential before May 1, 2010 or after August 1, 2011

   [ ] Telephone numbers that LexisNexis identifies as "unknown" in the May 2010 to August 2011 time period that the calls were made but identifies differently at other times

   [ ] Telephone numbers that LexisNexis identifies as both residential and "unknown"

   [ ] Telephone numbers that LexisNexis always identifies as residential, including in the May 2010 to August 2011 time period that the calls were made?

   [ ] Telephone numbers that LexisNexis identifies as cellular

   [ ] Telephone numbers that LexisNexis identifies as possibly cellular

   [ ] NO

   *If you Answer Yes in whole or in part, also answer Questions 4 and Question 5. If you answer No to Questions 2 and 3, skip the remaining questions and sign the verdict sheet.*

4

4. Did DISH have an established business relationship with the class members [on Exhibit X] at the time of the call?

   [ ] YES

   [ ] NO

5. What amount, up to $500, do you award for each call made in violation of the TCPA?

   _____

   _____    _____
   Foreperson                      Date