IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THOMAS H. KRAKAUER, )
on behalf of a class of persons, )
)
Plaintiff, )
) 1:14-CV-333
v. )
)
DISH NETWORK, L.L.C., )
)
Defendant. )

## ORDER MODIFYING CLASS DEFINITION

On September 9, 2015, the Court granted the plaintiff's Motion for Class Certification, and certified the following classes: (a) all persons whose telephone numbers were on the NDNC list for at least 30 days, but who received telemarketing calls from SSN to promote DISH between May 1, 2010, and August 1, 2011 (the "NDNC class"); and (b) all persons whose telephone numbers were on the IDNC list of DISH or SSN, but who received telemarketing calls from SSN to promote DISH between May 1, 2010, and August 1, 2011 (the "IDNC class"). (Doc 111 at 4, 34.)

On April 15, 2016, DISH served the plaintiff with proposed trial Exhibits 31A through S setting forth various defense challenges to the plaintiff's Telephone Consumer Protection Act ("TCPA") claims by telephone number and phone call.

As stated in the parties' Stipulation Regarding the Class Definition, (Doc. 239), the plaintiff analyzed Exhibits 31A-S and the defense challenges embodied in those exhibits. In an effort to narrow issues for trial and facilitate the effective presentation of classwide

proof, the plaintiff agreed that certain telephone numbers, and calls to those numbers, should be carved out of the class. Because the class has received notice of class certification under Federal Rule of Civil Procedure 23(c)(2)(B), class members with those telephone numbers will receive notice of this action.

The list of telephone numbers affected by this stipulation was attached to the Stipulated Exclusion List appended to the Stipulation.

The Court has the authority to modify a class definition at any time before final judgment. Fed. R. Civ. P. 23(c)(1)(c) ("An order that grants or denied class certification may be altered or amended before final judgment."); *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."); *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 469 n. 11 (1978) (describing class certification order as "inherently tentative").

**IT IS HEREBY ORDERED** that, consistent with the authority cited above, the class definition is modified to exclude class members with the telephone numbers on the Stipulated Exclusion List;

**IT IS HEREBY FURTHER ORDERED** that the plaintiff shall, within thirty days after this Order is entered, send postcard notice in accordance with the class notice order, (Doc. 153), to those persons previously provided with class notice with respect to those telephone numbers explaining that they are excluded from the class; and

**IT IS HEREBY FURTHER ORDERED** that the parties' Stipulation, (Doc. 239), does not waive any right to challenge any ruling in this action, including but not limited to the class certification order and the class notice order. DISH reserves its right to seek to admit evidence relating to this stipulation at trial; the plaintiff reserves his right to oppose the admission of that evidence.

This 14th day of November, 2016.

_____
UNITED STATES DISTRICT JUDGE