# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THOMAS H. KRAKAUER,
on behalf of a class of persons,

    Plaintiff,

v.                                     Civil Action No. 1:14-cv-00333-CCE-JEP

DISH NETWORK, L.L.C.,

    Defendant.

## SECOND STIPULATION REGARDING THE CLASS DEFINITION

The parties, Plaintiff Thomas H. Krakauer and Defendant DISH Network L.L.C., hereby stipulate and agree as follows:

1. On September 9, 2015, the Court granted Plaintiff's Motion for Class Certification, and certified the following classes: (a) all persons whose telephone numbers were on the NDNC list for at least 30 days, but who received telemarketing calls from SSN to promote DISH between May 1, 2010, and August 1, 2011 (the "NDNC class"); and (b) all persons whose telephone numbers were on the IDNC list of DISH or SSN, but who received telemarketing calls from SSN to promote DISH between May 1, 2010, and August 1, 2011 (the "IDNC class"). (ECF No. 111 at 4, 34.)

2. On November 14, 2016, based on the parties' Stipulation Regarding the Class Definition (ECF No. 239) (the "First Stipulation"), the Court modified this definition to exclude class members with the telephone numbers on the Stipulated Exclusion List (ECF No. 239, Ex. A).

3.      The parties have continued to discuss ways to narrow issues for trial and facilitate the effective presentation of classwide proof. To that end, Plaintiff has agreed that certain telephone numbers, and calls to those numbers, should be carved out of the class based on DISH's established business relationship defenses. DISH's Exhibit 31M contains a list of telephone numbers and telephone calls subject to those defenses. That Exhibit 31M and DISH's established business relationship defenses were the subject of a motion in limine. (*See* ECF Nos. 181, 209 and 233). While DISH's Exhibit 31M was excluded, DISH's established business relationship defenses, as supported by DISH's Exhibit 32, have not been excluded.

4.      Because the class has received notice of class certification under Federal Rule of Civil Procedure 23(c)(2)(B), class members with those telephone numbers will receive notice of this action. The list of telephone numbers affected by the Second Stipulation – the Second Stipulated Exclusion List – is attached hereto as Exhibit 1, in the final column (Ex. Ma-c) of the list. The remaining columns are those numbers carved out via the First Stipulation. In other words, the Second Stipulated Exclusion List consists of those numbers carved out by the First Stipulation and the Second Stipulation.

5.      Below are the defense challenges the Plaintiff does not contest, including both those challenges addressed in the parties' First Stipulation, and the EBR challenge addressed in Exhibit 31M (see bolded section below).

| Exhibit No. | Name of Exhibit | Numbers/ Calls |
|---|---|---|
| 31B | Different Listing Names Associated with the Same Number (in MicroBilt data) | 47 numbers/ 140 calls |

| 31E | Phone Numbers Where Line Type Designation Is Business or Government at Least Once in LexisNexis Data | 115 numbers/ 302 calls |
|---|---|---|
| 31F | Records from MicroBilt Data Where the Listing Name Appears to Be a Business, Based on Key Words as Listed. | 52 numbers/ 174 calls |
| 31G | **a** – Numbers Where Line Type Designation is Always "Unknown for all Records Associated with the Number in the LexisNexis Data, and Listing Name in MicroBilt Data Appears to Be a Business by Key Words Listed | 5 numbers/ 15 calls |
| | **b** – Numbers Where Line Type Designation is "Residential" at Least Once in LexisNexis Data and Listing Name in MicroBilt Data Appears to Be a Business by Key Words Listed | 7 numbers/ 27 calls |
| 31I | Numbers Where the Listing Type Designation in LexisNexis Is Residential During Only the Period Before May 2010 and/or After August 2011; is "Unknown" for the Period Between May 2010 and August 2011; and Different Individuals Are Associated with the Same Number Across Those Two Time Periods | 125 numbers/ 344 calls |
| **31M** | **a – Numbers from Five9 Data in Which the Number is Associated With a DISH Customer at the Time of the Call**<br><br>**b – Numbers from Five9 Data in Which the Call Was Made to a Number Associated with a DISH Former Customer within 18 Months of the Disconnection Date**<br><br>**c – Five ( Call Records Made within 3 Months (calculated as 90 days) of the Disconnection Date for Any Customer that Purportedly Had Applied and Later Canceled Activation (Based on DISH Customer Data)** | **1,816 numbers/ 5,144 calls** |
| 31N | **a** – Records from Five9Data of Numbers for Which a Retailer IDNC Request Was Made, but for Which the Number is Associated with a DISH Customer with Activation Date | 603 numbers/ 1605 calls |

