# EXHIBIT A

**Plaintiff's proposed revisions to the Court's draft instructions**

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decisions. But to help you follow the evidence, I will give you a brief overview of some of the basic legal principles that apply in cases involving the Telephone Consumer Protection Act and in this case in particular.

One of the questions you will have to answer is whether the company that made the calls, SSN, was acting as Dish's agent when it made the telephone calls at issue. Dish is not liable for telephone calls which were not made by it or by its agent.

An agent is simply a person or company empowered by another person or company to act on its behalf. Dr. Krakauer contends that Dish authorized and empowered SSN to make sales calls on Dish's behalf and that SSN acted on behalf of Dish in making those calls. Dish contends that SSN was not its agent.

In these situations the person granting the authority to another to act on his behalf is called the "principal." And the person who is authorized to act on behalf of such principal is called the "agent." "Actual authority" exists where the principal has expressly or impliedly authorized the agent to act on the principal's behalf with respect to a particular matter. It may be granted by the principal by word of mouth, or by writing, or it may be implied by conduct of the principal amounting to consent or acquiescence, or by the nature of the work that the principal has entrusted to the agent. Acquiescence means a person or entity tacitly (meaning without words or speech) or passively accepts or

consents to an act.[1] The way that an agent and a principal describe their relationship in a contract does not control the question of whether an agency relationship exists between them.[2]

When an agent acts on behalf of its principal, then the principal is responsible for the act, so long as the agent has not exceeded his authority. The act of the agent is treated in law as the act of the principal. However, a principal is not bound by the act of an agent unless that act falls within the scope of actual authority granted by the principal to the agent. In order to determine the authority of an agent, it is necessary to look to the conduct and declarations of the principal. An agent may not extend his authority by his own conduct standing alone and in the absence of conduct or acquiescence on the part of the principal.

So, you will want to listen carefully to the evidence about what Dish authorized SSN to do on Dish's behalf, how much control Dish had over SSN's phone calls, what

---

[1] Garner, Black's Law Dictionary (8th ed. 2004) at 25.
[2] *Restatement (Third) of Agency* § 1.02; *see also Wynn's Extended Care, Inc. v. Bradley*, 619 F. App'x 216, 219 (4th Cir. 2015) ("[P]arties' disclaimer of an agency relationship, even in a contract, is not dispositive."); *Proctor v. Metro. Money Store Corp.*, 579 F. Supp. 2d 724, 737-38 (D. Md. 2008) (parties cannot "simply disclaim an agency relationship generally to avoid liability to third parties while agreeing to specific provisions that in fact bind each other to an arrangement that is the equivalent of principal and agent."); *United States v. Rapoca Energy Co.*, 613 F. Supp. 1161, 1163 (W.D. Va. 1985) ("What the parties call themselves is immaterial; the law looks to the actual relationship between the parties."); *Sky Cable, LLC v. Coley*, No. 11-00048, 2013 WL 3517337, at *28 (W.D. Va. July 11, 2013) ("While the agreement expressly disclaims any agency relationship . . . that fact alone is not determinative."); *Washington v. Kass Mgmt. Servs.*, No. 10-4409, 2011 WL 1465581, at *3 (N.D. Ill. Apr. 18, 2011) (paraphrasing President Lincoln: "calling a relationship a non-agency don't make it a non-agency.").

knowledge Dish had about whether and to what extent SSN was violating the TPCA, and overall how the Dish/SSN relationship worked in practice.

If you find that SSN was Dish's agent, then you will need to decide if the telephone calls SSN made violate the TCPA. There are two possible violations for you to consider: first, did SSN make repeated calls to people on the National Do Not Call Registry, and second, did SSN make repeated calls to people on internal do not call lists maintained by SSN and Dish, which internal lists are required by law to be maintained.

As to the claims based on the National Do Not Call registry, federal law provides that no person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry. Such do not call registrations must be honored indefinitely, or until the telephone number is cancelled by the consumer or removed by the Government's database administrator. Wireless customers may register their wireless telephone numbers on
the Registry so long as they are primarily used for residential and not business purposes. Under the law, "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the [national do-not-call registry] regulations . . . may . . . bring . . . an action . . . to receive up to $500 in damages for each violation[.]"

On issue one, Dr. Krakauer must prove by a preponderance of the evidence (1) that he and the class members each received more than one telephone solicitation in any 12-month period, (2) that the numbers called were residential numbers, (3) that the calls

3

were made by or on behalf of Dish Network, and (4) that the calls were made when the telephones number was on the National Do Not Call Registry.

The class has a second group of claims arising out of alleged violations of federal law related to internal do not call lists. The law requires SSN and Dish to each maintain an internal do-not-call list, which is "a list of persons who request not to receive telemarketing calls made by or behalf of" the telemarketer. "If [an] entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. [An] entity making calls for telemarketing purposes (or on whose behalf such calls were made) must honor a . . . do-not-call request . . . [within] thirty days from the date of such request." "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of [that regulation] may . . . bring . . . an action [for] actual monetary loss from . . . a violation, or ~~. . .~~ to receive up to $500 in damages for each violation, whichever is greater~~[.]~~"

On this issue, Dr. Krakauer must prove by a preponderance of the evidence that (1) he and the class members received more than one telephone solicitation in any 12-month period, (2) that the numbers called were residential numbers, (3) that the calls were made by or on behalf of Dish Network, and (4) when the telephone numbers were listed on SSN's or Dish's internal Do Not Call list.

Dr. Krakauer and the class will be offering evidence from a witness who has reviewed the information in various databases about who is on the National Do Not Call Registry and on Dish's and SSN's internal do not call lists as well as telephone records ~~maintained by SSN about~~ of the telephone calls it made. Dr. Krakauer and the class contend that this evidence establishes by a preponderance of the evidence that each class member received calls that violate the TCPA. Dish contends that the evidence is not reliable and is insufficient to establish that the calls were made. Dish also challenges some particular subsets of calls, in particular contending that the evidence does not establish that the numbers in these particular subsets were residential numbers. So you will want to give the witnesses who testify about these lists and records your careful attention.

If you decide that SSN made calls that violate the TPCA and that SSN was Dish's agent, you will need to decide the amount of damages each class member will recover. The statutory maximum is $500 per call. There will be a place on the verdict sheet for you to write in this amount, if you reach this issue.

There may be another question for you to answer concerning whether Dish had an established business relationship with certain class members. If Dish had an established business relationship with these class members, then that is an exception to the general rule prohibiting calls to folks on the National Do Not Call list. In other words, the law does not prohibit Dish from calling persons with whom it has established business relationships, even if those persons are on the National Do Not Call Registry. Dish will have the burden of proof on this issue.