# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

**THOMAS H. KRAKAUER,**
on behalf of a class of persons,

    **Plaintiff,**

v.                                    Civil Action No. 1:14-cv-00333-CCE-JEP

**DISH NETWORK, L.L.C.,**

    **Defendant.**

## THIRD STIPULATION REGARDING THE CLASS DEFINITION

The parties, Plaintiff Thomas H. Krakauer and Defendant DISH Network L.L.C., hereby stipulate and agree as follows:

1. On September 9, 2015, the Court granted Plaintiff's Motion for Class Certification, and certified the following classes: (a) all persons whose telephone numbers were on the NDNC list for at least 30 days, but who received telemarketing calls from SSN to promote DISH between May 1, 2010, and August 1, 2011 (the "NDNC class"); and (b) all persons whose telephone numbers were on the IDNC list of DISH or SSN, but who received telemarketing calls from SSN to promote DISH between May 1, 2010, and August 1, 2011 (the "IDNC class"). (ECF No. 111 at 4, 34.)

2. On November 14, 2016, based on the parties' Stipulation Regarding the Class Definition (ECF No. 239) (the "First Stipulation"), the Court modified this definition to exclude class members with the telephone numbers on the Stipulated Exclusion List (ECF No. 239, Ex. A).

3. On December 5, 2016, through the parties' Second Stipulation Regarding the Class Definition (ECF No. 248), the parties stipulated to carve out certain telephone numbers based on DISH's established business relationship defenses.

4. In this Third Stipulation, Plaintiff agrees to carve out additional telephone numbers from the Class. A comprehensive list of all telephone numbers to be carved out of the Class, pursuant to the First, Second and Third Stipulations, is contained in the "Third Stipulated Exclusion List" attached hereto as Exhibit 1.

5. Plaintiff has identified certain class telephone numbers for which Plaintiff's expert did not obtain any LexisNexis data that might classify the numbers as residential, business, unknown or cellular. By this Third Stipulation, Plaintiff agrees that those telephone numbers, and calls to those telephone numbers, should be carved out of the Class. The list of telephone numbers with no LexisNexis data is set forth in the "NoDataLexisNexis" column of the Third Stipulated Exclusion List.

6. In the further interest of narrowing disputed legal and factual issues for trial, Plaintiff has concluded that it is appropriate to dismiss without prejudice all IDNC Class claims under Count II of the First Amended Complaint, which alleges violations of 47 C.F.R. § 64.1200(d)(3), for failure to honor company-specific Do Not Call requests ("IDNC claims"). DISH has argued that the IDNC Class members may not recover twice with respect to a single telephone call under both Counts I and II of the First Amended Complaint (ECF No. 228 at 16) and that the IDNC Class Members may not assert claims based on telephone calls to numbers only on the retailer portion of DISH's master internal

2

Case 1:14-cv-00333-CCE-JEP   Document 264   Filed 12/23/16   Page 2 of 9

do-not-call list (ECF No. 262). In order to promote efficiency at trial and avoid further dispute on these issues, the parties have agreed that Count II of the First Amended Complaint should be dismissed without prejudice and that the IDNC Class claims should not be presented to the jury at trial in this case.

7. Because all but twelve of the telephone numbers included in Count II (the IDNC Class) also are included in Count I (the NDNC Class), this aspect of the stipulation will completely exclude from this class action just twelve telephone numbers. The remaining telephone numbers that are connected to the IDNC claims in Count II also are connected to Plaintiff's NDNC claims in Count I. The list of twelve telephone numbers affected by this carve out and dismissal without prejudice is set forth in the "IDNC Claims Only" column of the Third Stipulated Exclusion List.

8. Because the class has received notice of class certification under Federal Rule of Civil Procedure 23(c)(2)(B), class members who are being excluded from the class will receive notice of this action. Notice will be directed to class members with telephone numbers on the Third Stipulation Exclusion List.

9. Below are the categories the Plaintiff does not contest and stipulates to carve out of the class definition. All but the last two categories ("NoDataLexisNexis" and "IDNC ClaimsOnly") have already been carved out through the First or Second Stipulations.

| Exhibit No. | Name of Exhibit | Numbers/ Calls |
|---|---|---|
| 31B | Different Listing Names Associated with the Same Number (in MicroBilt data) | 47 numbers/ 140 calls |

| Exhibit No. | Name of Exhibit | Numbers/ Calls |
|---|---|---|
| 31E | Phone Numbers Where Line Type Designation Is Business or Government at Least Once in LexisNexis Data | 115 numbers/ 302 calls |
| 31F | Records from MicroBilt Data Where the Listing Name Appears to Be a Business, Based on Key Words as Listed. | 52 numbers/ 174 calls |
| 31G | **a** – Numbers Where Line Type Designation is Always "Unknown for all Records Associated with the Number in the LexisNexis Data, and Listing Name in MicroBilt Data Appears to Be a Business by Key Words Listed | 5 numbers/ 15 calls |
| | **b** – Numbers Where Line Type Designation is "Residential" at Least Once in LexisNexis Data and Listing Name in MicroBilt Data Appears to Be a Business by Key Words Listed | 7 numbers/ 27 calls |
| 31I | Numbers Where the Listing Type Designation in LexisNexis Is Residential During Only the Period Before May 2010 and/or After August 2011; is "Unknown" for the Period Between May 2010 and August 2011; and Different Individuals Are Associated with the Same Number Across Those Two Time Periods | 125 numbers/ 344 calls |
| 31M | a – Numbers from Five9 Data in Which the Number is Associated With a DISH Customer at the Time of the Call<br><br>b – Numbers from Five9 Data in Which the Call Was Made to a Number Associated with a DISH Former Customer within 18 Months of the Disconnection Date<br><br>c – Five ( Call Records Made within 3 Months (calculated as 90 days) of the Disconnection Date for Any Customer that Purportedly Had Applied and Later Canceled Activation (Based on DISH Customer Data) | 1,816 numbers/ 5,144 calls |

