IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THOMAS H. KRAKAUER, ) | | |
| on behalf of a class of persons, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 1:14-CV-333 | |
| ) | | |
| DISH NETWORK, L.L.C., ) | | |
| ) | | |
| Defendant. ) | | |

### SECOND ORDER MODIFYING CLASS DEFINITION

On September 9, 2015, the Court granted the plaintiff's motion for class certification, and certified the following classes: (a) all persons whose telephone numbers were on the NDNC list for at least 30 days, but who received telemarketing calls from SSN to promote DISH between May 1, 2010, and August 1, 2011 (the "NDNC class"); and (b) all persons whose telephone numbers were on the IDNC list of DISH or SSN, but who received telemarketing calls from SSN to promote DISH between May 1, 2010, and August 1, 2011 (the "IDNC class"). Doc. 111 at 4, 34.

On November 14, 2016, based on the parties' stipulation regarding the class definition, Doc. 239, ("First Stipulation"), the Court modified this definition to exclude class members with the telephone numbers on the Stipulated Exclusion List. Doc. 239, Ex. A.

On December 2, 2016 the parties submitted a second stipulation regarding the class definition ("Second Stipulation"). In an effort to narrow issues for trial and facilitate the

effective presentation of classwide proof, the plaintiff again agreed that certain telephone numbers, and calls to those numbers, should be carved out of the class based on DISH's established business relationship defenses.

The Court deferred modifying the class definition as requested in the Second Stipulation until the parties could submit a third stipulation addressing additional issues.

On December 23, 2016, the parties filed their third stipulation regarding the class definition ("Third Stipulation"). Doc. 264. The Third Stipulation would carve out certain telephone numbers for which the plaintiff's expert did not obtain any LexisNexis data that might classify the numbers as residential, business, unknown, or cellular.

The Third Stipulation also proposes the voluntary dismissal, without prejudice, of all class claims under Count II of the First Amended Complaint, which alleges violations of 47 C.F.R. § 64.1200(d)(3), for failure to honor company-specific Do Not Call requests ("IDNC claims"). In a recent filing, Doc. 262, DISH argued that the IDNC Class members may not recover twice with respect to a single telephone call under both Counts I and II of the First Amended Complaint, Doc.228 at 16, and that the IDNC Class Members may not assert claims based on telephone calls to numbers only on the retailer portion of DISH's master internal do-not-call list. In order to promote efficiency at trial and avoid further dispute on these issues, the parties agreed that Count II of the First Amended Complaint should be dismissed without prejudice and that the IDNC Class claims should not be presented to the jury at trial in this case.

Because the parties stipulate that all but twelve of the telephone numbers

included in Count II (the IDNC Class) also are included in Count I (the NDNC Class), voluntary dismissal of the IDNC claims will completely exclude from this class action just twelve telephone numbers. The remaining telephone numbers that are connected to the IDNC claims in Count II also are connected to the plaintiff's NDNC claims in Count I.

The Court has the authority to modify a class definition at any time before final judgment. Fed. R. Civ. P. 23(c)(1)(c) ("An order that grants or denied class certification may be altered or amended before final judgment."); *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."); *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 469 n. 11 (1978) (describing class certification order as "inherently tentative").

Additionally, although "the claims . . . of a certified class may be . . . voluntarily dismissed . . . only with the Court's approval," Fed. R. Civ. P. 23(e), no Rule 23(e)(2) fairness hearing is required to dismiss the plaintiff's IDNC claims because dismissal without prejudice would not bind class members. *Id.*

**IT IS HEREBY ORDERED** that, consistent with the authority cited above, the class definition is modified to exclude class members with the telephone numbers on the Third Stipulated Exclusion List;

**IT IS HEREBY FURTHER ORDERED** that all claims under Count II of the First Amended Complaint are voluntarily dismissed, without prejudice;

3

**IT IS HEREBY FURTHER ORDERED** that the plaintiff shall, within thirty days after this Order is entered, send postcard notice in accordance with the class notice order, Doc. 153, to those persons who held the telephone numbers on the Third Stipulated Exclusion List explaining that they are excluded from the class; and

**IT IS HEREBY FURTHER ORDERED** the parties' Third Stipulation does not waive any right to challenge any ruling in this action, including but not limited to the class certification order and the class notice order. DISH reserves its right to seek to admit evidence relating to this stipulation at trial; the plaintiff reserves his right to oppose the admission of that evidence.

This the 29th day of December, 2016.

_____
UNITED STATES DISTRICT JUDGE