```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


THOMAS H. KRAKAUER,          *  Case No. 1:14CV333
                             *
            Plaintiff,       *
                             *
vs.                          *  Greensboro, North Carolina
                             *  January 19, 2017
DISH NETWORK, L.L.C.,        *  9 a.m.
                             *
            Defendant.       *
******************************
```

## TRANSCRIPT OF TRIAL
BEFORE THE HONORABLE CATHERINE C. EAGLES,
UNITED STATES DISTRICT JUDGE, and a jury.


APPEARANCES:

For the Plaintiff:        JOHN W. BARRETT, ESQUIRE
                          Bailey & Glasser, LLP
                          209 Capitol Street
                          Charleston, West Virginia 25301

                          MATTHEW P. MCCUE, ESQUIRE
                          Law Office of Matthew P. McCue
                          1 South Avenue, Third Floor
                          Natick, MA 01760

                          JACOB M. NORRIS, ESQUIRE
                          The Norris Law Firm
                          1033 Bullard Court, Suite 207
                          Raleigh, North Carolina 27615


For the Defendant:        PETER A. BICKS, ESQUIRE
                          ELYSE D. ECHTMAN, ESQUIRE
                          JOHN L. EWALD, ESQUIRE
                          Orrick Herrington & Sutcliffe, LLP
                          51 West 52nd Street
                          New York, New York 10019

```
 1                                    RICHARD J. KESHIAN, ESQUIRE
                                      Kilpatrick Townsend & Stockton, LLP
 2                                    1001 W. Fourth Street
                                      Winston-Salem, North Carolina 27101
 3

 4   Court Reporter:                  Lori Russell, RMR, CRR
                                      P.O. Box 20593
 5                                    Winston-Salem, North Carolina 27120

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24             Proceedings recorded by stenotype reporter.
           Transcript produced by Computer-Aided Transcription.
25
```

**P R O C E E D I N G S**

**THE COURT:**  Good morning.  It's nine o'clock.  I think we're still waiting on one juror; is that right?

**THE CLERK:**  Maybe two.

**THE COURT:**  A couple of jurors.

The clerk has the jury instructions that everybody proofread yesterday and we'll hand that in.  The other copy I'm going to publish on the docket marked as my final instructions rather than marking them as a court exhibit.  We could do both if you all want, but I'm just going to have her put them on the docket so that -- I have -- I have found jury instructions from other courts occasionally helpful and try to do that when I remember.  So since I'm sending them back to the jury, we'll put them on the docket and the record will reflect that the document on the docket is identical to the copy sent back to the jury for their deliberations this morning.

Anything else we need to take up?

**MR. BARRETT:**  No, ma'am.

**MR. BICKS:**  No, Your Honor.

**THE COURT:**  All right.  As soon as all the jurors get here, Ms. Sanders, you can give them those written instructions and note the time on the record and let counsel know and we will be at ease until the jury has need of us.

(The Court left the bench at 9:04 a.m.)

(Jury resumed deliberations at 9:10 a.m.)

 1        (Court was at ease awaiting the jury's verdict.)

 2        (The Court returned to the bench at 10:50 a.m.; all parties

 3   present.)

 4            **THE COURT:**  The jury has indicated they want a

 5   15-minute break.  I'm just going to bring them in, speak to

 6   them, say good morning, give them a recess.  I'll tell them

 7   I'll inquire about a lunch recess around 12:30.

 8            **MR. BICKS:**  That's good.  Could I just see the note,

 9   Your Honor?

10            **THE COURT:**  Uh-huh.  Let me let you look at that after

11   I send them on the break since they've been waiting a bit.

12        You can bring the jury in.

13            **MR. BICKS:**  Understood.

14            **THE COURT:**  But I'm glad for you all to take a look at

15   the note once we take a recess.

16        Here, Ms. Sanders, you can have it.

17        (The jury entered the courtroom.)

18            **THE COURT:**  Good morning.  I just thought that I'd let

19   you all move around a little bit.  I got your note asking for a

20   15-minute recess and, of course, I'm glad for you to take a

21   break.

