IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT
OF NORTH CAROLINA

THOMAS KRAKAUER,

        Plaintiff,

v.

DISH NETWORK LLC,

        Defendant.

Case No. 1:14-CV-00333-CCE-JEP

## DISH NETWORK L.L.C.'S SUR-REBUTTAL

DISH Network L.L.C. ("DISH") submits this sur-rebuttal to respond to an exhibit newly introduced in Plaintiff's rebuttal closing brief filed on February 13, 2017. In that brief, Plaintiff cited DISH Network Corporation's Form 10-K for the fiscal year ended December 31, 2015, filed with the Securities Exchange Commission ("SEC") on February 18, 2016, provided an internet link to the filing, and quoted from the document.[1] Doc. 313 at 8. Not only was it improper for Plaintiff to inject a new exhibit into the case in his rebuttal, Plaintiff's quote is misleading and taken out of context. DISH Network Corporation's 2015 Form 10-K does not support Plaintiff's assertions that

---

[1] As a public company, DISH Network Corporation files quarterly financial statements (Form 10-Qs) with the SEC after the end of the first three quarters of each year, and, after the end of the fourth quarter of each year, an annual financial statement in a Form 10-K. DISH Network L.L.C., the entity that operates the pay TV business, is a wholly-owned subsidiary of DISH Network Corporation, which is a holding company.

1

only an enhanced award would be material to DISH's financial condition. In fact, the document shows that $20.5 million is a material sum of money to DISH.

Any exhibit that Plaintiff intended to use on the "willful or knowing" issue should have been disclosed on Plaintiff's list of trial exhibits, which was originally filed on April 1, 2016 with a final version submitted on January 3, 2017. Doc. 164-5; Doc. 274. This document, which has been publicly available since February 18, 2016, was not on any version of Plaintiff's exhibit list, nor was it disclosed in response to the Court's express request for any additional evidence that Plaintiff might seek to use for the non-jury phase of the trial. Jan. 13, 2017 Tr. at 62:25-63:24.

To the extent the Court is nonetheless willing to consider this untimely new exhibit through judicial notice, the Court should have the full picture of what the exhibit shows on materiality. Plaintiff selectively quotes the following language: "management does not believe . . . that the outcome of these proceedings will have a material impact on our financial condition." Doc. 313 at 8. Plaintiff tactically omits relevant and necessary context to that statement. The full paragraph states the following:

> For certain cases described on the following pages, **management is unable to provide a meaningful estimate of the possible loss or range of possible loss, because, among other reasons, (i) the proceedings are in various stages**; (ii) damages have not been sought; (iii) damages are unsupported and/or exaggerated; (iv) there is uncertainty as to the outcome of pending appeals or motions; **(v) there are significant factual issues to be resolved**; and/or (vi) there are novel legal issues or unsettled legal theories to be presented or a large number of parties (as with many patent-related cases). For these cases, however, management does not believe, **based on currently available information**, that the outcomes of these proceedings will have a material adverse effect on our financial condition, **though the outcomes**

2

> **could be material to our operating results for any particular period, depending, in part, upon the operating results for such period.**

Ex. A (DISH Network 2015 10-K filed February 18, 2016) at F-56 (emphasis added).

The full paragraph makes plain that the outcome of this case, which, of course, was not known at the time, could very well be material, particularly to the operating results for a specific period. On the other page cited by Plaintiff specifically addressing do-not-call litigation, F-58 (Doc. 313 at 8), DISH explicitly stated "[w]e cannot predict with any degree of certainty the outcome of these suits or determine the extent of any potential liability or damages." Ex. A at F-58. Indeed, DISH did not predict the outcome of the jury's verdict in this case, which DISH's upcoming Rule 50(b) motion will show lacks support in the evidence and the law. Furthermore, DISH lists do-not-call litigation upfront in its legal and regulatory risk section, stating: "a ruling in the Do Not Call litigation requiring us to pay substantial civil penalties and/or damages. . . **could have a material adverse effect on our results of operations, financial condition and cash flow**." Ex. A at iii (emphasis added).

DISH respectfully submits that no enhanced award is warranted in this case for the reasons stated within this brief as well as previously stated in DISH's post-trial briefing. The trial record shows that DISH did not act willfully or knowingly and there is no basis for the Court to exercise discretion to increase the jury's significant award.

Dated: February 28, 2017						Respectfully submitted,


						By: /s/ Peter A. Bicks
						Peter A. Bicks
						Elyse D. Echtman
						John L. Ewald
						ORRICK, HERRINGTON & SUTCLIFFE LLP
						51 West 52nd Street
						New York, New York 10019-6142
						Telephone: (212) 506-5000
						pbicks@orrick.com
						eechtman@orrick.com
						jewald@orrick.com


						 /s/ Richard J. Keshian
						Richard J. Keshian
						North Carolina Bar No. 10681
						KILPATRICK, TOWNSEND & STOCKTON, LLP
						1001 West 4th Street
						Winston-Salem, NC 27101
						Telephone: (336) 607-7322
						rkeshian@kilpatricktownsend.com

						*Attorneys for Defendant DISH Network L.L.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2017, I electronically filed the above document, along with accompanying exhibits, with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to all counsel of record.

 /s/ Peter A. Bicks
Peter A. Bicks
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone:  (212) 506-5000
pbicks@orrick.com
eechtman@orrick.com
jewald@orrick.com

*Attorneys for Defendant DISH Network L.L.C.*