# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THOMAS KRAKAUER, | |
| Plaintiff, | Case No. 1:14-CV-00333-CCE-JEP |
| v. | **Oral Argument Requested** |
| DISH NETWORK LLC, | |
| Defendant. | |

## BRIEF IN SUPPORT OF DISH NETWORK L.L.C.'S MOTION
## FOR POST-TRIAL PROCEDURES

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT ................................................................................................................. 2

I. EACH CLASS MEMBER MUST PROVE THE SUBSCRIBER/RECIPIENT ELEMENT ............................................................ 2

II. THE COURT DEFERRED DETERMINATION OF THE SUBSCRIBER/ RECIPIENT ELEMENT TO AN ADVERSARIAL POST-TRIAL PROCESS ................................................................................................................ 3

III. THE POST-TRIAL PROCESS MUST BE ADVERSARIAL AND ALLOW DISH AN OPPORTUNITY FOR CROSS-EXAMINATION ................ 6

IV. DISH'S PROPOSAL .................................................................................................. 9

    A. Submission of Claim Forms ........................................................................... 9

    B. Claims Review ............................................................................................. 12

    C. Claims Resolution ........................................................................................ 12

V. DISH IS NOT LIABLE FOR CALLS UNLESS THE OSTENSIBLE CLASS MEMBER SATISFIES THE SUBSCRIBER/RECIPIENT ELEMENT .................................................................................................................. 13

VI. AN APPEALABLE FINAL ORDER CANNOT ISSUE UNTIL AFTER THE POST-TRIAL PROCESS IS COMPLETE ................................................... 15

CONCLUSION ............................................................................................................ 16

Pursuant to the Court's April 18, 2017 Order (Doc. 328), Defendant DISH Network L.L.C. ("DISH") respectfully moves the Court to implement the below proposal for post-trial procedures in this action.

## PRELIMINARY STATEMENT

Post-trial proceedings are necessary in this case to resolve the outstanding essential element of each ostensible class member's TCPA claim: whether each person was the (i) call recipient; or (ii) residential telephone subscriber at the time that SSN's telemarketing calls were made.[1] Consistent with DISH's due process and Seventh Amendment rights, the determination of this essential element requires an individualized adversarial process in which DISH has an opportunity to challenge each claim.

Before trial, the Court deferred determination of the subscriber/recipient element of the class's TCPA claims, and declined to include this essential element (and DISH's related defenses) on the verdict sheet. Both the parties and the Court correctly acknowledged that this case-management decision would necessitate further adversarial post-trial proceedings if the jury were to enter a verdict in Plaintiff's favor.

DISH's proposed post-trial procedures offer a fair, reasonable, and practical approach to resolve the final element of each ostensible class member's TCPA claim. First, each ostensible class member must submit a claim form. Then, the parties will

---

[1] In the April 18, 2017 Order, the Court noted that it anticipates denying DISH's pending Rule 50(b) motion for judgment as a matter of law and DISH's pending Rule 59 motion for a new trial. DISH respectfully submits that its motion for judgment as a matter of law, or in the alternative its motion for a new trial, should be granted.

1

have the opportunity to review each claim form and confer in an effort to identify claimants for whom no material issue of fact exists on the subscriber/recipient element. To the extent the parties disagree, and the Court finds that there are material issues of fact, each of the disputed claims will be resolved through jury trials consistent with DISH's due process and Seventh Amendment rights.

## ARGUMENT

### I. EACH CLASS MEMBER MUST PROVE THE SUBSCRIBER/RECIPIENT ELEMENT

An essential element of each ostensible class member's claim under the do-not-call provisions of the TCPA is that he or she was the residential telephone subscriber or actual recipient for the calls at issue. Indeed, the plain language of the TCPA provision that establishes a do-not-call private right of action specifically requires proof that the plaintiff is "[a] person *who has received* more than one telephone call within any 12-month period." 47 U.S.C. § 227(c)(5) (emphasis added).[2]

The plaintiff bears the burden of proof on the essential subscriber/recipient element of a TCPA claim. *See, e.g.*, *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 327 (3d Cir. 2015) ("The burden of proof will . . . be on [the plaintiff] to demonstrate that he answered the telephone when the [violative call] was received."). Accordingly, when a plaintiff has failed to prove that he or she was a residential telephone subscriber, courts

---

[2] DISH previously argued that this language was limited to residential telephone subscribers, but the Court disagreed, finding that the language was broader and included the recipient of a violative call. Doc. 111 (Mem. Op. and Order) at 12-14.

