# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT
# OF NORTH CAROLINA

| | |
|---|---|
| THOMAS KRAKAUER, | ) |
| Plaintiff, | ) CASE NO. 1:14-CV-00333-CCE-JEP |
| v. | ) |
| DISH NETWORK LLC, | ) |
| Defendant. | ) |

## THE PARTIES' JOINT SUBMISSION

The parties make this Joint Submission in response to the Court's July 27, 2017 Memorandum Opinion and Order (Doc. 351) ("Order"), which directed the parties, absent a complete agreement, to make a joint submission on the following items: claim form, claims deadline, and instructions to class members. This Joint Submission and the compromise positions set forth within it are without prejudice to and without waiver of any claim of error or any position that the parties have taken in previous filings.

In accordance with the Court's Order, the parties exchanged proposals and engaged in multiple discussions—including an in-person meeting on August 15, 2017—to confer on the items that are subject of this Joint Submission. While those efforts were productive, the parties were unable to reach a complete agreement with respect to any of the above referenced items.

In an effort to compromise, the parties have significantly narrowed their areas of disagreement on the proposed instructions to class members. Plaintiff's proposed

instructions to class members are attached as **<u>Exhibit A</u>**. The sole areas of disagreement are reflected in DISH's proposed changes to Plaintiff's proposed instructions, which are attached as **<u>Exhibit B</u>**. The parties have a fundamental disagreement on the format of the claim form, and, for that reason, each party is submitting a proposed claim form for the Court's consideration. Plaintiff's and DISH's proposed claim forms are attached as **<u>Exhibits</u> <u>C</u>** and **<u>D</u>**, respectively. Finally, with respect to the deadline for submission of claims, Plaintiff proposes that class members have 120 days to return the claim form, while DISH proposes 45 days.

The reasons underlying the parties' respective positions are summarized below:

**I.      THOMAS H. KRAKAUER'S POSITION**

Plaintiff's claim form and instructions are intended to cause class members to submit claims, without imposing unnecessary barriers.

For example, Plaintiff's heading advising recipients of eligibility for a "large cash payment" not only is true, it is also eye-catching language that will cause recipients to take action. And Plaintiff's claim form limits documentary burdens that may stop the class member from submitting a claim. It is unnecessary for a perhaps skeptical class member to submit a tax-reporting form at the outset, before an eligibility determination has been made; the key is for the class member to initiate communication with the administrator, who can then work with the class member to ensure that tax forms are completed once eligibility is decided. The same is true for the telephone bills and other documentary evidence supporting the claim. The more a class member must search for

2

old bills, for example, before submitting a claim form, the more likely it is the claim form will be misplaced or forgotten. Documentary support can come later, after the class member has made the initial contact with the administrator. For this reason, Plaintiff proposes a 120-day claims period.

Finally, as the Court is aware, no claims administrator has been selected, and claims administrators are particularly skilled and experienced in devising effective claims processes. Once the administrator is selected, Plaintiff proposes to have the administrator review and revise the form and instructions where appropriate, subject to the Court's review.

## II. DISH NETWORK, L.L.C.'S POSITION

### *The Claim Form*[1]

The Court should adopt DISH's proposed claim form (Ex. D), which is simple, fair, and incorporates everything the Court identified for inclusion in its July 27, 2017 Order. Additionally, DISH's proposed form is structured to maximize the possibility that class members are correctly identified. Conversely, Plaintiff's claim form fails to request information that is needed to determine whether claimants are bona fide class members with standing to assert a claim in this action.

---

[1] DISH respectfully disagrees with the Court's rejection of DISH's original proposed claim form (Doc. 329-1) and reserves all appellate rights.

Plaintiff proposes a single yes/no question to determine whether the claimant is entitled to an award: "Did you or someone in your household have this telephone between May 11, 2010 and August 1, 2011? Y/N[.]"  A "yes" response to this question does not provide any clarity on whether the claimant is the telephone subscriber or whether someone else in the household was the subscriber during the class period.  The identity of the subscriber is a crucial piece of information.  An individual's status as a household member does not provide statutory standing to collect an award.  For example, if the phone number identified on the claim form was assigned to a cell phone owned by one of two roommates, the roommate who did not own the cell phone would qualify as a household member, but would not have a right to recover as a class member in this case. Under Plaintiff's proposed form, the parties will not know whether the claimant is a subscriber, a household member, or both, and will not know whether the claimant had any legal connection to the telephone number for purposes of this case.

