# Exhibit 4

# REDACTED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THOMAS H. KRAKAUER,
on behalf of a class of persons,

Plaintiff,

v. Civil Action No. 1:14-cv-00333-CCE-JEP

DISH NETWORK, L.L.C.,

Defendant.

**DECLARATION OF THOMAS KRAKAUER**

I, Thomas Krakauer, declare as follows:

1. I am over the age of 18 years. I have personal knowledge of the matters contained in this declaration and, if called to testify, I could and would competently testify to them.

2. I am the lead consumer class plaintiff in this litigation as so appointed by the Court.

3. I reside at [redacted], and have resided at this address for more than thirty years.

4. After this case was certified to proceed as a class action, I received notice in the mail at [redacted]

5. I testified as a witness at trial in this matter on January 11, 2017.

6. On two occasions I was deposed in cases involving the illegal telemarketing calls at issue in this case. On both occasions, attorneys for Dish Network

were present. In both cases, I testified that I resided at [redacted]

7. I also testified at trial that I many years prior to the illegal calls at issue I purchased a DirecTV subscription from an entity I later learned was SSN.

8. I understand that my name and address were found in the Five9 records that SSN used to make the illegal telemarketing calls at issue. As I testified at trial, I received numerous illegal telemarketing calls from SSN.

9. I understand that the Court has asked my counsel to submit for its review the names and addresses of fellow class members who have been identified fully and without contradiction across the data used in this case by our notice expert to provide notice to class members.

10. I understand that my attorneys have identified approximately **11,000** fellow class members who have been identified fully and without contradiction across the data and that Dish has objected to almost all of these identifications **(98%).**

11. In fact, although I testified twice at deposition, and once at trial, Dish even claims that my identification is in doubt.

12. In support of its claim that even my identity is in doubt, Dish has produced data to my counsel that I have reviewed.

13. I understand from my counsel that the data Dish relies upon was not the data used by the notice expert to give notice to the class in this case. Instead, Dish recently obtained new data that it now uses to challenge my identity.

14. First, Dish claims my identity is in doubt because the new data it purchased identified "Janet Krakauer" and "Elizabeth Krakauer" as also being associated with my residential phone number.

15. Janet Krakauer was my wife. She passed away in 2005, long before the relevant class period in this case. I am not surprised that she shows up in the data as associated with my phone number as we lived together for many years, including years at 128 White Horse Run.

16. Elizabeth Krakauer was my mother. She passed away in 2006, long before the relevant class period in this case. I am not surprised that she shows up in the data as associated with my residential phone number as I cared for my mother during her later years and frequently provided my phone number to her care providers, including her nursing home.

17. Dish also claims my identification is in doubt because addresses found in the data it recently purchased purportedly "contradict" the sworn testimony I provided to Dish's attorneys on two occasions. My attorneys have provided me with a list of addresses which Dish claims "contradicts" the address where I have lived for thirty years and at which I received the court ordered notice of its certification of the class. These addresses, and my description of these addresses, are listed as follows

a. [redacted] This is the address for the Forest of Duke retirement community where my mother resided in the years before her death in 2006. To the best of my memory, my mother moved to this community in October of 1996.

b. [redacted] This was my mother's address in Washington DC prior to moving to a retirement community in Durham, North Carolina in 1996.

**c.** [redacted] This was the address my mother lived at before she moved to [redacted]

**d.** [redacted] This was a residential address for my mother before she moved [redacted] To the best of my memory, my mother lived in California in the 1984 or 1985.

**e.** [redacted] This was the address for my mother's Post Office box when she lived in [redacted], prior to her move to [redacted]

**f.** [redacted]**.** My wife, son and I moved to [redacted] in 1985. This was the address assigned to our home at that time. Eventually, Durham County converted everyone to street addresses and our residential address became [redacted].

g. [redacted] This was my address from 1974 until 1985 when my family moved to what is now known as [redacted]

h. [redacted] These are addresses where my family lived from 1972 to 1974.

Sworn to the best of my knowledge and belief, subject to the penalties of perjury.

***Thomas Krakauer*** ______________      ***11/20/17*** ______________

Thomas Krakauer      November 20, 2017