IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| THOMAS H. KRAKAUER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14-CV-333 |
| | ) | |
| DISH NETWORK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

Dish has filed a motion for reconsideration of the Court's decision on the plaintiff's motion for judgment. Doc. 422. To the extent Dish's motion is based on "reorganized" information and the arguments made in Section B of the brief, *see* Doc. 423 at 5-8, the motion will be denied.

"An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). Rule 54(b) gives courts broad flexibility to revise interlocutory orders "as the litigation develops and new facts or arguments come to light." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). It is not, however, a mechanism to give an unsuccessful party an automatic second bite at the apple.

For example, in *Carlson*, the plaintiff asked the court to reconsider its order granting the defendant's motion for summary judgment based on the plaintiff's failure to produce evidence sufficient to establish proximate cause. In support of the motion to

reconsider, the plaintiff offered additional evidence. The Fourth Circuit upheld the trial court's decision refusing to reconsider the matter, noting that "[w]e have consistently affirmed denials of motions to reconsider summary judgment rulings where the motion is merely a vessel for the very evidence that was initially lacking in opposition to summary judgment." *Id.* at 326.

In this case, the plaintiff moved for judgment as to several thousand class members pursuant to an order allowing the motion to be filed and granted as to those persons "identified fully and without contradiction in the existing data." Dec. 351 at 16, 21, 26. The plaintiff supported the motion with extensive documentary evidence and an affidavit from its expert, who had reviewed and summarized the existing data. *See* Doc. 407 at 3-7; Doc. 382-2.

In response, the defendant made tactical decisions to submit new information not part of the existing data in an effort to create disputes over who was entitled to recover the damages awarded by the jury and to not respond to the data as organized and submitted by the plaintiff. *See* Doc. 407 at 7-10. As the Court noted in the order defendant seeks to vacate, "Dish chose to dump thousands of pages of new data on Dr. Krakauer and to make broad-brush claims of inconsistencies largely unsupported with specific citation to existing data." *Id.* at 9-10. The Court "struggled to determine" when the opinions of Dish's expert were based on new data and when they were based on existing data, as the defendant did not provide a breakdown of its challenges with specific citation. *Id.* at 9-10. The Court rejected Dish's attempt to rely on evidence outside the existing data and refused to cull through Dish's data dump to locate evidence within the

2

existing data to support Dish's arguments. *Id.* at 10 n. 9. The Court was well within its discretion to "refus[e] to ferret out the facts that [Dish's] counsel had not bothered to excavate." *Cray Commc'ns, Inc. v. Novatel Comput. Sys., Inc.,* 33 F.3d 390, 395-96 (4th Cir. 1994).

Dish now returns to the Court with evidence it says is limited to the existing data. It asserts that the existing data establishes inaccuracies and mistakes in the work of the plaintiff's expert and creates disputes over whether the persons identified in the motion for judgment are entitled to recover damages without submitting a claim. This is very similar to the situation in *Carlson* and is an effort by Dish to obtain exactly the second bite at the apple that courts disfavor.

The cases that refuse to give a losing litigant a chance to make arguments and produce evidence that could have been presented in connection with the original motion are legion, as are secondary authorities supporting such decisions. As eloquently stated by the District Court in Maryland:

> Hindsight being perfect, any lawyer can construct a new argument to support a position previously rejected by the court, especially once the court has spelled out its reasoning in an order. It is hard to imagine a less efficient means to expedite the resolution of cases than to allow the parties unlimited opportunities to seek the same relief simply by conjuring up a new reason to ask for it.

*Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001) (Grimm, M.J., memorandum & order), quoted with approval in *Pinney v. Nokia, Inc*., 402 F.3d 430, 453 (4th Cir. 2005); *accord, e.g.*, *Cray Commc'ns,* 33 F.3d at 395 (noting that a party failing to set forth evidence sufficient to defeat summary judgment may not later submit supplemental

3

evidence purportedly demonstrating a dispute of material fact without legitimate justification as to why it failed to present that evidence during summary judgment proceedings);[1] *see generally Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."); *Wootten v. Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016); *see also* 18B Charles Alan Wright, et al., Fed. Prac. and Proc. Juris. § 4478 & n.42.5 (2d ed. 2017) (limiting the grounds for a motion for reconsideration protects both the courts and the parties against the burdens of unyielding advocates' repeat arguments).

