IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THOMAS H. KRAKAUER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | 1:14-CV-333 |
| DISH NETWORK, L.L.C., | ) ) ) | |
| Defendant. | ) | |

## ORDER

Over a year ago, a jury found that Dish violated the Telephone Consumer Protection Act 51,119 times and that damages of $400 were appropriate for each violation. Doc. 292 at 2; Doc. 338 at 20. Over seven months ago, this Court found that Dish's violations were willful and trebled the damages. Doc. 338. The Court has attempted to fashion an appropriate mechanism for obtaining appellate review of all decisions related to liability while at the same time establishing an appropriate claims process that moves the matter expeditiously towards final distribution of damages to the class members. Some progress has been made, as the Court has concluded that over 11,000 class members are entitled to recover damages without the need for a claims process. Doc. 407.

Both Dish and the plaintiff believe that an interlocutory appeal of liability issues is not appropriate. Dish asks the Court to delay all appellate review while the claims process grinds through thousands of mini-trials or the equivalent. The plaintiff asks that

the Court enter judgment against Dish in the entire amount of $61,342,800 (51,119 violations x $1200).

As the Court noted some seven months ago, an aggregate judgment is appropriate in this case. Doc. 351 at 11. The Court held off on that to give Dish an opportunity to address issues it had with the identity of some class members. *Id*. Since that time, Dish has failed to suggest appropriate and efficient means for resolution of its purported identity issues, instead choosing to halfheartedly participate in meet-and-confer requirements, to bombard the Court with irrelevant and voluminous materials in connection with the plaintiff's motion for judgment, *see* Doc. 407 at 7-10, 12; to repeat arguments the Court has rejected many times, *see, e.g.*, Docs. 351 at 5-6 and 370 at 23; to seek a second bite at the apple when it loses on grounds it could have raised the first time the apple was presented, *see, e.g.,* Doc. 423 (brief on motion for reconsideration) and Doc. 428 at 5 (order denying same); and to continue to offer only cumbersome and inefficient methods of resolving purported challenges to class member identity that go well beyond identity disputes. *See, e.g.,* Doc. 417 at 5-7, 10-24.

The Court concludes that the time has come to enter judgment in favor of the class. Both a jury and this Court have concluded that Dish violated the TCPA thousands of times. The phone numbers are known, the number of calls are known, the jury established the amount of damages due for each violation, and the Court trebled those damages upon a finding of willfulness, as authorized by statute. Whether these findings are upheld or not on appeal, an appeal should allow the case to be brought to a close more quickly. While the appeal goes forward, remaining questions as to distribution of the

damages award can be resolved expeditiously and easily via a claims process established by an Order entered concomitantly herewith.

Concomitantly with this Order, the Court will enter judgment for the plaintiff class against Dish in the amount of $61,342,800 and will enter a claims process management order. In order to prevent harassment of class members via telephone calls, the Court will seal the class list of telephone numbers, as it has been doing for some time. *See*, *e.g.*, Doc. 408. All disbursement orders will make public the names of class members entitled to distributions.

This the 5th day of April, 2018.

_____
UNITED STATES DISTRICT JUDGE