IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THOMAS H. KRAKAUER, | ) | |
| on behalf of a class of persons, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:14-CV-333 |
| v. | ) | |
| | ) | |
| DISH NETWORK, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON CLAIMS PROCEDURES

By orders entered on January 25, 2018, March 14, 2018, and April 5, 2018, 2018, Docs. 407, 428, and 438, the Court has determined that judgment for the entire class is appropriate in the amount of $61,342,800; that as to approximately 11,000 class members there is no need for a claims process and all but a few issues have been resolved; and that a claims process is appropriate for the remaining class members. The Court is familiar with and has taken into account the entire history of this case and has specifically considered the parties' joint submissions. Docs. 380 and 417. Concomitantly with this Order, the Court has entered judgment in favor of the entire class.

The Court **ORDERS** and establishes the following claims procedures:

1.      The Court previously extended the claims period to June 18, 2018. *See* Text Order 03/21/2018.

2.      The Court previously appointed a Claims Administrator who shall continue to work under the terms of the appointment order, *see* Docs. 360 and 361, and who also shall undertake the tasks set forth in this Order.

3.      The Administrator shall update counsel regularly as to claims submitted.  This may be done in any reasonable and cost-effective manner, in the Administrator's discretion, including by maintenance of an online portal that can only be accessed by the parties and the Administrator, by weekly email summaries, or by any other reasonable means determined in the Administrator's discretion after consultation with the parties.  The Administrator shall provide counsel with copies of all claims forms and any accompanying documentation.

4.      The Court previously indicated its intent to appoint a Special Master and asked the parties for recommendations.  Text Order 03/21/2018.  The Court will enter a separate order later appointing a Special Master, whose duties shall include those set forth in this Order and in the Order entered today striking the plaintiff's February Lists.  It is likely that the Court will require Dish to pay all or most of the Special Master's fees and expenses.  The Court defers a decision on that issue until after the Special Master is appointed, at which time the Court anticipates establishing a briefing schedule.

5.      No claims form is necessary for the persons described in the Court's January 25 Order granting the plaintiff's motion for judgment as to persons clearly identified in the existing data, Doc. 407, as supplemented by the Court's Order denying the defendant's motion for reconsideration and striking the plaintiff's February submissions.  *See* Doc. 437.  In order to finalize the list of persons covered by these Orders, the following procedure is established:

> a.  Within ten (10) days of the date of this Order, the plaintiff shall revise the November Lists, filed on the docket at Doc. 385-1, in line with the representations it has made to the Court and the requirements of the Court's

2

orders, and the plaintiff shall provide the proposed Final List to Dish. The plaintiff's proposed Final List shall specifically identify any inclusions or changes made to correct transposition errors in the November Lists that affect the phone numbers, number of phone calls, or names on the November Lists. *See* Doc. 437 at 5-7.

b.  Within five (5) days thereafter, Dish, in writing, shall advise the plaintiff of any additional transposition errors and any other points of disagreement.

c.  The parties shall meet and confer to confirm that the proposed Final List complies with the terms of the Court's orders and the representations made by the plaintiff to the Court and to attempt to resolve any transposition errors.

d.  If the parties fail to agree on a Final List, the parties shall, within ten (10) days of the appointment of the Special Master, deliver a Joint Submission to the Special Master identifying areas of agreement and disagreement and containing the positions of both parties. Each side shall submit a proposed Final List. In the Joint Submission, the plaintiff may request that the Special Master correct in the Final List any transposition errors made in the November Lists that affect the phone numbers, number of phone calls, or names on the November Lists. The only issues for decision by the Special Master will be 1) whether the plaintiff's proposed Final List has deleted those persons required to be deleted from the November Lists by the Court's orders and the plaintiff's representations and does not include changes that this Court has not authorized or agreed to in its orders; 2) whether the plaintiff has identified

transposition errors in the November Lists that should be corrected in the Final List; and 3) approval of the plaintiff's proposed Final List or preparation of a recommended Final List.

