IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THOMAS H. KRAKAUER,
on behalf of a class of persons,

    Plaintiff,

v.                                         Civil Action No. 1:14-cv-00333-CCE-JEP

DISH NETWORK, L.L.C.,

    Defendant.

### Class Counsel's Response to Objections to Request for Attorneys' Fees and Nontaxable Costs

In their Motion for Attorneys' Fees and Nontaxable Costs, Class Counsel requested an ordinary fee (one-third of the common fund, plus expenses) for an extraordinary result: one of the largest ever trial judgments in a consumer class action. Now, from among more than 18,000 class members, only a relative handful, 40, have filed objections. (*See* ECF No. 470). Class Counsel respectfully responds as follows.

### Background

The information that could be provided to class members on the notice informing them of the attorneys' fee request was necessarily limited by the small space available on the postcard. In reviewing the objections, Class Counsel believe that many may be attributed to this limited information about the extent of Class Counsel's work on this case, and in particular the substantial risk involved in the contingent nature of class actions.

To provide that context, Class Counsel preface their response[1] with a brief summary of some of the points their attorney's fee expert, Prof. William Rubenstein, made in his filing with the Court.[2]

- In many ways, this case began in 2011, when Class Counsel first brought these illegal telemarketing claims in a case called *Donaca v Dish*. In 2013, a Colorado court ruled that Mr. Donaca could not represent a Do Not Call list class.

- In 2014 Dr. Krakauer began this case. Dish fought every issue. Dish so vigorously defended this case that it was much riskier than a standard contingent fee case.

- It took four years of hard-fought litigation for Dr. Krakauer and the class to win the jury verdict. But the case is not over, because Dish is appealing the outcome.

- Class actions that go to trial are rare; rarer still are those with a verdict for the plaintiffs. And as for the tripling of that verdict here: "this has to be one of the few such cases in American history."

- The "winner take all" nature of trial and appeal means each party is risking its entire case on the final outcome here. If Dish wins on appeal, the class may ultimately get nothing—and Class Counsel will have spent seven years working on the case and risked $5-$10 million of their attorneys' time, and also recover nothing.

---

[1] The Court already has this complete background. This preface is therefore intended to provide the objectors with additional information to evaluate the propriety of the fee request.

[2] Class counsel hired Harvard Law School professor and leading class action expert William Rubenstein to explain why, in his opinion, their request for an attorney's fee of two to four times their investment in this case is proper. Professor Rubenstein's full 28-page declaration can be found at www.dishclassaction.com.

2

## Class Counsel's Responses to Specific Objections

1. **Objections based on factual misunderstandings.**

    Ten of the forty objections received are based on simple factual misunderstandings:

    - A.T., H.M., and G.M. each object on the basis of their belief that they were not informed, prior to filing their claims, that Class Counsel would request a portion of the common fund as an attorneys' fee. However, the Court-approved notice, which was issued before the entry of judgment and before any fee request had been made, informed all class members that "the Court will reduce [the class members' awards] by some percentage to pay the attorneys' fees and costs requested by the class lawyers who tried the case."

    - B.M. writes that he cannot evaluate the fairness of the proposed fee without knowing the approximate number of billable hours Class Counsel devoted to the case as well as Class Counsel's normal hourly rate (*i.e.,* Class Counsel's lodestar). This information, however, is available in Class Counsel's fee petition, and the resulting "lodestar multiplier" is well within the acceptable range for comparable cases.

    - Objector D.C. complains that it would be unfair for Dish's lawyers to receive an award of attorneys' fees from the common fund. Of course, they will not.

    - J.H.'s objection that there should be no payment of any attorneys' fees "before the case is won," is warranted, but unnecessary; there will be no payment to class members or Class Counsel until Dish's appeals are exhausted and the Court has entered its disbursement orders.

    - S.P. is concerned that an "absolute" award could be excessive and suggests instead that Class Counsel's fee should be based on a percentage of the final judgment amount. Class Counsel has requested such a percentage of the final judgment.

    - Similarly, E.C. objects based on her mistaken belief that the attorneys' fee award could reduce the class members' payments to zero. While an understandable concern, this will not occur.

3

- J.G.'s objection is based on a miscalculation of Class Counsel's investment in the case. His error is assuming that Class Counsel's $481,317.13 in costs includes Counsel's investment of money and *time* in the case. As explained in the Motion for Attorneys' Fees, however, Class Counsel devoted millions of dollars in time to the prosecution of the class claims, amounting to a return on investment substantially lower than the ten-fold return J.G. himself suggests would be reasonable.

- Finally, objector C.E. appears to misunderstand the division of the judgment between class members and Class Counsel. She objects to counsel's one-third fee request as excessive but suggests instead that "the funds should be equally disbursed between lawyers and claimants."

In each of these instances, the class members' objections are rendered moot by a more accurate or complete understanding of the fee request.

