IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THOMAS H. KRAKAUER, on behalf of a class of persons,, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:14-CV-333 |
| DISH NETWORK, LLC, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

The plaintiff contends that the defendant Dish Network violated the Court's Claims Procedures Order, Doc. 441, by not disclosing the basis for its objections to the Claims Administrator's validity determinations when it gave notice of intent to object or otherwise during the required meet-and-confer period. Doc. 478. The Court agrees and will therefore strike Dish's objections. However, because neither party complied with their meet-and-confer obligations in this matter—compliance which could have resolved the present dispute without the need for court intervention—and because striking Dish's objections *in toto* may interfere with accuracy of the court's disbursement orders, the Court will allow Dish to file an amended notice of intent to object limited to 500 claims and will require the parties to meet and confer about these intended objections. To the extent the objections are not resolved, Dish may re-file some or all of these 500 objections. This remedy is more equitable to the circumstances and is more likely to

produce clearly defined disputed issues between the parties.  The added clarity will enable better decisions by the Special Master and the Court.

I.  **Facts**

In April 2018, this Court entered judgment in favor of the class of plaintiffs for over $61 million, following a jury trial and award of treble damages.  Doc. 438 at 1, 3.  Having already concluded that over 11,000 class members were entitled to recover damages without the need for a claims process, Doc. 407, the Court issued an Order on Claims Procedures to resolve the questions of damages distribution to the remaining class members.  Doc. 441 (the "Claims Order").  Paragraph 6 of the Claims Order requires the parties to follow a specific procedure following the Claims Administrator's determination of claim validity, providing in relevant part as follows:

> f.  Any party dissatisfied with the Administrator's determination shall give notice of an intent to object to the other party within fourteen (14) days. . . .
>
> g.  If notice of intent to object is given, the parties shall meet and confer as to validity during the next seven (7) days.  If they agree, they shall advise the Claims Administrator of the agreement.
>
> h.  The affected claimant or counsel for either party may object to the Administrator's determination within thirty (30) days by emailing or writing the Administrator.  The objection shall state the complete basis for the objection, which shall be specific to the individual claim and which shall not address any issue other than whether the claimant is the appropriate person to receive the damages award. . . .
>
> i.  If no objection is timely made and in the absence of an agreement by all parties otherwise, the Administrator's determination will become a final decision. . . .

Doc. 441 at ¶ 6(f)–(i).

2

On July 11, 2018, the Claims Administrator determined that 1,976 of the 2,093 submitted claims are valid. Doc. 478 at ¶¶ 1–2. On July 25, 2018, Dish gave notice of intent to object to 1,906 of these claims. Doc. 478-1. Beyond pointing out a handful of claims where there were misspellings, Dish provided no reasons for any of its objections, stating that such "specific grounds . . . will be provided on a claim-by-claim basis in accordance with the procedures and time-table set forth in the Order on Claims Procedures." Doc. 478-1 at 2. The notice of intent to object specifically referenced a willingness to meet and confer. *Id.*

Counsel for Dish sent the notice of intent to object to counsel for the plaintiff via email, noting in the email that "[w]e look forward to scheduling a time to meet and confer. Next week will work best for us." Doc. 480-1 at 2. Less than thirty minutes later, plaintiff's counsel responded via email that "[w]e'll be in touch about dates that work for us next week." *Id.* However, plaintiff's counsel never got back to Dish's attorneys with an agreeable date. Nor did any Dish attorney follow up with plaintiff's counsel in an effort to schedule the meet-and-confer. The meet-and-confer required by the Claims Order never happened.

On August 10, 2018, Dish delivered its objections to approximately 675 of the Administrator's validity determinations, apparently abandoning on its own any disagreements with the remaining claims. Doc. 478 at ¶ 5; Doc. 478-2.[1] Dish

---

[1] Doc. 478-2, exhibited by the plaintiff, is the summary filing that accompanied Dish's objections. Mercifully, the plaintiff did not attach the over 670 individualized objections themselves. Doc. 478 at 3 n.1.

3

grouped its objections into four categories and provided the required individualized objection for each claim. Doc. 478-2 at 2.

The plaintiff filed the pending motion to overrule and strike Dish's objections on August 20, 2018. Doc. 478. Two days later, Dish wrote plaintiff's counsel and repeated that it was willing to meet and confer about its objections. Doc. 480-2 at 2. Plaintiff's counsel did not respond.

