IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THOMAS KRAKAUER,

    Plaintiff,

v.

DISH NETWORK L.L.C.,

    Defendant.

1:14-CV-333

## ORDER

After a jury trial at which the plaintiff prevailed on behalf of a class, the Court appointed Kurtzman Carson Consulting (KCC) as Claims Administrator. Doc. 360. In April 2018, the Court issued a final judgment in favor of the class for $61,342,800, Doc. 439, and the United States Court of Appeals for the Fourth Circuit recently affirmed. Docs. 509, 510. The Court has also approved class counsel's motion for attorney's fees and expenses, all to be paid from the final judgment. Doc. 495.

It is now appropriate to expand the scope of KCC's appointment to authorize KCC to hold and then to disburse judgment proceeds to class members, as directed by the Court in final disbursement orders. No earlier than thirty-one days after entry of a disbursement order, and so long as no stay has been entered, KCC shall disburse funds to class members in an amount directed by the Court in its disbursement orders. The Court does not anticipate issuing any orders disbursing judgment funds to any class member

until proceedings before the United States Supreme Court conclude.

The Court also authorizes KCC to undertake additional administrative tasks related to the distribution of judgment proceeds that may include, *inter alia*, efforts to secure IRS Form W-9s from class members; follow-up mailings, telephone calls, emails, and other communications to class members who have not cashed checks; handling and responding to class member calls or correspondence; preparing and filing any necessary tax returns for the funds held; and providing periodic reporting to the Court and the parties, at the Court's discretion, about the status of distributions. KCC may begin these additional administrative tasks at its discretion following issuance of this Order.

The plaintiff has asked for an order immediately disbursing $513,269 to KCC in payment of its expenses to date. *See* Doc. 519 at 3. The parties appear to agree that KCC's fees should be paid from the judgment but disagree on whether the disbursement should be entered now or later, if and when the judgment survives Dish's expected petition for certiorari. *Id.* at 3–5.

There is no pending motion as to KCC's bill, and there has been no discussion of the appropriate standard the Court should apply in reviewing and authorizing payment to KCC. The Court assumes that KCC should be paid for its services in the amount billed, assuming the bill is reasonable, but it would be helpful if the parties could direct the Court's attention to any case law or rules discussing the appropriate standard. The plaintiff shall file a motion seeking approval of the payment of KCC's bill no later than September 11, 2019; the plaintiff should include with this motion information supporting

the amount of the request, *see id.* at 3 (offering to provide detail supporting the amount), and a brief no longer than 5000 words directing the Court's attention to relevant legal authority. If anyone objects to the reasonableness of the fee request or to the standard suggested by the plaintiff, such objection shall be filed no more than fourteen days later, in a brief no longer than 5000 words and, to the extent the objection is based on the reasonableness of the fee, with supporting declarations or other evidence. The briefs need not address the timing of the disbursement order, as that has already been addressed.

As to future bills from KCC, the Court proposes that KCC file requests for payment directly with the Court in a similar fashion to the Special Master. *See* Doc. 448 at ¶ k. The plaintiff shall confer with KCC and Dish and submit a proposed order to this effect, or otherwise as agreed, at the time it files its motion and brief. If the parties do not agree, they shall file a joint submission addressing competing proposals for the procedure to apply to future bills.

It is **ORDERED** that:

1. The responsibilities and authority of Kurtzman Carson Consulting as Claims Administrator are expanded as stated herein; and
2. Additional submissions from the parties as to payment of KCC's current and future bills are authorized as stated herein.

This the 20th day of August, 2019.

_____
UNITED STATES DISTRICT JUDGE

3

Case 1:14-cv-00333-CCE-JEP   Document 523   Filed 08/20/19   Page 3 of 3