# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THOMAS KRAKAUER, on behalf of a class of persons, | ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| v. | |
| DISH NETWORK L.L.C., | |
| Defendant. | |

CASE NO. 1:14-CV-00333-CCE-JEP

## THE PARTIES' JOINT SUBMISSION ON
## THEIR PROPOSED FINAL DISBURSEMENT ORDERS

The Court's January 6, 2020 Minute Entry directed the parties "to consult with claims administrator regarding form and substance of claims to be disbursed and submit a proposed Joint Disbursement Order." In accordance with the Court's directive, the parties have met and conferred in an attempt to agree on a proposed joint disbursement order. The parties were able to reach agreement on all but two aspects of a proposed disbursement order. Plaintiff's proposed final disbursement order is attached as Exhibit A. DISH's proposed final disbursement order is attached as Exhibit B, and shows in redline the differences between the parties' proposed orders. The parties are still in the process of vetting the exhibits to the disbursement order and contemplate filing those exhibits on Monday, February 3, 2020.

The areas of disagreement and the reasons underlying the parties' respective positions are summarized below.

## I. AUTOMATIC STAY OF DISBURSEMENT OF FUNDS PENDING APPEAL

### A. Plaintiff's Position

Plaintiff's proposed order states simply, "DISH has indicated its intent to appeal the disbursement order and seek a stay of this Order," and makes clear that "funds may be disbursed to class members . . . 'so long as no stay has been entered.'" Pl.'s Proposed Order ¶ 5. This language places the burden of seeking a stay where it belongs: on DISH.

But DISH, rather than moving for a stay once the Court has issued a disbursement order that may ultimately be quite different from the one proposed by either party, places the proverbial cart before the horse and asks the Court to resolve the stay issue now, without a motion. There is no need for this. After the Court issues the disbursement order, DISH may file a motion. It can cite the many cases and authorities referenced below, and Plaintiff can have a reasonable opportunity to respond. This will benefit the reviewing court, which can assess the parties' arguments and make an informed decision.

The Court can also modify the proposed distribution schedule to accommodate DISH's concerns about emergency motions practice. The modification would be straightforward: change the 31-day period for disbursement to class members referenced in Paragraph 5 (which comes from an earlier order of the Court (see Doc. 523 at 1)) to say 61 days. The Court has discretion to make that adjustment, and that time period should be sufficient to resolve any issues regarding a stay.

### B. DISH's Position

The final disbursement order should make clear to KCC and the parties that KCC cannot disburse payments once an appeal of the disbursement order has been filed. The disbursement order comprehensively addresses the coordination and timing of payments to class members; it only makes sense that the order should also address the effect of an appeal on that schedule. Moreover, failing to provide this guidance to KCC now may lead to unnecessary, emergency motions practice in this Court and the Fourth Circuit. DISH's notice of appeal from the final disbursement order will be due 30 days after the order issues, Fed. R. App. P. 4, which is just one day before KCC may begin payments to class members, *see* Draft Order ¶ 5. Absent clear direction to KCC that the notice of appeal effectuates a stay and thereby prevents it from disbursing funds pending appeal (or an agreement by Plaintiff on this issue, which he has been unwilling to provide), the parties will be forced to engage in expedited motions practice before this Court—and before the Fourth Circuit, if necessary—to prevent those payments from issuing and thereby interfering with the Fourth Circuit's jurisdiction to resolve the appeal. But there is no need to engage in such expedited motions practice, because it is clear here and now, as a matter of law, that an appeal will effectuate a stay of the disbursement order.

