# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

**THOMAS H. KRAKAUER,**
**on behalf of a class of persons,**

    Plaintiff,

v.                                                 Civil Action No. 1:14-cv-00333-CCE-JEP

**DISH NETWORK, L.L.C.,**

    Defendant.

**ORDER**

Under Rule 23(d)(1) of the Federal Rules of Civil Procedure, and consistent with the entry of judgment (Doc. 439) and the Court's prior orders (*see* Doc. 538 at 2-6, recounting the procedural history and orders relating to the identification of class members and distribution of awards to them), the Court enters the following order:

1. **Calculation of the allocation of the judgment funds per violative call.**

    Consistent with the jury's verdict and the Court's Final Judgment, class members may recover from the Defendant, DISH Network L.L.C., the amount of $1,200 for each of the 51,119 calls made in violation of the Telephone Consumer Protection Act. The total amount of the judgment entered is $61,342,800. Since entry of judgment, DISH has paid post-judgment interest, interest has accrued on the amount deposited with the Court, which was placed into the Court Registry Investment System pursuant to Local Rule 67.1(b) (Doc. 520), and certain

expenses have been deducted from the judgment amount. The judgment amount and those deductions are as follows:

- $62,581,229.24 (judgment amount and post-judgment interest that DISH deposited with the Court; *see* text notice of deposit on 7/31/2019)
- $524,778.06 (interest on amount deposited with the Court, which was placed into the Court Registry Investment System pursuant to Local Rule 67.1(b) (Doc. 520))
- Less $519,319.89 (payment to the Claims Administrator, Kurtzman Carson Consultants ("KCC") for claims administration from November 1, 2017 through August 31, 2019, Doc 531; paid in full)
- Less $6,309.11 (amount requested by KCC for expenses from September 1, 2019 through December 31, 2019, Doc. 544)
- Less $92,315 (amount reserved for future claims administration costs by KCC to perform the work outlined in this order)
- Less $20,447,600 (court-ordered attorney's fees to class counsel, Docs. 540, 541; paid in full)
- Less $481,317.73 (court-ordered litigation costs to class counsel; Docs. 540, 541; paid in full)
- Total available for distribution: $41,559,145.57.
- **Distribution per violative call: $812.99** ($41,559,145.57/51,119

(number of violative calls)

2. **Class members entitled to payment.** The class members entitled to payment are listed on Exhibit A (listing 11,239 persons previously identified and filed as Doc. 475-1, the "Final List"); Exhibit B (listing 1,645 class members not on the Final List who submitted claims to which DISH did not object and filed as Doc. 494-2); and Exhibit C (listing 313 class members not on the Final List who submitted claims to which DISH objected, but the objections were overruled).

3. **Transfer of Funds to Claims Administrator.** No earlier than thirty-one days after this order, and so long as no stay has been entered, the Clerk shall disburse to KCC, from the judgment fund deposited with the Court, $30,799,312.20 ($812.99 x 37,884 calls) for payment to class members identified in the attached Exhibits A through C. These funds shall be wired to KCC per account information filed separately under seal.

4. **Claims Administrator responsibilities**. KCC shall oversee the payment to the class members identified on Exhibits A through C. It shall exercise the authority that the Court has previously conveyed to hold and disburse judgment proceeds to such class members. Doc. 523. KCC may take all reasonable action to locate such class members, including running the attached class lists through the United States Postal Service's National Change of Address Database and similar databases.

5. **Timing of disbursements to class members.** As the Court has previously ruled, funds may be disbursed to class members "[n]o earlier than thirty-one days after entry of" this order, "and so long as no stay has been entered." Doc. 523 at 1.

DISH has indicated its intent to appeal the disbursement order, and seek a stay of this Order.

6. **Class members to provide executed IRS Form W-9s.** To receive the amounts specified in this order, each class member listed on the attached exhibits shall provide KCC with an executed IRS Form W-9 no later than 60 days after KCC or its designee receives class member distribution funds via transfer from the Clerk. Should any class member not provide a Form W-9 by that time, KCC shall, at the appropriate time for disbursements to class members, send the class member a check for $595, which is below the threshold requiring completion of a Form W-9. At that time, KCC shall advise the class member it will send the balance of their award if the class member submits a signed Form W-9 to KCC within 90 days.

7. **Void date for checks**. Checks will state that they are void 180 days after issuance.

8. **Unclaimed funds.** Unclaimed funds shall remain with the Court and not transferred to KCC. The Court has yet to decide how to dispose of unclaimed or undisbursed funds. The Court has, however, established a schedule for resolving that question after entry of this Order, *see* Doc. 441 at 10-11. The parties shall abide by that schedule.

9. **Reporting**. On a quarterly basis, beginning 210 days after the initial issuance of checks, KCC shall provide a report to the Court detailing the progress of its distribution efforts, including itemization of: (i) receipt of W-9 forms; (ii) checks issued; (iii) checks cashed; and (iv) remaining funds held by KCC.

4

10. **Claims Administrator to give notice to certain claimants**. The Claims Procedures Order required the Claims Administrator to determine whether claims were valid or invalid, and to give notice and an opportunity to object to claimants who submitted claims for class numbers that the Administrator deemed invalid. (Doc. 441 ¶¶ 6.e-j.) The order did not provide for a similar notice and opportunity to object to those persons whose claims the Administrator determined were valid, but the Special Master or the Court determined were invalid. Consequently, the 37 claimants whose claims the Administrator deemed valid, but the Special Master and the Court determined were invalid, have not received notice of those adverse determinations and an opportunity to object. The Claims Administrator shall give those 37 claimants notice of the adverse determinations, and shall inform them that they have 30 days from the mailing date of the notice to submit objections and supporting information to the Administrator. The Claims Administrator shall provide that information to the Special Master, and the Special Master shall make recommended findings to the Court as soon as practicable.

This the ____ day of February, 2020.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　JUDGE CATHERINE C. EAGLES