IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THOMAS H. KRAKAUER, on behalf of a class of persons, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:14-CV-333 |
| DISH NETWORK, L.L.C., | ) ) | |
| Defendant. | ) | |

## FINAL DISBURSEMENT ORDER TO CLASS MEMBERS

In April 2018 and following a jury trial on the merits, the Court issued judgment in favor of the plaintiffs for $61 million for violations of the Telephone Consumer Protection Act. Doc. 439. The Fourth Circuit affirmed the judgment, *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643 (4th Cir. 2019), and the Supreme Court denied defendant Dish Network L.L.C.'s petition for certiorari on December 16, 2019. Doc. 537. The Court has already directed disbursement of the attorney's fees and expenses by separate order. Doc. 541. The claims process has concluded, and it is time to disburse the judgment funds to the class members.

The Court appointed Kurtzman Carson Consulting (KCC) as Claims Administrator after the jury trial and then expanded KCC's appointment to authorize it to hold and disburse judgment proceeds to class members. Docs. 360, 523. The Court has also authorized KCC to undertake additional administrative tasks for distributing judgment proceeds and to report periodically to the Court and the parties, at the Court's

discretion, about the status of distributions.  *See* Doc. 523 at 2.

Pursuant to Fed. R. Civ. P. 23(d)(1), and consistent with the entry of judgment, Doc. 439, and the Court's prior orders, *see, e.g.*, Docs. 360, 523,[1] the Court directs the Clerk to disburse judgment funds to the Claims Administrator, who shall distribute the funds to class members, all as follows:

1. **Calculation of the allocation of the judgment funds per violative call.**

   Consistent with the jury's verdict and the Court's Final Judgment, class members may recover from the Defendant, Dish Network L.L.C., the amount of $1,200 for each of the 51,119 calls made in violation of the Telephone Consumer Protection Act.  The total amount of the judgment entered is $61,342,800.  Dish has satisfied the judgment, with post-judgment interest, and the funds have been invested with the Court Registry Investment System under L.R. 67.1(b) and as authorized by 28 U.S.C. § 2045.  Doc. 520.  Interest has accrued on the deposit, and certain expenses have been deducted from it.  The judgment amount and those deductions are as follows:

   - $62,581,229.24:  judgment amount and post-judgment interest paid by Dish and deposited with the Court, into the Court Registry Investment System.  *See* Docket Entry 7/31/2019.

   - $524,778.06:  interest on the amount after placement into the Court Registry Investment System.  Doc. 520.

---

[1] The Court has made minor housekeeping changes to the times initially set forth in its Order at Doc. 523.

- Less $519,319.89:  payment made to KCC for claims administration from November 1, 2017 through August 31, 2019.  Doc. 531.

- Less $6,309.11:  amount requested by KCC for expenses from September 1, 2019 through December 31, 2019.  Doc. 544.

- Less $92,315:  amount reserved for future claims administration costs by KCC to perform the work outlined in this order.

- Less $20,447,600:  Court-ordered attorney's fees paid in full to class counsel.  Docs. 540, 541.

- Less $481,317.73:  Court-ordered litigation costs paid in full to class counsel.  Docs. 540, 541.

- Total available for distribution:  $41,559,145.57.

- **Distribution per violative call:  $812.99** ($41,559,145.57 divided by 51,119 (number of violative calls)

2. **Class members entitled to payment.**  The class members entitled to payment, and the number of calls each received, are listed on Exhibit A (listing 11,239 persons previously identified and filed as Doc. 475-1, the "Final List"); Exhibit B (listing 1,645 class members not on the Final List who submitted claims to which Dish did not object and filed as Doc. 494-2); and Exhibit C (listing 313 class members not on the Final List who submitted claims to which Dish objected, but the Court overruled the objections, filed at Doc. 553 and unredacted at Doc. 556; *see* Doc. 515).  The Court denies the plaintiff's request, *see* Doc. 550 at 6; Doc.

550-1 at ¶ 10, to include herein a new procedure for people whose claims were found valid by the Claims Administrator and then invalid by the Special Master; plaintiffs did not raise this in earlier briefing, and the Court has already adopted the Special Master's determinations.

3. **Stay.**  If any party intends to ask the Court to stay this Order, a motion and supporting brief must be filed within five business days from the date this Order is entered; any response in opposition is due within ten business days thereafter; and any reply brief is due within five business days thereafter.

4. **Transfer of Funds to Claims Administrator.**  No earlier than forty-five days after this order, and so long as no stay has been entered, the Clerk shall disburse to KCC, from the judgment fund deposited with the Court, $30,799,312.20 ($812.99 x 37,884 calls) for payment to class members identified in the attached Exhibits A through C.  These funds shall be wired to KCC per account information filed separately under seal.

5. **Claims Administrator responsibilities.**  KCC shall oversee the payment to the class members identified on Exhibits A through C.  It shall exercise the authority that the Court has previously conveyed to hold and disburse judgment proceeds to such class members.  Doc. 523.  KCC may take all reasonable action to locate such class members, including running the attached class lists through the United States Postal Service's National Change of Address Database and similar databases.

6. **Timing of disbursements to class members.**  Upon receipt of the judgment funds, KCC may begin disbursing funds to class members, so long as no stay has been entered.

7. **Class members to provide executed IRS Form W-9s.**  To receive the amounts specified in this order, each class member listed on the attached exhibits shall provide KCC with an executed IRS Form W-9 no later than 60 days after KCC or its designee receives class member distribution funds via transfer from the Clerk. Should any class member not provide a Form W-9 by that time, KCC shall, at the appropriate time for disbursements to class members, send the class member a check for $595, which is below the threshold requiring completion of a Form W-9. At that time, KCC shall advise the class member it will send the balance of their award if the class member submits a signed Form W-9 to KCC within 90 days.

8. **Void date for checks.**  Checks will state that they are void 180 days after issuance.

9. **Unclaimed funds.**  The remaining judgment funds shall remain with the Court and not transferred to KCC.  The Court has yet to decide how to dispose of unclaimed or undisbursed funds.  The Court has, however, established a schedule for resolving that question after entry of this Order, which constitutes the contemplated "final disbursement order."  *See* Doc. 441 at pp. 10–11 ¶ 8.  The parties shall abide by that schedule.

10. **Reporting.**  On a quarterly basis, beginning 210 days after the initial issuance of checks, KCC shall provide a report to the Court detailing the progress of its

distribution efforts, including itemization of:  (i) receipt of W-9 forms; (ii) checks issued; (iii) checks cashed; and (iv) remaining funds held by KCC.

This the 13th day of February, 2020.

_____
UNITED STATES DISTRICT JUDGE