IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THOMAS KRAKAUER,<br><br>      Plaintiff,<br><br>v.<br><br>DISH NETWORK L.L.C.,<br><br>      Defendant. | Case No. 1:14-CV-00333-CCE-JEP |

**BRIEF IN SUPPORT OF DEFENDANT DISH NETWORK L.L.C.'S
MOTION FOR STAY OF DISBURSEMENT PENDING APPEAL**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL HISTORY ..................................................................................................... 2

ARGUMENT ............................................................................................................................ 5

I. RULE 62(B) AUTOMATICALLY STAYS ENFORCEMENT OF THE DISBURSEMENT ORDER PENDING APPEAL .................................................. 5

    A.    The disbursement order is a "judgment" under the Federal Rules ................ 5

    B.    The judgment is fully secured ................................................................. 7

II. IN ADDITION, DISH'S APPEAL FROM THE DISBURSEMENT ORDER DIVESTS THE DISTRICT COURT OF JURISDICTION TO ORDER DISBURSEMENTS ................................................................................................ 7

CONCLUSION ........................................................................................................................ 9

CERTIFICATE OF SERVICE

WORD COUNT CERTIFICATION

# PRELIMINARY STATEMENT

Pursuant to the Court's Order of February 13, 2020, Doc. 560 at 4, DISH respectfully moves the Court to stay disbursements pending appeal. A stay is mandatory for two reasons.

First, Federal Rule of Civil Procedure 62(b) provides for an automatic stay of any "judgment" pending appeal when a party posts adequate "security." Here, the disbursement order is a "judgment" within the meaning of the Federal Rules and DISH has already fully secured the judgment by paying the full amount into the Court's registry.

Second, a stay is warranted because making these disbursements would interfere with the Fourth Circuit's jurisdiction. "After a notice of appeal is timely filed, the district court may not take any action that would alter the status of the case as it rests before the circuit court." 20 James Wm. Moore et al., Moore's Federal Practice - Civil § 303.32[2][a][ii] (2019) (internal quotation marks omitted). Allowing the claims administrator to make disbursements to the persons identified as class members would not just alter the status of the case; it would interfere with the Fourth Circuit's jurisdiction. That is because, if there were a Fourth Circuit decision favorable to DISH (i.e., finding that the identified judgment recipients have not been shown to be class members), it is highly likely that funds already disbursed to such recipients could not be recovered.

1

## PROCEDURAL HISTORY

To understand why a stay is appropriate, it is important to briefly rehearse the events leading up to the disbursement order.

On April 5, 2018, this Court entered a judgment awarding the class an "aggregate award" of $61,342,800.00. Doc. 439. The judgment fixed DISH's liability, but it did not determine the individual class members who are entitled to a share of the judgment, and it did not direct payment to any individual. Rather, the Court stated that it would "enter disbursement orders at appropriate times during and at the conclusion of the claims process." *Id.* at 2.

That same day, the Court separately issued its "Order on Claims Procedures," which detailed procedures for identifying class members and distributing awards. Doc. 441. For one set of class members (those on the "Final List"), the Court had concluded that they could be identified from data provided by Krakauer, without using claim forms. *Id.* at 2. The Court directed Krakauer to file a revised list of those individuals; gave DISH an opportunity to identify "any additional transposition errors and any other points of disagreement"; and established a process for a Special Master to review any disputes. *Id.* at 2-6. At the end of this process, the Court would "rule on any objections to the Special Master's report and will enter a disbursement order as to all Class Members on the approved Final List." *Id.* at 5.

For the remaining putative class members, the Court established a multistep claims process. Doc. 441 at 6-10. The Court required them to complete a claim form to request

2

a share of the aggregate judgment, and it established a process for the parties to adjudicate disputes before a Special Master. *Id.* As with the 11,000 individuals not required to complete a claims form, the Court indicated that it would be the ultimate arbiter of any disagreements and would "enter a disbursement order as to all claimants whose claims are approved" at the end of that process. *Id.* at 10.

DISH appealed the Court's aggregate liability judgment to the Fourth Circuit. Doc. 456 (notice of first appeal). Because the claims process was ongoing and the identification of class members remained in flux, challenges to that process were not within the scope of the Court's judgment or DISH's appeal. As Krakauer explained to the Fourth Circuit, "the [district] court's management of the post-trial claims process … isn't at issue in this appeal," Brief of Plaintiff-Appellee at 40 n.4, *Krakauer v. DISH Network LLC*, 925 F.3d 643 (4th Cir. 2019) (No. 18-1518), and "[d]eciding individual claims of class membership is the focus of the ongoing claims process and is not presented in this appeal," *id.* at 24.[1]

The Fourth Circuit affirmed the aggregate judgment. In doing so, it recognized that DISH's appeal did not concern "questions as to distribution of the damages award." *Krakauer v. DISH Network, LLC*, 925 F.3d 643, 651 n.1 (4th Cir. 2019) (internal

---

[1] Krakauer subsequently confirmed as much to the Supreme Court when it opposed DISH's cert. petition. *See* Brief in Opposition at 11, *Dish Network, LLC v. Krakauer,* 140 S. Ct. 676 (2019) (No. 19-496) ("Whether an individual claimant can show that she meets the class definition is the subject of the claims process that continues to unfold in the district court (and from which Dish may eventually appeal).").

quotation marks omitted). That is because "[t]he [district] court left the question of whether particular names and addresses matched those numbers to the post-trial claims process"; put otherwise, the district court "allow[ed] the jury to resolve only the class-wide issues, while reserving individual claims disputes for later down the line." *Id.* at 659 n.3.

