IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THOMAS H. KRAKAUER, on behalf )
of a class of persons, )
)
          Plaintiff, )
)
   v. )      1:14-CV-333
)
DISH NETWORK, LLC, )
)
          Defendant. )

## ORDER

The plaintiff, Thomas Krakauer, asks the Court to order the Clerk to transfer some of the judgment funds to the claims administrator, Kurtzman Carson Consulting, for disbursement to identified class members, as previously ordered. Because there is no reason to stay disbursement and because the defendant, DISH Network, LLC, no longer has any interest in the judgment funds, Mr. Krakauer's motion will be granted.

On February 13, 2020, the Court entered its Final Disbursement Order. Doc. 560. The order allocated judgment funds and directed the Clerk to transfer certain of those funds to the claims administrator, who would then disburse them to class members previously determined to be entitled to payment, hereinafter "the identified class members." *See generally id.* Dish appealed the Final Disbursement Order, Docs. 562, 563, and the Court granted Dish's unopposed motion to stay pending the appeal pending termination of the appeal. Doc. 568.

On December 1, 2020, the Fourth Circuit dismissed Dish's appeal. Doc. 596. The Court of Appeals explained that "Dish's interest in the ongoing claims administration

process is contingent upon the issue—not yet resolved in the district court—of whether any unclaimed class funds revert to Dish," and, "[i]f not, then the errors that Dish assigns to the claims administration process will not have caused any injury to Dish." *Id*. at 2.

The Court resolved that contingent issue while the appeal was still pending. In a pair of orders, the Court held that reverting unclaimed funds to Dish was inappropriate given the deterrence purpose behind the Telephone Consumer Protection Act and the facts of the case, Doc. 590 at 10–14, and that Dish no longer had any interest in the judgment funds. Doc. 588 at 2; *see* Doc. 590 at 16 (denying Dish's motion that unclaimed judgment funds revert). The Court otherwise held open the question of whether such funds should escheat to the federal government or be distributed under the *cy pres* doctrine. *See* Doc. 590 at 14–16. To assist in answering that question, the Court appointed a special master to identify potential *cy pres* candidates. Doc. 594. The special master's work is ongoing, and the Court has yet to decide which of these two options is a better one for the unclaimed funds. Dish did not appeal either of these orders addressing reversion. *See* Doc. 602 at 3–4.

The stay has expired, and Mr. Krakauer now asks the Court to transfer part of the judgment funds to the claims administrator and begin the disbursement process to all identified class members, as previously ordered almost a year ago. Dish objects and asks the Court to renew the stay in anticipation of an appeal it plans to file at a later date, contending that the funds should not be disbursed until after the Court decides whether *cy pres* or escheat is appropriate for the unclaimed funds. *See* Doc. 602 at 15.

A stay pending appeal is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (cleaned up). The party requesting a stay bears the burden of showing: (1) a likelihood of prevailing on the merits of the appeal, (2) that it will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay. *See Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970).

There is no good reason to stay disbursement to the thousands of identified class members whose claims are beyond final. Dish willfully violated the TCPA when its agent repeatedly called the phone numbers of all the class members, invading their privacy in blatant disregard of a federal statute and a consent order with many state attorneys general. The class members set to receive disbursements have been long identified, the claims process is long over, the Court has repeatedly held that the judgment funds no longer belong to Dish, and it determined over three months ago that the unclaimed funds would not revert to Dish. Docs. 588, 590. Dish has no interest in the funds going to the identified class members. *See* Doc. 596 at 2.

The *Long* factors favor denial of a stay. Dish is unlikely to prevail on the merits, even if an appeal of the Court's decision to deny reversion could become timely. That decision was discretionary, and no reasonable person can dispute that reverting the funds to Dish in the face of its willful and repeated statutory violations would undermine the deterrence goals of the TCPA. *See* Doc. 590 at 10. And any appellate decision on reversion would not affect the judgment funds going to the identified class members,

3

which is all that will be disbursed until the Court resolves the issue of whether the unclaimed judgment funds will escheat or be distributed to *cy pres* recipients. One would think it goes without saying that if the funds are claimed, they are not unclaimed, and obviously claimed funds cannot revert to Dish. Dish has not shown irreparable injury.

Further delay in disbursing funds would substantially injure class members and would not serve the public interest. This case is almost seven years old, *see* Doc. 1, and the class members have been waiting for their share of the recovery since the verdict was entered just over four years ago. Doc. 292.

Dish contends that a stay poses no harm to the class members because the judgment funds are collecting interest in the Court's registry. Doc. 602 at 8. But this contention ignores the fact that thousands of class members have already waited years for this judgment. The longer the Court delays in disbursing funds, the harder it will be to locate and deliver compensation to every entitled class member, as class members move and forwarding addresses become stale. Neither the class members nor the public interest would be served by further delay.

The Court, in its discretion, declines to renew the stay on disbursement. Mr. Krakauer's motion will be granted, and the Court will direct the Clerk to transfer judgment funds to the claims administrator to begin the disbursement process.

It is **ORDERED**:

1. That the plaintiff's motion for an order transferring funds to the claim administrator, Doc. 598, is **GRANTED**.

4

2. That the defendant's motion to renew the stay of class disbursements, Doc. 601, is **DENIED**.

3. The Clerk shall disburse to Kurtzman Carson Consulting, from the judgment fund deposited with the Court, the sum of $30,799,312.20 within 14 days from the date this order is filed and KCC shall proceed with disbursements as previously ordered in the February 13, 2020, Final Disbursement Order at Doc. 560.

This the 10th day of February, 2021.

_____
UNITED STATES DISTRICT JUDGE