| | | |
|---|---|---|
| | Subsequent to the IDNC Request, and the Number Was First Called After the DISH Activation Date<br><br>**b** – Records from Five9 Data of Numbers for Which an Internal IDNC Request was Made, but for Which the Number is Associated with a DISH Customer with Activation Date Subsequent to the IDNC Request, and the Number was First Called After the DISH Activation Date | 113 numbers/ 299 calls |
| 31P | **a** – Calls to Numbers that Do Not Appear on any DNC or IDNC List, but for which the "Phone 1" Field Associated with that Number Was Populated with a Number that Appears on a DNC or IDNC List and was Subsequently Called<br><br>**b** – Calls to Numbers that Do Not Appear on any DNC or IDNC List, but for which the "Phone 2" Field Associated with Number was Populated with a Number that Appears on a DNC or IDNC List and was Subsequently Called | 9 numbers/ 33 calls<br><br>11 numbers/ 56 calls |
| 31Q | Five9 Call Records in which the First Call to the Number Contains Comments that Suggest that the Recipient Requested a Call Back or Appears to Agree to be Called Back | 18 numbers/ 95 calls |
| 31R | **a –** Five9 Call Records of Numbers for Which Some Calls Were Made Before the Number Was Added to the IDNC Retailer List and for Which Some Calls Were Made at Most 30 Days After the Retailer IDNC Request<br><br>**b** – Five9 Call Records of Numbers for Which Some Calls Were Made Before the Number Was Added to the IDNC Internal List and for Which Some Calls Were Made at Most 30 Days After the Internal IDNC Request | 71 numbers/ 280 calls<br><br>23 numbers/ 66 calls |

| 31S | **a** – Five9 Call Records of Numbers for Which All or Some of the Calls Were Made Before or More than 5 Years After the Retailer IDNC Request for that Number | 104 numbers/ 367 calls |
|---|---|---|
| | **b** – Five9 Call Records of Numbers for Which All or Some of the Calls Were Made Before or More than 5 Years After the Internal IDNC Request for that Number | 434 numbers/ 1196 calls |
| **TOTAL** | [Accounting for overlap and duplicates] | **2,906 numbers/ 8,304 calls** |

6. The Court has the authority to modify a class definition at any time before final judgment. Fed. R. Civ. P. 23(c)(1)(c) ("An order that grants or denied class certification may be altered or amended before final judgment."); *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."); *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 469 n. 11 (1978) (describing class certification order as "inherently tentative").

7. The parties request that the Court enter an order modifying the class definition to exclude those persons whose telephone numbers appear on the attached Second Stipulated Exclusion List. Plaintiff will, within thirty days after an order modifying the class definition is entered, send postcard notice in accordance with the class notice order (Doc. 153) to those persons previously provided with class notice with respect to those telephone numbers explaining that they are excluded from the class. The parties agree that this stipulation does not waive any right to challenge any ruling in this action, including but not limited to the

5

class certification order and the class notice order. DISH reserves its right to seek to admit evidence relating to this stipulation at trial; Plaintiff reserves his right to oppose the admission of that evidence.

Dated: December 5, 2016

/s/John W. Barrett
John W. Barrett
Brian A. Glasser
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
bglasser@baileyglasser.com

/s/J. Matthew Norris
J. Matthew Norris
Norris Law Firm, PLLC
1033 Bullard Court, Suite 207
Raleigh, NC 27615
(919) 981-4775
(919) 926-1676 *facsimile*
jmn@ncconsumerlaw.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave., Third Floor
Natick, MA 01760
(508) 655-1415
Telephone: (508) 655-1415
mmcue@massattorneys.net

Edward A. Broderick
Anthony Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110
Telephone: (617) 738-7089
ted@broderick-law.com

*Counsel for Plaintiff Thomas H. Krakauer*

6

/s/Elyse D. Echtman
Peter A. Bicks
Elyse D. Echtman
John L. Ewald
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
pbicks@orrick.com
eechtman@orrick.com
jewald@orrick.com

/s/Eric Larson Zalud
Eric Larson Zalud
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
Telephone: (216) 363-4588
ezalud@beneschlaw.com

/s/ Richard J. Keshian
North Carolina Bar No. 10681
Kilpatrick, Townsend & Stockton, LLP.
1001 West 4th Street
Winston-Salem, NC 27101
Telephone: (336) 607-7322
rkeshian@kilpatricktownsend.com

*Counsel for Defendant DISH Network L.L.C.*