| Exhibit No. | Name of Exhibit | Numbers/ Calls |
|---|---|---|
| 31N | **a** – Records from Five9Data of Numbers for Which a Retailer IDNC Request Was Made, but for Which the Number is Associated with a DISH Customer with Activation Date Subsequent to the IDNC Request, and the Number Was First Called After the DISH Activation Date | 603 numbers/ 1605 calls |
| | **b** – Records from Five9 Data of Numbers for Which an Internal IDNC Request was Made, but for Which the Number is Associated with a DISH Customer with Activation Date Subsequent to the IDNC Request, and the Number was First Called After the DISH Activation Date | 113 numbers/ 299 calls |
| 31P | **a** – Calls to Numbers that Do Not Appear on any DNC or IDNC List, but for which the "Phone 1" Field Associated with that Number Was Populated with a Number that Appears on a DNC or IDNC List and was Subsequently Called | 9 numbers/ 33 calls |
| | **b** – Calls to Numbers that Do Not Appear on any DNC or IDNC List, but for which the "Phone 2" Field Associated with Number was Populated with a Number that Appears on a DNC or IDNC List and was Subsequently Called | 11 numbers/ 56 calls |
| 31Q | Five9 Call Records in which the First Call to the Number Contains Comments that Suggest that the Recipient Requested a Call Back or Appears to Agree to be Called Back | 18 numbers/ 95 calls |
| 31R | **a –** Five9 Call Records of Numbers for Which Some Calls Were Made Before the Number Was | 71 numbers/ 280 calls |

| Exhibit No. | Name of Exhibit | Numbers/ Calls |
|---|---|---|
| | Added to the IDNC Retailer List and for Which Some Calls Were Made at Most 30 Days After the Retailer IDNC Request | |
| | **b** – Five9 Call Records of Numbers for Which Some Calls Were Made Before the Number Was Added to the IDNC Internal List and for Which Some Calls Were Made at Most 30 Days After the Internal IDNC Request | 23 numbers/ 66 calls |
| 31S | **a** – Five9 Call Records of Numbers for Which All or Some of the Calls Were Made Before or More than 5 Years After the Retailer IDNC Request for that Number | 104 numbers/ 367 calls |
| | **b** – Five9 Call Records of Numbers for Which All or Some of the Calls Were Made Before or More than 5 Years After the Internal IDNC Request for that Number | 434 numbers/ 1196 calls |
| No LexisNexis Data | Records that did not have any status (including Unknown) from LexisNexis regarding residential status | 3,179 numbers/ 9,970 calls |
| Internal Do Not Call Claims Only | Records not otherwise carved out that only have IDNC claims | 12 numbers/ 42 calls |
| **TOTAL** | **[Accounting for overlap and duplicates]** | **6,097 numbers/ 18,316 calls** |

10. The Court has the authority to modify a class definition at any time before final judgment. Fed. R. Civ. P. 23(c)(1)(c) ("An order that grants or denied class certification may be altered or amended before final judgment."); *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge

6

remains free to modify it in the light of subsequent developments in the litigation."); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n. 11 (1978) (describing class certification order as "inherently tentative").

11. The parties request that the Court enter an order modifying the class definition to exclude those persons whose telephone numbers appear on the attached Third Stipulated Exclusion List and dismissing the Count II claims of the IDNC Class without prejudice. Plaintiff will, within thirty days after an order modifying the class definition is entered, send postcard notice in accordance with the class notice order (ECF No. 153) to those persons previously provided with class notice with respect to those telephone numbers explaining that they are excluded from the class. The parties agree that this stipulation does not waive any right to challenge any ruling in this action, including but not limited to the class certification order and the class notice order. DISH reserves its right to seek to admit evidence relating to this stipulation at trial; Plaintiff reserves his right to oppose the admission of that evidence.

Dated: December 23, 2016

/s/John W. Barrett
John W. Barrett
Brian A. Glasser
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
bglasser@baileyglasser.com

/s/J. Matthew Norris
J. Matthew Norris
Norris Law Firm, PLLC

7

1033 Bullard Court, Suite 207
Raleigh, NC 27615
(919) 981-4775
(919) 926-1676 *facsimile*
jmn@ncconsumerlaw.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave., Third Floor
Natick, MA 01760
(508) 655-1415
Telephone: (508) 655-1415
mmcue@massattorneys.net

Edward A. Broderick
Anthony Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110
Telephone: (617) 738-7089
ted@broderick-law.com

*Counsel for Plaintiff Thomas H. Krakauer*



/s/Elyse D. Echtman
Peter A. Bicks
Elyse D. Echtman
John L. Ewald
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
pbicks@orrick.com
eechtman@orrick.com
jewald@orrick.com

/s/Eric Larson Zalud
Eric Larson Zalud
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114

8

Telephone: (216) 363-4588
ezalud@beneschlaw.com

/s/ Richard J. Keshian
North Carolina Bar No. 10681
Kilpatrick, Townsend & Stockton, LLP.
1001 West 4th Street
Winston-Salem, NC 27101
Telephone: (336) 607-7322
rkeshian@kilpatricktownsend.com

*Counsel for Defendant DISH Network L.L.C.*