22        As always, leave everything in the jury room and don't talk

23   to each other during the recess and continue to avoid contact

24   with anyone involved in the case during the break.

25        When you get done with your break in 15 minutes and all

1  15 of -- and all 10 of you, excuse me, all 10 of you are back

2  in the jury room, just let Ms. Sanders know.  I won't bring you

3  back in the courtroom.  She'll just mark on the record that

4  you've resumed your deliberations once all 10 of you are there.

5      I'll check in with you about a lunch break probably about

6  12:30 or so.  If you want to go before that, you all just tell

7  me.

8      All right.  You all are excused for a 15-minute recess.

9      (The jury left the courtroom.)

10      **THE COURT:**  Okay.  You can see the note and we'll take

11  a 15-minute recess and then thereafter we will be at ease.

12      **MR. BICKS:**  Thank you.

13      **MR. BARRETT:**  Thank you.

14      (A morning recess was taken from 10:54 a.m. until

15  11:11 a.m.)

16      (Court was at ease waiting the jury's verdict.)

17      (The Court returned to the bench at 12:40 p.m.; all parties

18  present.)

19      **THE COURT:**  I'm sorry.  I got to working on other

20  things and time got away from me.  I didn't realize how late it

21  had gotten.  The jury has not indicated anything, but it's

22  almost 12:45, so I would propose we let them go to lunch

23  unless -- I mean, Ms. Sanders could go ask them if they just

24  need -- if they want to deliberate for another 10 or 15

25  minutes, I'm okay with that, but I need to eat in a little

1 while. So is it okay if she checks in with them and just says,
2 "You all ready to go to lunch or do you want five or ten more
3 minutes?"
4          **MR. BARRETT:**  That's fine.
5          **MR. BICKS:**  Yes.
6          **THE COURT:**  Okay.  If you can do that, Ms. Sanders.
7      (Ms. Sanders left the courtroom and subsequently returned.)
8          **THE CLERK:**  Yes, ma'am, they'd like to go to lunch.
9          **THE COURT:**  All right.  You can bring them on in to
10 the courtroom.
11      I'll ask them how long they want and we'll do whatever they
12 say.
13          **COURT SECURITY OFFICER:**  They want one minute.
14 They're in the middle of something.
15          **THE COURT:**  Okay.  One minute they want they say.
16      (Pause in the proceedings.)
17      (The jury entered the courtroom.)
18          **THE COURT:**  Okay.  You all are ready to go to lunch it
19 sounds like.  Do you want an hour or --
20          **FOREPERSON OF THE JURY:**  Can we break until 2:00, Your
21 Honor?
22          **THE COURT:**  2:00.  You want a little more time.  Okay.
23 Two o'clock.  That's an hour and ten minutes, so that's
24 absolutely fine.  I encourage you to get some fresh air,
25 stretch your legs, clear your heads, and then come back at

1  two o'clock.

2      Remember not to discuss the case with each other during the

3  recess.  Avoid contact with everyone else.  No independent

4  investigation or communicating about the case with anyone.

5  Leave everything in the jury room.

6      And when you come back at 2:00, just let Ms. Sanders know

7  when all 10 of you are present and you can resume your

8  deliberations at that point.

9      All right.  The jurors are excused until two o'clock.

10     (The jury left the courtroom.)

11         **THE COURT:**  Okay.  Anything for us?

12         **MR. BICKS:**  Nothing, Your Honor.

13         **THE COURT:**  If you all will wait about five minutes to

14 let the jurors get down the elevator and out of the hallways

15 before you head out, and we'll be in recess until two o'clock.

16     (A noon recess was taken from 12:48 p.m. until 2 p.m.)

17     (Court was at ease awaiting the jury's verdict.)

18     (The Court returned to the bench at 2:15 p.m.; all parties

19 present.)

20         **THE COURT:**  All right.  The record will reflect that

21 the jury came back -- what time did they start?  2:00?

22         **THE CLERK:**  2:00, yes.

23         **THE COURT:**  Two o'clock.  And they resumed their

24 deliberations then and I just got a note saying:  "We are ready

25 to render our verdict."  So it looks like they wanted to think

1 about it over lunch and are ready.