2

have entered summary judgment in favor of the defendant. *See Lee v. Loandepot.com, LLC*, No. 14-CV-01084-EFM, 2016 WL 4382786, at *6-7 (D. Kan. Aug. 17, 2016).[3]

## II. THE COURT DEFERRED DETERMINATION OF THE SUBSCRIBER/ RECIPIENT ELEMENT TO AN ADVERSARIAL POST-TRIAL PROCESS

Before trial, the Court decided not to present the subscriber/recipient element to the jury, and instead deferred litigation of that element to post-trial procedures. As a result, the entire trial—from the evidence excluded by the Court to the verdict form and jury instructions—was premised on the understanding that the ostensible class members would bear the burden of establishing the subscriber/recipient element in an adversarial post-trial process.

The Court observed many times that the subscriber/recipient element must be proven before DISH can be held liable to any individual class member:

- "[A TCPA plaintiff] still can't win until you say, this was my phone number. Right? I mean, this was my telephone that was ringing." Sept. 8, 2016 Hr'g Tr. at 63:24-64:5.

- The subscriber/recipient question "is either an element of the . . . claim, or it is something that has to be dealt with in a claims process. You can't get money if it is not your phone number. . . . [Y]ou have to show before somebody can get a check, that it was their phone number, and you have to

---

[3] While the private right of action provision sometimes is characterized as a statutory standing provision, statutory standing also is "an element of the cause of action." *Wall & Assocs., Inc. v. Better Bus. Bureau of Cent. Virginia, Inc.*, No. 1:16-CV-119, 2016 WL 3087055, at *1 (E.D. Va. May 31, 2016); *see also United States v. $58,000.00 in U.S. Currency*, No. 5:11CV95-RLV, 2012 WL 2884697, at *3 & n.6 (W.D.N.C. July 13, 2012) ("[T]he 'statement that Claimants lacked "standing" is simply another way of stating that Claimants had failed to establish on the merits a property interest entitling them to relief.'" (quoting *United States v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1014 (8th Cir. 2003))).

3

> prove that to the jury on a class basis as a group, or in some claims process . . . down the road." *Id.* at 64:7-21.

- "[T]his subscriber recipient issue[] kind of gets bound up in there as well. If this was just one person coming in and being sued, they would have to show it was their phone number." *Id.* at 66:8-12.

- "[W]here a person can't be tied to the phone number, I'm not really sure why DISH has to pay damages for those people." Dec. 12, 2016 Hr'g Tr. at 75:11-22.

DISH sought to present the subscriber/recipient element to the jury at trial, but the Court disallowed the evidence and deferred the issue to post-trial proceedings. In addition to DISH's wholesale challenges to Plaintiff's evidence on this element, DISH's proposed verdict sheet included challenges to groups of telephone numbers for which Plaintiff's proof had further common deficiencies—such as no name associated with the telephone number. *See* Doc. 228-3 at 2 (DISH's Second Revised Proposed Verdict Sheet); Doc. 238-2 at 2 (DISH's Third Revised Proposed Verdict Sheet). The Court excluded those challenges from the final verdict sheet, *see* Doc. 292 (Verdict Sheet), on the stated grounds that "[s]uch issues are not conducive to a class-wide trial and can be resolved post-trial using procedures to be determined later." Doc. 242 (Order); *see also* Dec. 12, 2016 Hr'g Tr. at 79:7-80:2 ("We're not going to be trying those issues [of who, if anyone, is associated with the telephone numbers] in January."); Jan. 17, 2017 Trial Tr. at 159:25-160:2 (overruling DISH's jury instructions objection that "it remains DISH's position that the identity is an element of the claim, that they must prove that the class member was a subscriber or recipient of the call," explaining that, "I'm not saying we're

4

not going to deal with that down the road, but we're not going to deal with it in this trial").

The Court similarly instructed the jury that the subscriber/recipient question would be addressed separately in post-trial proceedings: "There will be additional proceedings in the case which won't involve you, where the Court and parties will involve (sic) any individual issues, such as the names and addresses . . . ." Jan. 18, 2017 Trial Tr. at 114:13-15; *see also* Doc. 293 (Final Jury Instructions) at 14.

Furthermore, the Court repeatedly highlighted that the post-trial process would need to afford DISH an opportunity to present individualized challenges that were not submitted to the jury, including challenges to the subscriber/recipient element:

- "[W]e have to have, I think, some mechanism—if you assume that the plaintiff wins, there is still going to be, I think, some individual questions that Dish is going to be entitled to raise. We have to figure out how that is going to be done." June 3, 2016 Hr'g Tr. at 113:2-6.