On the other hand, DISH's proposed claim form first asks: "Was the above telephone number assigned to you in the time period from May 11, 2010 through August 1, 2011?"  If the answer is "yes," claimants are instructed to submit as proof documents specified in the Court's Order.  If the answer is "no," claimants are asked whether the telephone number was assigned to a member of their household.  If they answer "yes," and they know the name and address of that person, they are instructed, consistent with the Court's directions, to either forward the claim form to the correct person or write that person's name and address on the claim form.  The Court should adopt the approach set

4

forth in DISH's claim form, which, unlike Plaintiff's proposal, facilitates identification of those individuals who may have a legitimate right to payment.

DISH's proposed claim form also includes a request for claimants to submit a Form W-9, to enable issuing a Form 1099-MISC with any eventual payment on a judgment. Plaintiff does not appear to dispute that a Form W-9 will need to be filled out before any ultimate payment is made to class members who establish their right to payment. The $600 threshold for W-9 forms will be met given that the lowest payment a class member stands to receive is $2,400, before attorney's fees and costs. There is no valid reason why this information should not be submitted by claimants at the outset, as part of the claims process and simultaneously with the other documents they need to submit. Holding off the request for W-9 forms until after the claims process is completed will result in unnecessary, multiple mailings, at additional time and expense, and may lead to delay that could otherwise be avoided if the forms are gathered at the outset of the claims process.

Finally, DISH's claim form requests that claimants affirm "under the penalty of perjury of the laws of the United States" that the information they provide in the claim form "is correct to the best of [their] knowledge." An affirmation carries the strength of an oath. *See* Fed. R. Civ. P. 43(b) ("AFFIRMATION INSTEAD OF AN OATH. When these rules require an oath, a solemn affirmation suffices."); Fed. R. Evid. 603 ("Before testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designated to impress that duty on the witness's conscience."). DISH has included

standard language required under 28 U.S.C. § 1746 so that claimants understand the importance of the affirmation.

### *Instructions To Class Members*

The Court should adopt DISH's proposed changes to Plaintiff's instructions to class members (Ex. B), so that the instructions are accurate, complete, and fair. Plaintiff's proposed instructions contain inflammatory language that is not instructive to a claimant's evaluation of whether he or she is a bona fide class member. For example, Plaintiff's proposed instructions start with: "You Could Receive a Large Cash Payment for DISH Network Telemarketing Call . . . ." This type of language sounds more like a sweepstakes advertisement than a genuine legal notice. DISH proposes using standard language used in other cases that instructs that this is "a legal notice" and explains to claimants why the claim form was sent.

### *Deadline For Submission of Claims*

Given the simplicity of the claim form and the Court's stated intention to move this case along, DISH proposes a 45-day deadline for submission of claim forms. The proposed time period will provide a fair and informed opportunity for claimants to submit a claim, without unduly delaying the proceedings.

          Respectfully submitted,

Dated: August 28, 2017

          */s/* John W. Barrett
          John W. Barrett
          Brian A. Glasser
          Bailey & Glasser LLP

209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
bglasser@baileyglasser.com

*/s/* J. Matthew Norris
J. Matthew Norris
Norris Law Firm, PLLC
1033 Bullard Court, Suite 207
Raleigh, NC 27615
(919) 981-4775
(919) 926-1676 *facsimile*
jmn@ncconsumerlaw.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave., Third Floor
Natick, MA 01760
(508) 655-1415
Telephone: (508) 655-1415
mmcue@massattorneys.net

Edward A. Broderick
Anthony Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110
Telephone: (617) 738-7089
ted@broderick-law.com

*Counsel for Plaintiff Thomas H. Krakauer*


By: /s/ Peter A. Bicks
Peter A. Bicks
Elyse D. Echtman
John L. Ewald
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street

7

New York, NY 10019-6142
Telephone: (212) 506-5000
pbicks@orrick.com
eechtman@orrick.com
jewald@orrick.com

 /s/ Richard J. Keshian
Richard J. Keshian
North Carolina Bar No. 10681
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West 4th Street
Winston-Salem, NC 27101
Telephone: (336) 607-7322
rkeshian@kilpatricktownsend.com

*Attorneys for Defendant DISH Network L.L.C.*

8

# CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2017, I electronically filed the above document with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to all counsel of record.

    /s/ Peter A. Bicks
Peter A. Bicks
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
pbicks@orrick.com

*Attorneys for Defendant DISH Network L.L.C.*

# WORD COUNT CERTIFICATION

Peter A. Bicks, an attorney of record in the above captioned matter, hereby certifies that the foregoing submission contains 1,404 words, in compliance with the Court's word limitations as set forth in Local Rule 7.3(d), as calculated by the word count function of the word processing system used to prepare the foregoing brief.

/s/ Peter A. Bicks
Peter A. Bicks
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
pbicks@orrick.com

*Attorney for Defendant DISH Network L.L.C.*