There are times when a motion for reconsideration is appropriate, and "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Such situations are discretionary. *Id.* at 514-15.

---

[1] Cases in the Rule 60 context are clear that unsuccessful tactical decisions are an insufficient basis to support a motion to reconsider, *e.g., Ackermann v. United States*, 340 U.S. 193, 200 (1950) (denying relief based on "voluntary, deliberate, free, untrammeled choice"); *Schwartz v. United States*, 976 F.2d 213, 218 (4th Cir. 1992) ("[S]trategic decisions made during the course of litigation provide no basis for relief under 60(b)(6), even though with hindsight they appear wrong."); *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (reconsideration may not "be employed simply to rescue a litigant from strategic choices that later turn out to be improvident."), and this is equally true in the Rule 54(b) context. *See Kamatta v. Burwell,* No. WDQ-14-3684, 2016 WL 160653, at *3 (D. Md. Jan. 13, 2016) (noting that Rule 60(b) factors are relevant but not determinative in deciding Rule 54(b) motions).

Here, Dish has not provided any good reason why the Court should reconsider its decision. In its motion for reconsideration and supporting brief, Dish says it is submitting "the same evidence that it previously submitted," Doc. 423 at 8, but it does not direct the Court's attention to any place in the record where the Court could confirm that assertion.[2] Nor does it contend that the existing data evidence as "previously submitted" was in a comprehensible form. It offers no clear reason for not directly responding in the prior briefing to the plaintiff's evidence on its own terms. Instead, Dish now seeks to provide what it could have provided to the Court when the plaintiff's motion for judgment was pending, and what it should have provided if it wanted the Court to consider that evidence.[3] This effort to continue to shift tactics after losing and to string out the litigation will be rejected without requiring the plaintiff to respond. The Court will not consider this reorganized evidence, and the motion to reconsider based on this reorganized evidence will be denied.

---

[2] Dish cites three cases where courts allowed motions to reconsider because they had "overlooked" relevant evidence. *See* Doc. 423 at 5 (citing *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC,* 617 F. Supp. 2d 216, 218 (S.D.N.Y. 2009), *Microsoft Corp. v. AGA Sols., Inc.*, No. 05CV5796, 2009 WL 1033784, at *3 (E.D.N.Y. Apr. 17, 2009), and *Pac. Worldwide, Inc. v. Ample Bright Dev., Ltd.*, No. 11CV107, 2012 WL 11851410, at *1 (S.D.N.Y. Apr. 5, 2012)). In none of those cases was the court confronted with a litigant's tactical choice to fail to coherently address problems in the opposing party's evidence and failure to direct the Court's attention to evidence in support of its positions.

[3] Dish also cites *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003), but in that case, the court noted that a motion to reconsider is appropriate when the court has misapprehended facts or when a party produces new evidence that could not have been obtained through the exercise of due diligence. Here, Dish has not identified any facts misapprehended by the Court, nor has it offered any reason why it could not have presented the evidence it now seeks to present during the briefing on it original motion.

To the extent the motion to reconsider is based on other arguments, it is held open. Should other aspects of Dish's motion suffer from the same problem, the parties may address it in the briefing. *See, e.g.*, Doc. 423 at 10 (defendant's brief asserting that Dish "is investigating whether there are other instances in which the monetary damages Plaintiff seeks on behalf of individuals on the Judgment List are inconsistent with the jury's findings at trial").

To the extent Dish's motion is directed to the plaintiff's alleged failure to follow the Court's instructions in submitting the revised judgment list, *see* Doc. 423 at Section D, pp. 11-13, the Court's preliminary review of the record indicates there may be merit to Dish's contention. The parties are advised that the Court may treat this aspect of the motion to reconsider as a motion to strike. The plaintiff shall address these arguments in its brief in opposition.

It is **ORDERED** that to the extent the defendant's motion for reconsideration is based on alleged contradictions in the existing data supported by newly reorganized evidence, Doc. 423 at Section B, it is **DENIED**. It is otherwise held open for conclusion of the briefing.

This the 14th day of March, 2018.

_____
UNITED STATES DISTRICT JUDGE