i. If Dish objects to the plaintiff's proposed Final List but fails or refuses to submit its own proposed Final List, Dish's objections are waived and the Special Master shall issue an order adopting the plaintiff's proposed Final List.

ii. Dish need not and shall not repeat arguments that this Court previously rejected and shall not seek to expand the disputed issues before the Special Master beyond that approved by this Order. The Special Master shall not consider any such effort by Dish and Dish is advised that any such effort may result in an award of attorneys' fees to the plaintiff and in other appropriate sanctions.

iii. The Special Master is authorized to hold a telephone conference with the lawyers should he or she have questions, to require the parties to provide copies of any pleadings, briefs, declarations, orders, or other relevant material, and to require either party to submit its proposed Final List in an appropriate electronic and paper format or to reorganize its proposed Final List.

iv. The Special Master is authorized to consult with the Court if questions arise about application of the Court's orders and about housekeeping matters as needed. To the extent the Court provides substantive

4

direction, the Special Master will include that direction in his or her Recommendation.

e. As set forth in Federal Rule of Civil Procedure 53(d), the Special Master shall issue and file a Recommendation resolving any dispute over the Final List within forty-five (45) days of submission.

    i. Objections are due as set forth in Rule 53(f)(2) and shall be accompanied by a proposed Final List; a party's failure to submit a list will result in the objections being stricken. Any brief in support is limited to 4000 words. If no objections are filed the plaintiff shall provide a proposed disbursement order.

    ii. If objections are filed, the other party may respond within fourteen (14) days. The response brief is limited to 4000 words. Each party shall submit a proposed disbursement order consistent with its position. Failure to submit a proposed disbursement order will result in all objections being waived.

    iii. No reply briefs are allowed.

    iv. The Court may hold a hearing.

f. Upon completion of its review, the Court will rule on any objections to the Special Master's report and will enter a disbursement order as to all Class Members on the approved Final List.

g. If there is no dispute requiring resolution by the Special Master, the plaintiff shall file the Final List, with phone numbers sealed but names on the public record, along with a request for disbursement and a proposed order.

6. As to all persons and phone numbers not on the November Lists, or who are subsequently removed from the November Lists in the Final List, the following claims process will apply:

a. The Administrator will review all claim forms and determine if they are complete. This review and determination will take place on a regular basis and will continue until the end of the claims period. The Administrator's determination of whether a claim is complete or incomplete shall be noted in the portal, if one is established, or otherwise communicated to counsel by email or other reasonable method.

b. A "complete" claim form is one that has been submitted with all relevant information, including a signed claim form. Supporting information is helpful, but not required, particularly where the data regarding the claimant is reasonably consistent and the claimant has attested that he or she had the number in question during the class period.

c. With leave of the Special Master when needed to decide between claimants or to assist in resolving conflicting evidence, class counsel or counsel for Dish may serve subpoenas on telephone carriers to obtain information regarding ownership of class telephone numbers during the class period. Any

6

information so obtained shall be shared with opposing counsel, the Administrator, and the Special Master.

d. If the Administrator deems a claim form incomplete, the Administrator shall seek additional information from the claimant to give the claimant a full opportunity to establish class membership. The Administrator may seek such additional information even after the claims period has expired, but the absolute deadline for receipt of such additional information is August 1, 2018.

e. Within thirty (30) days of receipt of a completed claim, the Administrator will decide whether a claim is valid or invalid.

    i. A valid claim is one that the Administrator determines, using all available information, was submitted by the person who had the number during the class period or who resided in the household that had the number (or that person's representative).

    ii. In making its determination, the Administrator may consider documentation provided by the consumer, any records from telephone companies, any evidence already in the record, whether there are other claimants to the same phone number, and, if the parties agree, any other information or data regarding the consumer's claim that he or she is a class member.

    iii. If a claim is submitted after March 7, 2018, for a phone number included in the Final List established pursuant to Paragraph 5, the

Claims Administrator shall deny the claim if it is inconsistent with the Final List, absent agreement of the parties otherwise.