**2. Objections based on procedural misunderstandings.**

Three class members filed objections that are actually efforts to opt-out or withdraw their claims. B.K., who had previously filed a claim, asks to be "take[n] off the list" because she "object[s to] paying any monies for a class action suit." Similarly, R.P. seeks to "withdraw [him]self from any class action suit or any payment deemed owed to [him] by any court." Likewise, the basis for R.O.'s objection is not any disagreement with Class Counsel's fee request, but that her husband, to whom the claim form was addressed, has died.

As class members who did not exclude themselves when notice of certification was mailed in the spring of 2016, B.K. and R.P. cannot do so now. And the claims administrator or special master can see that R.O.'s claim is paid to the correct payee.

**3. Objections related to Class Counsel's request for nontaxable costs.**

Six objections relate to Class Counsel's request to be reimbursed for reasonable expenses advanced on behalf of the class. B.W., M.R., P.T., T.V., and K.M. all agree that a one-third fee is "customary," "normal," or "fair," but believe that Class Counsel should not also be reimbursed for $481,317.13 of nontaxable costs. D.M. also believes that costs should come out of Class Counsel's fee, but adds that a one-third fee itself is excessive.

As explained in the Motion for Attorneys' fees, Class Counsel's request for reimbursement of nontaxable costs is modest in relation to comparable cases, increasing the overall amount of the award by less than 1%. (ECF No. 461 at ¶ 19). Even including these costs, the total percentage Counsel seeks is well below average for a case tried to verdict. (*Id.* (explaining that that median fee plus costs in class actions tried to verdict is 45%)). Further, in the exercise of billing judgment, Class Counsel have already voluntarily excluded substantial costs actually incurred, including meals, Westlaw research, and certain other expenses. (*Id.*). The result is a request for reimbursement of costs that, despite years of litigation and even a trial, amounts to just $27 per class member. Accordingly, with due respect for the class members' genuine objections, Class Counsel stand by their request to be reimbursed for their limited and reasonable costs.

**4. Objections to the one-third fee request.**

The remaining objections are addressed generally to Class Counsel's request for a one-third fee award. The majority of these objections—by M.F., S.B., P.D., L.H. P.R., B.W., T.M., M.D., P.R.., R.M., P.L., V.W., and D.M.—are non-specific complaints that

5

the requested fee is too high. One class member, M.D., simply "objects," with no further explanation. Most do not propose any alternative, although some suggest alternative fees ranging 1% to 25% of the common fund.

Although each class member's opinion is valuable, and non-attorneys are certainly not expected to make detailed legal arguments, none of these objections analyze the factors the Court must consider when determining whether Class Counsel's fee request is reasonable. Accordingly, with respect to these objections, Class Counsel stand on the thorough, quantitative arguments presented in their motion.

In addition, several objectors—S.Z., D.T., K.C., D.F., J.R., M.R., W.M., A.C., and D.M.—express frustration with the fact that Class Counsel's fee will diminish the recovery of the class members themselves, who are the ones actually harmed by Dish's unlawful conduct. W.M. asserts that Dish itself should pay all the attorneys' fees and costs. Frankly, Class Counsel is sympathetic to this complaint. The TCPA would be a stronger and more fair law if it provided for attorneys' fees in addition to statutory damages. But that decision belongs to Congress, not Class Counsel. Under the existing law, the common fund method is the best and only option—indeed, without common-fund fee awards in TCPA class actions, there would be no TCPA class actions.

Finally, a few class members—D.C., S.Z., D.F., P.R.., and N.S.—accuse Class Counsel of outright greed. While recognizing the objectors' sentiments, Class Counsel pursued this case at great financial peril, instead of other, safer, less challenging work. They bore that risk through trial and continue to bear it as they fight to preserve the

judgment on appeal. Given their substantial risk and the successful outcome they achieved, the fees they seek are much less than those which have been awarded in comparable class actions—even less than provided for in many private contingent fee arrangements. Class Counsel are not motivated by greed, but by their belief that requested fee represents fair compensation for the quality of their work and virtually unprecedented success (so far) on behalf of the class.

## Conclusion

For the foregoing reasons, Class Counsel respectfully requests that the objections to its Motion for Attorneys' Fees and Nontaxable Costs be overruled.

Respectfully submitted,

*/s/ John W. Barrett*
John W. Barrett
Brian A. Glasser
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
bglasser@baileyglasser.com

*/s/ J. Matthew Norris*
J. Matthew Norris
Norris Law Firm, PLLC
1033 Bullard Court, Suite 207
Raleigh, NC 27615
(919) 981-4775
(919) 926-1676 *facsimile*
jmn@ncconsumerlaw.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave., Third Floor
Natick, MA 01760
(508) 655-1415
Telephone: (508) 655-1415
mmcue@massattorneys.net

Edward A. Broderick
Anthony Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110
Telephone: (617) 738-7089
ted@broderick-law.com

*Counsel for Plaintiff Thomas H. Krakauer*

## **CERTIFICATE OF SERVICE**

The foregoing was filed electronically on July 2, 2018. Notice of this filing will be sent to all parties registered with the Court's electronic filing system by operation of the Court's system. Parties may access this filing through the Court's electronic filing system.

<u>/s/ John W. Barrett</u>