## II. Discussion

A review of the court orders in this litigation demonstrates that Dish has a history of making overbroad objections, then narrowing them only after wasting much of the plaintiff's and the Court's time. *See, e.g.*, Doc. 437. There is also a long history of relatively minor technical and clerical mistakes made in initial data reviews, which the parties have had difficulty resolving without extensive court intervention and supervision. One of the obvious purposes of the notice-of-intent-to-object and meet-and-confer requirements in the Claims Order is to require Dish to disclose its objections in a timely and organized fashion. The notice-of-intent and meet-and-confer requirements also provide the parties with a less formal and less expensive way to resolve recurring technical issues and clerical mistakes. Finally, these processes, if used, would save court time and Special Master time, since the parties are highly likely to narrow and refine the issues when they meet and confer in good faith.

At issue is whether Dish violated the Claims Order by (1) submitting on July 25 a notice of intent to object to 1,906 claims without stating a basis for any

objection, Doc. 478-1; (2) not providing the grounds for its objections until it filed individualized objections for over 670 claims with the Claims Administrator on August 10, Doc. 478-2; and (3) failing to act in good faith in connection with the meet-and-confer requirement of the Claims Order.

Federal courts have the inherent power to sanction parties for their disobedience to court orders. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). This power must be exercised with restraint and discretion, and courts must "fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44–45.

Dish did not comply in good faith with the Court's Claims Order when it failed to provide any basis for its objections in the July 25 notice of intent. While the reasons a claim might not be valid tend to fall into categories, they nonetheless can vary widely, as briefing on earlier disputes makes clear and as Dish has pointed out many times in the past. Yet Dish did not provide any basis for its decision to object to any particular claim or any group of claims, nor did it describe or explain why it had chosen to object to most but not all of the claims or give the plaintiff any idea of its reasons for intending to object.

Dish does not explain how the plaintiff could possibly be prepared for a meaningful meet-and-confer in the face of such an overbroad and non-specific notice, much less how such a meeting could be productive. While the Court appreciates that the Claims Order does not specifically require that the notice of intent to object provide individual reasons for the contemplated objections, *see* Doc. 441 at ¶ 6(f), the requirement that the parties "meet and confer as to validity" implicitly and necessarily

contemplated that the party giving the notice would provide some basis behind its intent to object. Doc. 441 at ¶ 6(g). Moreover, the Court's Claims Order, viewed in light of the history of this litigation and the Court's many orders working through these kinds of difficulties after failures to meet and confer, would have made any reasonable litigant aware that some sort of explanation had to be given with the notice of intent to object.

There were no doubt a number of different ways Dish could have shown its good faith when it submitted the notice of intent to object. Dish had been receiving claims documentation from the Claims Administrator over the past several months and all of these claims had been adjudged complete for several weeks. *See* Doc. 441 at ¶ 3 (requiring the Claims Administrator to provide counsel with copies of all claims forms and documentation); *see also* ¶ 6(e). Given the number of attorneys and multi-state law firms who have entered an appearance for Dish, it should have been able to provide draft individualized objections to the plaintiff. At the very least, Dish could have grouped the claims into categories like those it ultimately identified in its objections. Instead, Dish chose to object to almost all of the 1,976 claims the Administrator found to be valid without providing any reason at all. The plaintiff was justified in thinking that this was just another effort by Dish to play games, to increase the plaintiff's costs and expenses, and to avoid the Court's claims resolution mechanisms.

The plaintiff, however, is not entirely blameless. Dish's counsel did offer to meet and confer, and plaintiff's counsel did nothing to make that happen. The plaintiff neither pointed out the inadequacy of Dish's objections nor provided a date and time to discuss the matter. Doc. 480-1. Despite sending an email indicating that they would get back to

Dish with dates and times to meet, plaintiff's counsel did not follow up on Dish's offer to meet and confer, Doc. 483 at 2, and otherwise did nothing towards resolving this dispute until filing the pending motion. Even assuming the plaintiff's failure to respond was due to negligence and was not intentional, it indicates a lack of attention to the court-imposed obligation to meet and confer and a concomitant absence of good faith.

Nor does Dish's previous and continuing recalcitrance excuse the plaintiff's failure to comply with the meet-and-confer requirement, which applied to the plaintiff as well as Dish. Had the plaintiff made any effort to sort these problems out with Dish, as the meet-and-confer obligation of the Claims Order clearly requires, Dish might have reconsidered its omnibus objections and provided more detail, thus avoiding the need for court intervention and fulfilling one of the purposes of the meet-and-confer requirement. It may well have been highly likely that Dish would continue to fail to provide specific objections and that the required meet-and-confer would have therefore been meaningless, but it was not certain. In the past, the parties have occasionally managed to resolve problems as a result of meetings, and there is no way to know for sure what would have happened here had the plaintiff conferred as required.