As an initial matter, at "any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). "This rule exists to preserve the status quo while protecting the non appealing party's rights pending appeal." *Baucom v. DoALL Co.*, No. 3:17-cv-00242, 2019 WL 6499582, at *1 (W.D.N.C. Dec. 3, 2019) (internal quotation marks omitted). Rule 62(b) plainly has been satisfied here. For

starters, the disbursement order is a "judgment." "'Judgment' as used in [the Federal] rules includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). And an appeal lies from this Court's disbursement order. "[O]nce the original trial proceedings have been completed, final judgment appeal should be available upon conclusion of most post-judgment proceedings." 15B Charles A. Wright, et al., Federal Practice and Procedure § 3916 (2d ed.). That plainly is true for disbursement orders. *See, e.g.*, *S.E.C. v. Suter*, 832 F.2d 988, 990 (7th Cir. 1987) ("disbursement orders" are "final order[s] in the post-judgment proceedings" that are "appealable"); *In re Deepwater Horizon*, 785 F. 3d 1003, 1009 (5th Cir. 2015) (disbursement order requiring payment of damages to a claimant is appealable). Here, the disbursement order embodies the final resolution of a host of contested questions pertaining to the structure of the claims process, the evidence sufficient to establish class membership, and the merits of individual claims. *See, e.g.*, Doc. 441 (outlining the claims process and stating that disbursement orders would conclude that process).[1]

---

[1] The judgment here also has been secured within the meaning of Rule 62(b)'s automatic stay provision. Rule 62(b) contemplates both a "bond" and "other security," and it provides that a stay automatically takes effect "when the court approves the bond or other security." *See Deutsche Bank Nat'l Trust Co. as Tr. for GSAA Home Equity Trust 2006-18 v. Cornish*, 759 Fed. Appx. 503, 510 (7th Cir. 2019) (unpublished) (detailing the history of Rule 62(b) and explaining the "flexibility for the form of security" the rule provides). In this case, DISH has provided even greater security than a bond; it has already paid the full amount of the judgment into the Court's registry, where it is earning interest. Therefore, there is simply no danger that class members will go unprotected while an appeal is pending.

4

Furthermore, an appeal of the disbursement order divests this Court of jurisdiction to require that payments be disbursed. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *accord Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014). Thus, "[a]fter a notice of appeal is timely filed, the district court may not take any action that would alter the status of the case as it rests before the circuit court." 20 Moore's Federal Practice - Civil § 303.32 (2019) (internal quotation marks omitted). Here, allowing disbursements would not just alter the status of the case; it would interfere with the Fourth Circuit's jurisdiction by potentially preventing DISH from recovering funds upon a ruling from the Fourth Circuit that certain claims were invalid. *See Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (describing the risk defendants face of "satisfying [a] judgment only to find that restitution is impossible after reversal on appeal"); *Baucom*, 2019 WL6499582, at *2 (staying execution of a judgment and noting the "undue hardship caused by the sometimes impossible task of recouping transferred assets if there is reversal on appeal" (internal quotation marks omitted)). Thus, while a district court may maintain the status quo pending appeal, it has no power to "*approv[e] disbursement of ... funds in accordance with the very order being appealed*" where the "disposition of the settlement funds is the heart of the controversy." *Garrick v. Weaver*, 888 F.2d 687, 695 (10th Cir. 1989) (emphasis in original); *cf. Hunter v. Town of Mocksville*, 271 F. Supp. 3d 787, 792-94 (M.D.N.C. 2017) (finding jurisdiction to

5

Case 1:14-cv-00333-CCE-JEP   Document 550   Filed 01/31/20   Page 5 of 10

distribute funds deposited with the court only because they "are not the subject of any claim on appeal").

Because it is clear that an appeal will divest the Court (and therefore KCC) of jurisdiction to disburse funds during the pendency of the appeal, the Court should make that clear now and in this order to avoid unnecessary, expedited proceedings upon issuance of the disbursement order.

## II. PROCEDURES FOR 37 CLAIMS THAT THE SPECIAL MASTER AND THE COURT FOUND INVALID, OVERRULING KCC

### A. Plaintiff's Position

As Plaintiff's proposed order states, the Order on Claims Procedures provides that if KCC determined a claim for a class telephone number was invalid, it was to give class members notice and an opportunity to object to the determination. Doc. 441 ¶¶ 6.e-j. The Order did not provide a similar notice and objection right to those persons whose claims were deemed valid by KCC, but later determined invalid by the Special Master. Plaintiff's proposal addresses this apparent discrepancy or oversight, which Plaintiff proposes as a matter of fairness to those 37 affected claimants.