On remand to this Court, Krakauer moved to execute on the judgment. Doc. 516. DISH deposited the full amount of the judgment, plus interest—$62,581,229.24—into the Court's registry. *See* July 31, 2019 Minute Entry. Claims proceedings then continued.

On December 23, 2019, the Court ruled that attorneys' fees and costs will be allocated across the entire judgment and taken equally from each class member's award, regardless of whether a class member has been identified. Doc. 538. The Court then ordered that the judgment fund, minus attorneys' fees and costs, "should be divided between all the class members, pro rata per phone call." *Id.* at 15. In an abundance of caution, DISH appealed that order on January 21, 2020. Doc. 545. It did so because of the possibility that that order could be treated as the judgment that effectively culminated the claims administration process (notwithstanding DISH's belief that instead it is the final disbursement order that terminates the claims process, as this Court has indicated, *e.g.*, Doc. 439 at 2).

On February 13, 2020, this Court entered the final disbursement order that culminates the claims process. Doc. 560. As the order itself states, "[t]he claims process has concluded." *Id.* at 1. DISH is filing its separate notice of appeal from that order

4

concurrently with this motion.

## ARGUMENT

### I. RULE 62(B) AUTOMATICALLY STAYS ENFORCEMENT OF THE DISBURSEMENT ORDER PENDING APPEAL.

The Federal Rules are unequivocal: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b); *see Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002) (per curiam) ("Under Rule 62(d) [now 62(b)], execution of a money judgment is automatically stayed pending appeal upon the posting of a supersedeas bond."). "This rule exists to preserve the status quo while protecting the non appealing party's rights pending appeal." *Baucom v. DoALL Co.*, No. 3:17-cv-00242, 2019 WL 6499582, at *1 (W.D.N.C. Dec. 3, 2019) (internal quotation marks omitted); *cf. Am. Civil Liberties Union of Nev. v. Masto*, 670 F.3d 1046, 1066 (9th Cir. 2012) (a Rule 62 stay applies "as a matter of right" to a post-judgment award of attorneys' fees where the party has posted security and appealed the order).

Rule 62(b)'s requirements plainly are satisfied here.

#### A. The disbursement order is a "judgment" under the Federal Rules.

First, the Court's disbursement order is a "judgment" within the meaning of Rule 62(b).

"'Judgment' as used in these rules includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). And "an appeal lies" from the final disbursement order that terminated this claims process. It is well-established that "once the original

5

Case 1:14-cv-00333-CCE-JEP   Document 564   Filed 02/21/20   Page 7 of 14

trial proceedings have been completed, final judgment appeal should be available upon conclusion of most post-judgment proceedings." 15B Charles Alan Wright et al., Federal Practice and Procedure § 3916 (2d ed.). And courts of appeals commonly hear appeals from disbursement orders. In the Deepwater Horizon litigation, for instance, the Fifth Circuit held appealable a disbursement order requiring payment of damages to a claimant where the defendant disputed the claims administrator's determination of the claim's validity. *In re Deepwater Horizon*, 785 F.3d 1003, 1007, 1009 (5th Cir. 2015). Likewise, the Seventh Circuit has held that a "disbursement order" is a "final order in the post-judgment proceedings" that is "appealable." *S.E.C. v. Suter*, 832 F.2d 988, 990 (7th Cir. 1987); *see also In re Airline Ticket Comm'n Antitrust Litig.*, 307 F.3d 679, 680 (8th Cir. 2002) (considering an appeal from a post-judgment *cy pres* disbursement order in a class action).

That stands to reason. A disbursement order often culminates a claims process. That is the case here; the Court repeatedly has recognized that the disbursement order is the "conclusion" of claims administration. *E.g.*, Doc. 441 (outlining the claims process and stating that disbursement orders would conclude that process); Doc. 439 at 2; Doc. 560 at 1. The disbursement order therefore embodies the final resolution of a host of contested questions pertaining to the structure of the claims process, the evidence sufficient to establish class membership, and the merits of individual claims. None of those questions was resolved by the Court's aggregate judgment that was the subject of DISH's earlier appeal, as Krakauer and the Fourth Circuit both have acknowledged.

6

*Supra* 3-4.

The final disbursement order is therefore an appealable judgment that qualifies for an automatic stay pursuant to Rule 62(b) upon the posting of adequate security.