2     So is there anything we need to take up before they come

3 in?

4         **MR. BARRETT:** No, Your Honor.

5         **THE COURT:** Okay. So I'll bring them in. I'll read

6 the verdict. I'll ask you all if there's anything else for the

7 jury. I -- there usually isn't in civil cases but just, you

8 know, in case; and then I'll thank them and excuse them so --

9 and we'll deal with anything that doesn't concern them

10 afterwards.

11     All right. You can bring the jury in.

12     (The jury entered the courtroom.)

13         **THE COURT:** All right. Good afternoon. Would the

14 person selected as your foreperson please stand.

15     Mr. Jackson, has the jury reached a unanimous verdict?

16         **FOREPERSON OF THE JURY:** We have, Your Honor.

17         **THE COURT:** All right. If you'll hand the verdict

18 sheet to the security officer, he will bring it to me and you

19 can be seated.

20     (The verdict sheet was handed to the Court.)

21         **THE COURT:** All right. Ladies and gentlemen, you have

22 returned the following answers to the questions on the verdict

23 sheet as your verdict:

24     Question 1: Was SSN acting as DISH's agent when it made

25 the telephone calls at issue from May 11, 2010, through

1    August 1st, 2011?  Your answer is yes.

2        Issue Two:  Did SSN make and class members receive at least

3    two telephone solicitations to a residential number in any

4    12-month period by or on behalf of DISH, when their telephone

5    numbers were listed on the National Do Not Call Registry?  Your

6    answer is yes.

7        Issue Three:  What amount, up to $500, do you award for

8    each call made in violation of the TCPA?  And your answer is

9    $400.

10       Are these your answers and is this your verdict, so say you

11   all?

12       (Affirmative response from the jurors.)

13           **THE COURT:**  The record will reflect all the jurors

14   said yes and nodded their heads yes.

15       Is there anything further for the jury for the Plaintiff?

16           **MR. BARRETT:**  No, Your Honor.

17           **THE COURT:**  For the Defendant?

18           **MR. BICKS:**  No, Your Honor.

19           **THE COURT:**  All right.  Ladies and gentlemen, I want

20   to thank you for your time and your service in this case.

21   Seven days over the course of two weeks is a big time

22   commitment and I know all of you had other things you probably

23   needed to be doing during the days associated with work or

24   other things and I appreciate your service.

25       All you have to do, I think, to appreciate our system is to

read about how things are done in some other parts of the world
as to how people resolve disputes between themselves to be
pretty thankful for our system of justice.

And one of the things jurors told me over the years is
after they come into a courtroom and see how it actually works
they really appreciate the fairness of the procedures we follow
in court. I hope that was your experience, but I certainly
appreciate your time and your service. I know the lawyers have
said to me throughout the trial how much they appreciated your
attention and, you know, you all were -- you all were with us
and we really, really appreciate that.

Now, let me just give you some housekeeping instructions
here before I lose my voice. In just a second, I'll send you
back in to the jury room. You can gather up all your personal
things, and Ms. Sanders will come back to take care of giving
you something if you need it for work and any other details
like that. Your foreperson will need to consult with her and
be sure she has all the exhibits that you all have had during
your deliberations. You can leave your notes. We'll shred
them for you. You don't have to worry about any of that. And
as soon as she finishes with any housekeeping details, you are
free to go it.

Once you leave, you are free to talk about the case with
each other in small groups as you walk back to your cars. You
can tell your family and friends and coworkers about the case

1 if you want.  You are also free not to talk about the case.

2 Some people don't like to talk about jury service and it is

3 completely up to you whether you talk about the matter and with

4 whom.  You can look up whatever you want on the Internet.  You

5 can tweet about it.  All those things I told you not to do

6 during the trial, you are released from all of those

7 instructions.

8     All right.  Thank you so much for your service.  You're

9 excused to the jury room; and when Ms. Sanders finishes with

10 the housekeeping matters, you're free to go.  Thank you for

11 your service.

12     (The jury left the courtroom.)