- "[I]f there are individual challenges for particular people under particular circumstances, you know, we can identify those. If there is a couple of hundred of them, we'll figure out how to deal with them, should the plaintiffs win." Sept. 8, 2016 Hr'g Tr. at 75:16-20.

- "[I]f the jury does not decide anything having to do with names associated with phone numbers, then you have to have some sort of claims process and opportunity for the defendant to challenge the name associated with the phone number." *Id.* at 67:22-68:1.

- "[I]n terms of where there are questions about identity . . . I think we're going to have to have some sort of claims process." Dec. 12, 2016 Hr'g Tr. at 75:15-17.

In fact, before trial, Plaintiff's counsel agreed with the Court and DISH that an adversarial post-trial process would be needed, stating that individual class members

would have to submit "a declaration or affidavit saying this was my number" and that DISH "would have the right to challenge" those submissions. Sept. 8, 2016 Hr'g Tr. at 68:2-7.

In short, the Court previously determined that the subscriber/recipient element was not susceptible to class-wide proof, did not present that question to the jury, and recognized that, as a result, the post-trial process must require ostensible class members to affirm that they owned the residential telephone numbers or received the telephone calls, and allow DISH to raise individualized defenses to those claims.

## III. THE POST-TRIAL PROCESS MUST BE ADVERSARIAL AND ALLOW DISH AN OPPORTUNITY FOR CROSS-EXAMINATION

Because consideration of the subscriber/recipient element was deferred to post-trial proceedings, DISH has not yet had the opportunity to put on a defense to that element. As the Court previously recognized, DISH must now be given that opportunity. To accommodate DISH's due process and Seventh Amendment rights, DISH is entitled to challenge individual claimant's subscriber/recipient evidence and present those challenges to a jury for resolution.

If an ostensible class member sued DISH individually, he or she would have the burden of proof on the subscriber/recipient element, and DISH would be entitled to a jury trial to resolve any material issues of fact on that element. That Plaintiff chose to bring these proceedings as a class action does not relieve the individual class members of the need to carry that burden. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,

559 U.S. 393, 408 ("A class action . . . leaves the parties' legal rights and duties intact and the rules of decision unchanged.").

Because DISH was precluded from presenting evidence on the subscriber/recipient issue at trial, due process, the Rules Enabling Act, and the Seventh Amendment all require that DISH have that opportunity in post-trial proceedings. "A defendant in a class action has a due process right to raise individual challenges and defenses to claims, and a class action cannot be certified in a way that eviscerates this right or masks individual issues." *Carrera v. Bayer Corp.*, 727 F.3d 300, 307 (3d Cir. 2013). And where class members still have to prove an element of their claim in a post-trial claims process, "due process requires that [the defendant] be allowed to participate in that process." *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1259 (11th Cir. 2003), *aff'd sub nom. Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

Furthermore, under the Rules Enabling Act, the Federal Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Accordingly, Rule 23 cannot deprive DISH of the opportunity to raise any defenses that would be available in a single-plaintiff lawsuit. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011) ("[A] class cannot be certified on the premise that [the defendant] will not be entitled to litigate its statutory defenses to individual claims.").

DISH also has a Seventh Amendment right to try the subscriber/recipient element to a jury. Once the right to a jury trial attaches to a claim, it extends to all factual issues necessary to resolve that claim. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510-11

7

(1959); *see also Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 423 (5th Cir. 1998) (holding that jury trial right extends to all factual issues necessary to determine defendant's liability on claim covered by the Seventh Amendment). Thus, DISH is entitled to have a jury resolve the subscriber/recipient element of the ostensible class members' claims given that a jury already has decided the other elements of those claims. A plaintiff's choice to use the class action mechanism does not deprive a defendant of its right to a jury trial under the Seventh Amendment. *See Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 320-21 (5th Cir. 1998) (reversing judgments in favor of absent class members because of defendant's "Seventh Amendment rights to have a jury determine[] the distinct and separable issues . . . of each of the [absent] plaintiffs").