    iv.   The Administrator will note its determination in the portal, if one is established, or shall otherwise communicate that determination to counsel for Dish and class counsel. The Administrator also shall notify the claimant, but this notice is not required where the claimant has submitted a claim but has not provided a class telephone number.

f.  Any party dissatisfied with the Administrator's determination shall give notice of an intent to object to the other party within fourteen (14) days. If the Administrator finds the claim invalid and plaintiff's counsel does not intend to object, plaintiff's counsel shall give timely notice to the claimant, but this notice is not required where the claimant has submitted a claim but has not provided a class telephone number.

g.  If notice of intent to object is given, the parties shall meet and confer as to validity during the next seven (7) days. If they agree, they shall advise the Claims Administrator of the agreement.

h.  The affected claimant or counsel for either party may object to the Administrator's determination within thirty (30) days by emailing or writing the Administrator. The objection shall state the complete basis for the objection, which shall be specific to the individual claim and which shall not address any issue other than whether the claimant is the appropriate person to receive the damages award. Dish is prohibited from filing objections based on

8

arguments that this Court previously rejected or that go beyond the scope of the issues to be decided by this claims process. The objection may not be longer than two pages.

i. If no objection is timely made and in the absence of an agreement by all parties otherwise, the Administrator's determination will become a final decision. The Administrator shall notify the Special Master of such final decisions so that the decision can be included in the Special Master's final report.

j. Rulings on objections to the Administrator's validity determinations will be made by the Special Master under procedures the Special Master deems appropriate and efficient. The Special Master will make his or her decision on the basis of the documentation supplied to the Claims Administrator and, if he or she determines it is appropriate, any additional information submitted by the parties. Individual hearings are not authorized. The Special Master will make recommended findings as to each disputed claim.

k. No later than October 31, 2018, the Special Master will issue a report with his or her recommended findings as to all claimants and file it on the public docket.

l. Any party intending to object to any aspect of the Special Master's recommendations shall provide its proposed objections to opposing counsel within ten (10) days. The parties shall then meet and confer in an effort to narrow the issues for resolution by the Court. Objections not included in the

9

proposed objections are waived. If neither party indicates an intent to object, the parties shall confer as to the form of a disbursement order and the plaintiff shall submit a proposed order to the Court upon expiration of the objection period.

m. Objections to the Special Master's report must be filed with the Court within twenty-one (21) days of the filing of the Special Master's report. If objections are filed, the other party may respond within fourteen (14) days. Each party shall submit a proposed disbursement order consistent with its position. Failure to submit a proposed disbursement order will result in all objections being waived. No reply briefs are allowed. Word limits applicable to summary judgment briefing apply.

n. The Court may hold a hearing. Upon due consideration, the Court will rule on any objections to the Special Master's report.

o. Upon completion of its review, the Court will enter a disbursement order as to all claimants whose claims are approved.

7. To the extent a report by the Special Master contains class member phone numbers or personal information other than names, the Special Master shall file a redacted report on the public docket and shall file the unredacted report under seal.

8. Within twenty-one (21) days of entry of the final disbursement order, the parties shall exchange proposed orders directed towards disposition of any undisbursed funds. They shall then meet and confer within fourteen (14) days. If the parties agree, they

shall file a joint motion within fourteen (14) days of the meet-and-confer deadline. If the parties do not agree:

a.  Within fourteen (14) days of the meet-and-confer deadline, the plaintiff shall file a motion and proposed order along with a brief in support that does not exceed 5000 words.

b.  Within fourteen (14) days thereafter, the defendant shall file a motion and proposed order directed towards disposition of any remaining funds, along with one brief that both supports its motion and responds to the plaintiff's motion and that does not exceed 7000 words.

c.  If needed, within ten (10) days thereafter the plaintiff may file one brief that supports its motion and responds to the defendant's motion and that does not exceed 4000 words.

d.  If needed, within five (5) days thereafter the defendant may file one brief that supports its motion and does not exceed 2000 words.

**IT IS SO ORDERED**, this 5th day of April, 2018.


_____
UNITED STATES DISTRICT JUDGE