Still, this inaction by the plaintiff did not abrogate Dish's obligation to meet and confer. As another judge in this district has held, "mak[ing] a one-time communication, receiv[ing] no response, and simply abandon[ing] any future consultation attempts" does not constitute a good faith effort to consult with each other. *Design Res., Inc. v. Leather Indus. of Am.*, No. 1:10CV157, 2015 WL 8346599, at *4 (M.D.N.C. Dec. 8, 2015) (finding the parties had not consulted as required under Local Rule 54.2 before statutory

attorney's fees may be awarded); *accord Kolon Indus., Inc. v. E.I. Dupont De Nemours & Co.*, No. 3:11CV622, 2012 WL 12894840, at *3 (E.D. Va. Feb. 23, 2012) (holding that an email does not satisfy the meet-and-confer requirements in a local rule).[2] Dish made no effort to follow up on its general offer to meet and confer. It did not take even the most minimal effort of sending a follow-up email asking plaintiff's counsel if the matter had slipped between the cracks. Dish never stated that it would be available at any specific time to meet and confer and it filed its objections without meeting and conferring with the plaintiff. Only after the plaintiff filed the instant motion did Dish offer again to talk. Doc. 480-2 at 2.

By providing overbroad and non-specific objections, Dish did not follow the Claims Order. By neglecting to substantively respond to Dish's offer to meet and confer, the plaintiff did not follow the Claims Order. By neglecting to follow up with the plaintiff when it did not hear back about scheduling the meet and confer and by failing to offer to meet and confer at a specific time, Dish did not follow the Claims Order. In all of these actions, the parties did not act in good faith.

### III. Remedy

As a result of their failures to comply with the Claims Order, the parties have never conferred about the merit of Dish's objections and the issues for the Special Master

---

[2] Common courtesy and open communication, which usually save both time and client resources, are entirely consistent with a lawyer's advocacy responsibilities. While it may be that there are limited situations when a single email would be sufficient to meet a party's obligation to meet and confer, such as when the other side has not participated in the litigation at all and has otherwise refused to respond to emails or telephone calls, that is certainly not the case here.

8

have not been appropriately narrowed and refined. Clerical or technical errors have not been corrected. These are important goals of the notice-of-intent and meet-and-confer requirements, and they are still worthy goals that can be met.

The Court will strike Dish's objections because of Dish's non-compliance with the Claims Order. However, because of the plaintiff's non-compliance with the meet-and-confer provisions, which could have obviated the need for the pending motion, and in view of the need for a meaningful process to correct technical and clerical errors and to remove persons who potentially are not class members from receiving damages, the Court will allow Dish to submit an amended notice of intent to object as to no more than 500 of these claims. Dish may choose which 500 to submit, and it shall attach the previously-submitted individualized objections to the notice of intent. In context, this is a relatively small reduction and it should result in the withdrawal of Dish's weakest objections. Moreover, it will simplify the meet-and-confer process and will reduce the workload on everyone, making up to some extent the time the parties and the Court have had to spend on the instant motion. The parties shall then meet and confer in good faith as to these 500 claims, a process that the Court will micromanage. The deadlines will be short so that the overall schedule imposed in the Claims Order does not have to be modified. The process shall otherwise continue as ordered in the Claims Order.

It is therefore **ORDERED** that the plaintiff's motion to overrule and strike Dish's objections, Doc. 478, is **GRANTED in part** and **DENIED in part.** As to the Claims Administrator's July 11, 2018, validity determinations:

1. Dish's notice of intent served July 25, 2018, and its objections served August 10, 2018, are **STRICKEN**.

2. By 6 pm on September 14, 2018, Dish shall, if it wishes to proceed with any of these objections, deliver an amended notice of intent to object directed to no more than 500 claims at issue, attaching the relevant, previously-served individualized objections.

3. The parties shall confer via telephone on Monday, September 17, 2018, at 3 p.m., in a call initiated by plaintiff's counsel, about the validity of the claims identified in the amended notice. Dish shall advise plaintiff's counsel of the attorney to be called no later than noon. The parties are not required to agree or compromise, but they are required to discuss and evaluate each other's positions in good faith and to work together to correct clerical or technical errors.

4. If any disputes remain after the telephone conference, the parties shall meet in person on Wednesday, September 19, 2018, at 9:00 a.m., at an office of plaintiff's counsel designated no later than noon on Monday, September 17, or at any other location agreeable to all the parties. The parties shall continue to confer in good faith as required in paragraph 3 above. The parties may not agree to meet by telephone.

5. Dish may submit any objections unresolved after these two conferences, directed to up to 500 claims, no later than September 21, 2018.

6. Methods of submission and all other deadlines and provisions of the Court's Order on Claims Procedures, Doc. 441, remain in place.

7. If this Order causes any unanticipated consequences, the parties shall immediately confer and may address the matter in a joint email to the Court via email to the Court's case manager.

This the 12th day of September, 2018.

_____
UNITED STATES DISTRICT JUDGE