Should the Court determine that Plaintiff's proposal does not belong in a disbursement order, the Court has discretion to do so, and Plaintiff will file an appropriate motion seeking the notice and objection period requested in his proposed order.

### B. DISH's Position

Plaintiff proposes that 37 claimants be notified that KCC's validity determinations were overruled and their claims were found invalid, and also proposes that those

claimants be provided an opportunity to submit objections to the Special Master. While DISH does not oppose a notification procedure, DISH objects to allowing new objections at this late stage, long after the claims administration and the Special Master processes have finally concluded. DISH already has noticed an appeal from the Court's December 23, 2019 order that, but for the issue of how to handle unclaimed funds, addressed the last contested substantive question that might affect the disbursements that ultimately issue to class members.

After receiving multiple rounds of briefing from the parties from April 2017 to February 2018 (*see* Doc Nos. 330, 331, 334, 335, 336, 337, 380, 417), the Court entered its Claims Administration Order nearly two years ago, on April 5, 2018 (Doc. 441). The Order specifically contemplated that the Special Master could overrule KCC's validity determinations. Doc. 441, ¶ 6 (k) ("Rulings on objections to the Administrator's validity determinations will be made by the Special Master[.]"). The Special Master's Report and Recommendation, which contained 37 such invalidity determinations, was filed more than a year ago, on December 21, 2018. Doc 499. After further briefing from the parties, the Court adopted the Special Master's Report and Recommendation on July 10, 2019. Doc. 515. At no point during this years-long process, including Plaintiff's briefing on the adoption of the Special Master's Report and Recommendation, did Plaintiff raise any concerns about the need to add another round of notice and objections in the claims administration process. There is none.

The interests of these 37 claimants have been fully represented by class counsel. Class counsel argued to uphold KCC's validity determinations, both to the Special

7

Master and this Court. There is no good cause to reopen the process for submission of new objections. The purpose of *this* submission is for the parties to "submit a proposed Joint Disbursement Order," not for Plaintiff to make a belated, unsubstantiated request to re-visit the Claims Administration Order and re-open the claims and Special Master processes.

Of course, class counsel had the right and ability to notify these 37 claimants about the Special Master's denial of their claims. Indeed, the Claims Administration Order imposed on class counsel the obligation to notify claimants if counsel did not intend to object to rulings made against them. *See* Doc. 441, ¶ 6(f) ("If the Administrator finds the claim invalid and plaintiff's counsel does not intend to object, plaintiff's counsel shall give timely notice to the claimant[.]") DISH has no objection to class counsel providing such notification to those 37 claimants now.

\* \* \*

Respectfully submitted,

Dated: January 31, 2020

*/s/* John W. Barrett
John W. Barrett
Brian A. Glasser
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
jbarrett@baileyglasser.com
bglasser@baileyglasser.com

J. Matthew Norris
Norris Law Firm, PLLC
1033 Bullard Court, Suite 207

8

Case 1:14-cv-00333-CCE-JEP   Document 550   Filed 01/31/20   Page 8 of 10

Raleigh, NC 27615
(919) 981-4775
(919) 926-1676 *facsimile*
jmn@ncconsumerlaw.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave., Third Floor
Natick, MA 01760
(508) 655-1415
Telephone: (508) 655-1415
mmcue@massattorneys.net

Edward A. Broderick
Anthony Paronich
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110
Telephone: (617) 738-7089
ted@broderick-law.com

*Counsel for Plaintiff Thomas H. Krakauer*


*/s/* Elyse D. Echtman
Peter A. Bicks
Elyse D. Echtman
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
pbicks@orrick.com
eechtman@orrick.com

Kilpatrick, Townsend & Stockton, LLP.
Richard J. Keshian
North Carolina Bar No. 10681
1001 West 4th Street
Winston-Salem, NC 27101
Telephone: (336) 607-7322
rkeshian@kilpatricktownsend.com

*Counsel for Defendant DISH Network L.L.C.*

9

# CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2020, I electronically filed the above document with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to all counsel of record.

/s/ Elyse D. Echtman
Elyse D. Echtman
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
eechtman@orrick.com

*Attorney for Defendant DISH Network L.L.C.*