### B. The judgment is fully secured.

The judgment here has already been secured. Rule 62(b) provides that "a party may obtain a stay by providing a bond or other security." Here, DISH has provided far greater security than a bond; it has paid the full amount of the judgment into the Court's registry, where that money is earning interest. That, of course, is ample security, as this Court already has recognized. *See* Doc. 520 (ordering release of the supersedeas bond DISH posted upon DISH's depositing the full amount of the judgment, plus interest, with the Court); *see also Sears Holdings Mgmt. Corp. v. M. Bros., Inc.*, No. CV 14-06035-MWF, 2017 WL 11427080, at *3 (C.D. Cal. May 1, 2017) (not requiring a bond where funds had already been deposited in "the safety of the Court's registry account").

Because DISH has satisfied the requirements of Rule 62(b), the final disbursement must be stayed pending DISH's appeal.

### II. IN ADDITION, DISH'S APPEAL FROM THE DISBURSEMENT ORDER DIVESTS THE DISTRICT COURT OF JURISDICTION TO ORDER DISBURSEMENTS.

In all events, an appeal from the disbursement order divests this Court of jurisdiction to disburse payments pending the appeal. That is because "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case

involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam); *accord Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014). Thus, "[a]fter a notice of appeal is timely filed, the district court may not take any action that would alter the status of the case as it rests before the circuit court." 20 James Wm. Moore et al., Moore's Federal Practice - Civil § 303.32[2][a][ii] (2019) (internal quotation marks omitted).

Thus, in the post-judgment context, a district court may maintain the status quo pending appeal, but it has no power to "*approv[e] disbursement of ... funds in accordance with the very order being appealed*" where the "disposition of the … funds is the heart of the controversy" and the funds are in the court registry. *Garrick v. Weaver*, 888 F.2d 687, 695 (10th Cir. 1989) (emphasis in original); *cf. Hunter v. Town of Mocksville*, 271 F. Supp. 3d 787, 792-94 (M.D.N.C. 2017) (finding jurisdiction to distribute funds deposited with the court only because they "are not the subject of any claim on appeal"). Therefore, upon filing an appeal, "[i]t would be improper" for the Court to execute its disbursement order until the appeal has concluded. *Collins v. Daniels*, Civ. No. 17-776 MV/KK, 2019 WL 4815909, at *3 (D.N.M. Oct. 1, 2019) (following *Garrick* and holding that funds could not be disbursed from the court's registry pending the disposition of a petition for a writ of certiorari in the Supreme Court).

Similarly here, the judgment funds are already in the court registry and "cannot be executed against in the absence of [a] court order." *Garrick*, 888 F.2d at 695. And this Court has no jurisdiction to issue such an order while DISH's appeal is pending. That

8

rule makes good sense. Allowing disbursements during DISH's appeal would not just alter the status of the case; it would interfere with the Fourth Circuit's jurisdiction by likely preventing the recovery of disbursed funds following any ruling from the Fourth Circuit that certain individuals' claims were invalid. *See Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1141 (11th Cir. 2019) (describing the risk defendants face of "satisfying [a] judgment only to find that restitution is impossible after reversal on appeal" (internal quotation marks omitted)); *Baucom*, 2019 WL6499582, at *2 (staying execution of a judgment and noting the "undue hardship caused by the sometimes impossible task of recouping transferred assets if there is a reversal on appeal" (internal quotation marks omitted)). Here, that risk is particularly great because, other than Krakauer, none of the individual claimants has actually appeared before the Court. Accordingly, they may be especially unlikely to respond to requests to surrender the money they have received in the interim.

Accordingly, DISH's appeal from the disbursement order forecloses the execution of that order until the appeal has concluded, returning jurisdiction over issues concerning the disbursement order to this Court.

## CONCLUSION

For the foregoing reasons, execution of the disbursement order is automatically stayed pending appeal. The Court should enter an order making clear that the final disbursement order shall not be executed until the appeal concludes.

Dated: February 21, 2020								Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP


By: /s/ Elyse D. Echtman
Peter A. Bicks
Elyse D. Echtman
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
pbicks@orrick.com
eechtman@orrick.com


/s/ Richard J. Keshian
Richard J. Keshian
North Carolina Bar No. 10681
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West 4th Street
Winston-Salem, NC 27101
Telephone: (336) 607-7322
rkeshian@kilpatricktownsend.com

*Attorneys for Defendant DISH Network L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2020, I electronically filed the above document with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to all counsel of record.

/s/ Elyse D. Echtman

Elyse D. Echtman
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
eechtman@orrick.com

*Attorney for Defendant DISH Network L.L.C.*

## WORD COUNT CERTIFICATION

Elyse D. Echtman, an attorney of record in the above captioned matter, hereby certifies that the foregoing brief contains 2,329 words, in compliance with the Court's word limitations as set forth in Local Rule 7.3(d), as calculated by the word count function of the word processing system used to prepare the foregoing brief.

/s/ Elyse D. Echtman
Elyse D. Echtman
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
eechtman@orrick.com

*Attorney for Defendant DISH Network L.L.C.*