13         **THE COURT:**  Okay.  So everybody I'm sure needs time to

14 think about this and what it will mean and what we'll do next,

15 so I would propose to give you all some time to do that before

16 we make any decisions about things.  I will check my calendar

17 and probably just give you a date, and we'll maybe come back

18 together and see what needs to happen next.

19     In the meantime, I would encourage you to talk to each

20 other about it because obviously there's more that needs to be

21 done if -- and I think we have a lot of different options so --

22 about how we proceed, but I encourage you all to talk to each

23 other and if you want -- if you found a mediator you were happy

24 with, you can take that approach too if you want to at this

25 point.

1    Anything else you all want to take care of?

2    If the Defendant could just let me know if you want me to

3  just take the motion that you filed at the close of all the

4  evidence and treat it as a motion for judgment notwithstanding

5  the verdict or if you're going to be filing something else, you

6  know, we can -- I'm not trying to make you do more work if it's

7  sufficient so -- and if we need to have a telephone call before

8  I set a hearing, you know, you all just talk to Ms. Sanders.

9  I'll be glad to get you all on my schedule.

10    All right.  Anything else?

11    **MR. BARRETT:**  Your Honor, the willfulness issue has

12  been reserved for the Court and we would like to talk about how

13  you might wish to address that.  We would be --

14    **THE COURT:**  I'll tell you what.  Ms. Sanders needs to

15  go talk to the jury and I don't want to hold them up, so how

16  about if we take a 10-minute recess.  I can't do anything

17  without her in the courtroom.  Let me just -- and let me think

18  about that for a second, about how I want you all to address

19  it; and if you all want to talk to each other, I'll -- so let's

20  take a 10-minute recess.  All right.

21    (A recess was taken from 2:25 p.m. until 2:40 p.m.; all

22  parties present.)

23    **THE COURT:**  I'm sorry that break took a little longer

24  than expected.  You know, the jurors get these letters saying

25  they've been here because many of them need it for work and

1  there was a mistake on them.  Ms. Sanders was trying to get it

2  fixed and the jury clerk could not be located, so I'm sorry

3  about that.

4      All right.  Two -- you know, ordinarily with nonjury --

5  when I have a nonjury trial, the local rules require proposed

6  findings of fact and conclusions of law from the parties.  And

7  I didn't do that in this case, you know, because it didn't seem

8  like it would be necessary, but I assume I'll have to make them

9  on that.  So it would probably be helpful to me if I had

10  proposed findings and conclusions on the willfulness issue from

11  you all.  Is that something you all could do --

12          **MR. BARRETT:**  Yes, Your Honor.

13          **THE COURT:**  -- sometime?  Do you want to make a

14  closing argument?  And if so, when?  Or do you want to just

15  submit your closing argument in writing?  What do you want to

16  do?

17          **MR. BARRETT:**  I think we would submit that in writing.

18          **THE COURT:**  All right.  Is that agreeable to the

19  defense?

20          **MR. BICKS:**  Well, the only -- the thought that I have,

21  Your Honor, we'll have to evaluate this procedurally, but we've

22  already filed a motion, which I presume we'll evaluate and

23  revise as needed to have the verdict set aside, and so it seems

24  like that would be a threshold issue that the Court would want

25  to address because that would be a predicate to any evaluation

1  of any willfulness issue.

2      **THE COURT:**  Well, yes, that's obviously true, but the

3  case is already old, so I'm kind of interested in moving it

4  along too.  So I don't want to delay too terribly much.

5      Why don't I ask you all to consult about a schedule.  I

6  would think -- let me set a tentative schedule.  Let me do it

7  that way, and if you all talk and want to do something

8  different, you let me know.  But if I can -- I know you all are

9  tired and I hope you'll take tomorrow off.  February 6th is a

10  little more than two weeks.  Is that enough time to do proposed

11  findings of fact --

12      **MR. BARRETT:**  Yes.

13      **THE COURT:**  -- and conclusions of law and written

14  closing arguments?  Or we could delay the written closing.