Applying these constitutional and statutory principles, courts consistently have recognized that class members must carry their burden of proof on individualized issues through a trial proceeding in which the defendant has the ability to challenge the individualized evidence. *See Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2012 WL 4343223, at *4 (N.D. Ill. Sept. 21, 2012) (holding that individual claims must be resolved at trial where claim form responses showed issue of fact on element of claim); *Allapattah Servs.*, 333 F.3d at 1252, 1258-59 (affirming claims process through which class action defendant "could contest each of the remaining class members' claims"); *In re Shell Oil Refinery*, 136 F.R.D. 588, 596 (E.D. La. 1991) (requiring each plaintiff individually to prove elements of claim and affording defendants a fair opportunity to contest the claims through abbreviated trials), *aff'd sub nom. Watson*

*v. Shell Oil Co.*, 979 F.2d 1014 (5th Cir. 1992), *on reh'g*, 53 F.3d 663 (5th Cir. 1994); *Jenkins v. Raymark Indus., Inc.*, 109 F.R.D. 269, 279 (E.D. Tex. 1985) (holding that individual questions can be determined "through adoption of a procedure of mini-trials to be held after the class-wide determinations"), *aff'd*, 782 F.2d 468 (5th Cir. 1986). DISH's proposal for a post-trial process satisfies these requirements.

## IV. DISH'S PROPOSAL

DISH proposes the following set of post-trial procedures, which provide a streamlined and efficient means for DISH to exercise its rights to raise individualized challenges to the subscriber/recipient element:

### A. Submission of Claim Forms

The first step in the process entails mailing claim forms to each ostensible class member using the names and addresses originally used for class notice. A proposed claim form is attached as Exhibit A. The different sections of the proposed form are based on claim forms from a TCPA settlement and comparable contexts.[4] The proposed claim form:

---

[4] Due to the rarity of contested post-trial claims processes, the examples cited herein are all drawn from the settlement context with the exception of the form used in *In re Vivendi Securities Litigation*. Consistent with the more detailed *In re Vivendi* claim form, the proposed claim form here has been modified for the contested, adversarial post-trial process.

9

- provides information on the jury verdict and what remains to be decided through post-trial proceedings (*see, e.g.*, Ex. B at 1 (claim form used in *St. Joseph Health Sys. Med. Info. Cases*, JCCP No. 4716 (Cal. Super. Ct.))[5]);

- requests the claimant's current name, residential address, telephone number and email address (*see, e.g.*, Ex. B at 1; Ex. C at 1 (claim form used in *Seal v. RCN Telecom Servs., LLC*, No. 2016-CH-07073 (Ill. Cir. Ct.))[6]);

- asks whether the claimant owned one of the residential telephone numbers at issue in the case or answered two or more calls from SSN promoting DISH's services (*see, e.g.*, Ex. C at 2);

- requests information from the claimant on the telephone number and telephone calls, including documents relevant to the claim (*see, e.g.*, Ex. B at 2; Ex. D at 3 (claim form used in *Dial Corp. v. News Corp.*, No. 13-cv-06802 (S.D.N.Y.))[7]; Ex. E at 2 (claim form used in *Fox v. Nissan N. Am., Inc.*, No. CGC-09-490470 (Cal. Super. Ct.))[8]; Ex. F at 3-4 (claim form used in *In re Vivendi Sec. Litig.*, Doc. 1197, No. 1:02-cv-05571 (S.D.N.Y.)));

- includes a Form W-9 to be filled out by the claimant, to enable issuing a Form 1099-MISC with any eventual payment on a judgment (*see, e.g.*, Ex. F at 5);

- requires that the claimant verify that the claim has not been resolved previously through a settlement, certify that he or she understands that DISH has the right to dispute his or her claim, and certify under penalty of perjury that all information provided is true and accurate, including the documentation submitted along with the claim form (*see, e.g.*, Ex. B at 2; Ex. C at 2; Ex. E at 2).

---

[5] *Available at* http://www.sjhsdatabreachclassaction.com/Documents/SJK0001/SJK_POC_it_web_1501015.pdf.

[6] *Available at* http://rcntcpasettlement.com/Content/Documents/Claim%20Form.pdf.

[7] *Available at* http://www.instorepromotionslitigation.com/Documents/NWD0001/v9_NDT_Claim_061416_FINAL-WEB.pdf.

[8] *Available at* http://www.NissanPowerValveScrewSettlement.com (follow "File a Claim" link).

The claim form should be distributed to ostensible class members based on the mailing addresses that A.B. Data used for the class notice campaign. However, in light of A.B. Data's work on Plaintiff's behalf before and during trial, an independent claims administrator should be appointed. A.B. Data has had an inappropriate stake in the outcome of the case, having provided expert services and other advocacy on Plaintiff's behalf during the course of the action. Additionally, Plaintiff has refused to share much of A.B. Data's class notice data and sources with DISH. *See* Dec. 12, 2016 Hr'g Tr. at 75:24-81:3. The class notice process was conducted under Plaintiff's control without transparency. In connection with post-trial proceedings, all information should be made equally available to both sides and claims administration should be conducted by a neutral entity that is not aligned with a particular side.