15  Well, let's just set -- let's make that a tentative decision.

16  Go ahead and do proposed findings and conclusions and written

17  closing arguments.  Plaintiff has the burden.  So everybody

18  submit their findings and conclusions on the 6th, Plaintiff's

19  closing argument on the 6th, the Defendant's on the 9th, and

20  then if you want a short rebuttal on the 13th, okay.

21      And then I'll look to hear from the Defendant about how

22  they want to handle posttrial motions, which I'm -- you know, I

23  hope I could handle in the same general time frame and I'll

24  find a date maybe the week of the 20th or the 27th to have you

25  all -- of February to have you all come back and talk to me.

1   That -- I don't know -- I don't even know if all the briefing

2   can get done by then.  That might not be enough time.  But you

3   all consult about that, about posttrial briefing, and --

4   because if the Defendant is going to file a new motion, then

5   the Defendant -- the Plaintiff gets a chance to respond to that

6   in writing.

7       So will you all be able to let me know if you're going to

8   file a separate one or just adopt the one you already filed in

9   a couple weeks?

10          **MR. BICKS:**  Right.  I mean, my belief is we're likely

11  to file a, you know, motion and include some of the last bits

12  of evidence.

13          **THE COURT:**  Okay.  All right.  Well, I'm expecting,

14  obviously, posttrial motions, so I'll look for that from you

15  all and --

16          **MR. BICKS:**  Can I ask Your Honor on the scheduling

17  here doesn't -- I think it would make sense for the Plaintiffs

18  to have it staggered on the proposed findings so that we're

19  responding.

20          **THE COURT:**  I think our -- when we do it pretrial,

21  they all are filed on the same date, which is why -- you know,

22  this is posttrial.  I mean, I really don't object to that.  If

23  you all want to work out some agreeable schedule, you know,

24  just let me know.  My main interest is let's, you know, keep

25  things moving along because there's a number of different

1  things to figure out if -- if the verdict stands so -- I don't
2  have any problem --

3       **MR. BICKS:**  I'm also just wondering on the proposed
4  schedule -- this is on the proposed findings.  I'm just
5  wondering if we could be a little bit more relaxed than the 6th
6  because that doesn't give us -- I mean, we just came off of a
7  trial.  We just got a verdict.

8       **THE COURT:**  Right.  Well, it's two and a half weeks.
9  My thought is the sooner you get it to me, the less I will have
10 forgotten and that's why I would appreciate it if you do it
11 sooner, because I still will remember all of the evidence in
12 two and a half weeks and in six weeks it may start fading away.
13 So I would like a shorter -- a shorter time frame, but that
14 said, if you all talk to each other and come up with some other
15 reasonable plan that everybody agrees on, I have -- I took good
16 notes.  We've got a transcript.  I'm going to do some thinking
17 and note taking now that I know what the verdict is about the
18 matter before I hear from you all.  So -- I mean, I know what
19 the issues are, so that won't be hard.  But I do want to hear
20 what you all have to say about it before I make a final
21 decision.

22     I may not have -- I'll give the verdict sheet to the clerk
23 and you all are welcome to take a look at it when we recess.

24     Is there anything else you want to talk about today?

25       **MR. BARRETT:**  No, Your Honor.

1   **THE COURT:**  No.  Okay.  Again, I appreciate counsel's

2   excellent work.  It was a good trial.  I think all the

3   positions were presented to the jury.  You know, they were --

4   they took everything really seriously.  They were very

5   attentive, so they were a good group.

6      Okay.  I will see you all later and court is adjourned.

7      (Proceedings concluded at 2:46 p.m.)

8

9

10                      **C E R T I F I C A T E**

11      I, LORI RUSSELL, RMR, CRR, United States District Court
    Reporter for the Middle District of North Carolina, DO HEREBY
12   CERTIFY:

13      That the foregoing is a true and correct transcript of the
    proceedings had in the within-entitled action; that I reported
14   the same in stenotype to the best of my ability and thereafter
    reduced same to typewriting through the use of Computer-Aided
15   Transcription.

16

17   _Lori Russell_

18   Lori Russell, RMR, CRR        Date:  1/26/17
    Official Court Reporter
19

20

21

22

23

24

25