The ostensible class members should be provided no more than 45 days to return executed claim forms. If an ostensible class member fails to return a completed claim form on which, among other things, he or she affirms ownership of one of the residential telephone numbers at issue in the case or that he or she answered two or more calls from SSN promoting DISH's services, then the ostensible class member's claim should fail for inability to meet this essential element. For that ostensible class member, Plaintiff will not have met his burden to show that the person was the subscriber or recipient for the telephone calls at issue. As Plaintiff has previously acknowledged, individual class members should have to submit "a declaration or affidavit saying this was my number." Sept. 8, 2016 Hr'g Tr. at 68:2-7. Without such a declaration, Plaintiff cannot establish

11

that his class notice campaign identified the correct person who might be entitled to succeed on a claim for $400 per telephone call.

### B. Claims Review

For those claim forms that are returned to the class administrator, the parties and the Court should all have an opportunity to assess the sufficiency of the information provided in the claim forms and documentation submitted. After conferring, if the parties agree that a returned claim form fails to satisfy the subscriber/recipient element (such as by conceding that the individual did not subscribe to or receive calls on a telephone number at issue), then that individual's TCPA claim fails. If the parties agree that a returned claim form satisfies the subscriber/recipient element, then that individual's TCPA claim succeeds. If the parties disagree on the sufficiency of the information provided in the claim form to establish whether or not the claimant was a subscriber or recipient, then the claim will be resolved through a further adversarial process, including but not limited to the right to a deposition of the claimant to test the claim's validity. *See, e.g.*, *Jaffe Pension Plan*, 2012 WL 4343223, at *4-5.

### C. Claims Resolution

Disputed claims may be resolved through summary judgment and trial. To the extent that a party contends that there are no genuine issues of material fact as to an ostensible class member's claim, the party may move for summary judgment in its favor before this Court. For those claims involving disputed issues of material fact, the subscriber/recipient element must be tried to a jury with DISH having the right to cross-

12

Case 1:14-cv-00333-CCE-JEP   Document 330   Filed 04/26/17   Page 14 of 20

examine the individual claimant. This Court should preside over any such mini-trials, and DISH would work with Plaintiff and the Court to minimize any burden on claimants, including by arranging for claimants to testify remotely by live video feed from a local courthouse.

Once this post-trial process is complete, the TCPA damages will be fixed, and a final judgment may be entered in favor of those class members who have proven all elements of their TCPA claims. It will be DISH's responsibility to satisfy any such judgment, at the appropriate time, including after the exhaustion of all appellate rights, without the need for a class administrator to act as a middleman in mailing checks to class members.

## V. DISH IS NOT LIABLE FOR CALLS UNLESS THE OSTENSIBLE CLASS MEMBER SATISFIES THE SUBSCRIBER/RECIPIENT ELEMENT

The jury verdict did not establish a total damages award; instead it set the amount of damages to be awarded on a per-call basis for any violation that can be proven. *See* Doc. 292 (Verdict Sheet). Because the subscriber/recipient element has not yet been proven for any ostensible class member other than Dr. Krakauer, the scope of DISH's eventual liability is not yet known. Indeed, the Court refused to include a total damages award on the verdict sheet precisely because the scope of DISH's liability was deferred to post-trial proceedings. *See* Jan. 17, 2017 Trial Tr. at 158:23-159:12 ("[T]here are some issues that may have to be decided after this, and so . . . I think that number would be meaningless."); *id.* at 159:17-21 ("[W]e'll have some posttrial proceedings of some sort so that Defendant can present any individual issues . . . and so I'm not going to have them

13

Case 1:14-cv-00333-CCE-JEP   Document 330   Filed 04/26/17   Page 15 of 20

determine the total amount."). DISH ultimately will be liable only to those class members who succeed in carrying the burden of proof on the subscriber/recipient element.

The law is clear that a total damages award cannot be entered against a class action defendant before the resolution of individualized challenges to the claims of ostensible class members. *See Allapattah Servs.*, 333 F.3d at 1257 (affirming denial of aggregate damages award because "individualized proof of claims" present "considerations that must be taken into account to calculate the correct amount of damages during the claims process," including "accounting for those [class members] who either have opted out of the class or not submitted claims"); *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 231 (2d Cir. 2008) (reversing aggregate damages award because awarding damages before processing individual claims "would inevitably alter defendants' substantive right to pay damages reflective of their actual liability" in contravention of the Rules Enabling Act and the Due Process Clause), *abrogated on other grounds by Bridge v. Phx. Bond & Indem. Co.*, 553 U.S. 639 (2008).

Furthermore, the Fourth Circuit has soundly rejected such "fluid recovery" schemes. "Fluid recovery" refers to a process where: "First, defendant's aggregate liability is determined in a single, class-wide adjudication . . . . Second, individual class members are afforded an opportunity to collect their individual shares . . . . Third, any residue remaining after individual claims have been paid is distributed to the class benefit under cy pres or other doctrines." *McLaughlin*, 522 F.3d at 231 (quotation marks and

14

citation omitted). The Fourth Circuit squarely rejected "fluid recovery" and the attendant distribution of unclaimed damages through *cy pres*, as "illegal . . . and wholly improper." *Windham v. Am. Brands, Inc.*, 565 F.2d 59, 72 (4th Cir. 1977) (quoting *Eisen v. Carlisle & Jacquelin*, 479 F.2d 1005, 1018 (2d Cir. 1973), *vacated on other grounds*, 417 U.S. 156 (1974)); *see also Democratic Cent. Comm. of D.C. v. Washington Metro. Area Transit Comm'n*, 84 F.3d 451, 455 & n.2 (D.C. Cir. 1996) (noting that *cy pres* is characterized as "fluid recovery" and implementation of fluid recovery is "controversial" and has been disallowed in some circuits, including the Fourth Circuit).

## VI. AN APPEALABLE FINAL ORDER CANNOT ISSUE UNTIL AFTER THE POST-TRIAL PROCESS IS COMPLETE

A district court order is "final" such that an appeal may be taken under 28 U.S.C. § 1291 only if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Edwards v. Greenfield*, 589 F. App'x 211 (4th Cir. 2015) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). "As a general rule, the touchstone of a final order is a decision by the court that a party shall recover only a *sum certain*. Accordingly, an order that determines liability but leaves damages to be calculated is not final." *Harbert v. Healthcare Servs. Grp., Inc.*, 391 F.3d 1140, 1145 (10th Cir. 2004) (quotation marks and citations omitted); *see also Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 744 (1976) ("Such judgments . . . where assessment of damages or awarding of other relief remains to be resolved have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291."). In the class action context, "[n]o final judgment can be entered until after individual class members have made claims and both

15

the validity and the amount of the claims have been determined." *Allapattah Servs., Inc. v. Exxon Corp.*, 157 F. Supp. 2d 1291, 1304 (S.D. Fla. 2001), *aff'd*, 333 F.3d 1248 (11th Cir. 2003). Here, both DISH's liability to individual class members other than Dr. Krakauer and the amount of damages DISH ultimately must pay have yet to be determined. Accordingly, there cannot be an appealable final order until the post-trial process to resolve those issues is complete.

## CONCLUSION

For the foregoing reasons, DISH respectfully requests that the Court order post-trial proceedings as described above.

Dated: April 26, 2017                    Respectfully submitted,

                                        ORRICK, HERRINGTON & SUTCLIFFE LLP

                                        By: /s/ Peter A. Bicks
                                        Peter A. Bicks
                                        Elyse D. Echtman
                                        John L. Ewald

                                        51 West 52nd Street
                                        New York, NY 10019-6142
                                        Telephone: (212) 506-5000
                                        pbicks@orrick.com
                                        eechtman@orrick.com
                                        jewald@orrick.com

                                        /s/ Eric Larson Zalud
                                        Eric Larson Zalud
                                        BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
                                        200 Public Square, Suite 2300
                                        Cleveland, OH 44114
                                        Telephone: (216) 363-4588
                                        ezalud@beneschlaw.com

                                        /s/ Richard J. Keshian
                                        Richard J. Keshian
                                        North Carolina Bar No. 10681
                                        KILPATRICK TOWNSEND & STOCKTON LLP
                                        1001 West 4th Street
                                        Winston-Salem, NC 27101
                                        Telephone: (336) 607-7322
                                        rkeshian@kilpatricktownsend.com

                                        *Attorneys for Defendant DISH Network L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2017, I electronically filed the above document with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to all counsel of record.

    /s/ Peter A. Bicks
Peter A. Bicks
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
pbicks@orrick.com

*Attorneys for Defendant DISH Network L.L.C.*