IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THOMAS KRAKAUER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:14-CV-333 |
| | ) |
| DISH NETWORK L.L.C., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

The Court held in late April that some of the unclaimed judgment funds should be distributed to *cy pres* candidates, and the defendant, Dish Network, LLC, seeks a stay pending appeal. The plaintiff, Dr. Thomas Krakauer, and class counsel do not object to a stay of the *cy pres* disbursements and the Court will grant the motion as to those funds. But Dish also seeks to stay disbursements ordered last year and, after an unsuccessful appeal by Dish, again this year. As to those funds, the motion will be denied.

In April 2018, the Court entered judgment of $61,342,800 against Dish and in favor of a class of 18,066 plaintiffs. Doc. 439. After the judgment became final, *see* Doc. 509; *Krakauer v. Dish Network, LLC*, 925 F.3d 643 (4th Cir.), *cert. denied*, 140 S. Ct. 676 (2019); Doc. 537, Dish paid the full judgment amount into the Court's registry. Doc. 520; Minute Entry 7/31/2019.

In 2018, the Court determined that, as to some 11,000 class members, a claims process was unnecessary and funds could be disbursed to these class members at

addresses of record. Doc. 407. For the remainder, the Court established a claims process by which class members could have their claims validated. Doc. 441; *see also* Docs. 407, 437. Almost 2,000 class members submitted claims that were approved by the Court in 2019. Docs. 515; 536 at 1; 538 at 2.

After deductions for administration, attorneys' fees, and costs, each class member is entitled to $812.99. *See* Doc. 560 at 2–3. In February 2020, the Court entered its Final Disbursement Order, directing the Clerk to transfer $30,799,312.20 to the claims administrator, Kurtzman Carson Consultants, for immediate disbursement to the more than 13,000 class members covered by the Court's orders. *Id.* at 4.

Dish appealed the Final Disbursement Order, and the Court granted Dish's motion to stay pending appeal. Doc. 568. The Fourth Circuit dismissed the appeal in December 2020. Doc. 596, *see Krakauer v. Dish Network, LLC*, No. 20-1077, 2020 WL 8262039 (4th Cir. Dec. 1, 2020).

After briefing, the Court lifted the stay on February 10, 2021, and ordered the Clerk to immediately transfer the $30,799,312.20 to KCC for distribution to the class members. Doc. 607 at 4–5, *reported at Krakauer v. Dish Network, LLC*, No. 1:14-CV-333, 2021 WL 631906, at *2 (M.D.N.C. Feb. 10, 2021). Dish appealed this order as well, Doc. 608, but after the Fourth Circuit refused to stay proceedings, Doc. 612, Dish moved to dismiss its appeal. *See* Doc. 614. The $30,799,312.20 has long since been transferred to KCC, Doc. 607 at 4–5 (requiring the Clerk to disburse these funds to KCC no later than February 24, 2021), and distribution to the class members should be well underway.

2

*See* Doc. 560 (directing KCC to "begin disbursing funds to class members, so long as no stay has been entered."); Doc. 607 (same).

It has long been clear that there would be unclaimed judgment funds. *See, e.g.*, Doc. 441 (April 2018 order setting briefing schedule for unclaimed funds issue). After briefing, the Court decided in October 2020 that reversion to Dish was inappropriate and that Dish no longer had any interest in what should happen to the unclaimed funds;[1] it held open whether *cy pres* distribution or federal escheat was more appropriate and appointed a special master to identify possible *cy pres* recipients. Doc. 590, *reported at Krakauer v. Dish Network, LLC*, No. 1:14-CV-333, 2020 WL 6292991 (M.D.N.C. Oct. 27, 2020); Doc. 594. Dish did not appeal this order.

In late April 2021, the Court decided that distribution of these unclaimed funds to the *cy pres* candidates recommended by the special master was a better approach than escheat to the federal government. Doc. 620. By order entered May 10, 2021, the Court directed the Clerk to disburse $10,550,000 in unclaimed judgment funds to KCC for distribution to the selected *cy pres* recipients. Doc. 622, *reported at Krakauer v. Dish Network, LLC*, No. 1:14-CV-333, 2021 WL 1699945 (M.D.N.C. Apr. 29, 2021). There will likely be additional unclaimed funds once distribution to the 13,000 class members is complete, and the Court expects to transfer those funds to *cy pres* recipients as well.

---

[1] This happened before the Fourth Circuit dismissed Dish's appeal of the Final Disbursement Order in December 2020, but apparently no one told the Fourth Circuit. That court was under the impression that the reversion issue had not been resolved. *See* Doc. 596 at 2 (Fourth Circuit order noting that the issue "of whether any unclaimed class funds revert to Dish" was "not yet resolved in the district court.").

3

Dish says it will appeal, and it now moves to stay distribution of all judgment funds, both the $10,550,000 in unclaimed funds to be distributed to *cy pres* recipients as well as the $30,799,312.20 now being distributed to long-identified class members. *See* Doc. 623. Dr. Krakauer agrees to a stay of the *cy pres* disbursements, but on behalf of the class he objects to a stay of disbursements to class members. Doc. 626 at 3.

A stay pending appeal is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (cleaned up). The party requesting a stay pending appeal bears the burden of showing: (1) a likelihood of prevailing on the merits of the appeal, (2) that it will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay. *See Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970).

On the facts here, the parties agree that a stay as to the *cy pres* disbursements is appropriate. The only harm is yet another delay. While delay is not a *de minimis* harm, the *cy pres* recipients have no interest in the funds outside of the *cy pres* distribution order. And it would be unfair to them if the funds had to be clawed back in the unlikely event that Dish is successful on appeal. Therefore, the Court will stay its *cy pres* disbursement order pending Dish's appeal.

As for the funds already disbursed or in the process of being disbursed to class members, no stay is needed or appropriate. The Court stayed this disbursement once while Dish appealed in March 2020, *see* Doc. 568, and when that was unsuccessful, the Court directed KCC to begin those disbursements in mid-February 2021. *See* Doc. 607 at

4

5.  There is no need to interrupt that process again while Dish pursues another appeal, which may or may not be interlocutory and may or may not be successful.  Indeed, after the 2020 appeal failed, the Court denied a motion to stay these same disbursements, *see id*., and the Fourth Circuit did the same.  Doc. 612.  Nothing has changed to tilt the balance in Dish's favor or to require a stay.

The Court incorporates its previous findings by reference.  *See* Doc. 607.  To repeat in part, the *Long* factors favor denial of a stay.  It has long been established that Dish willfully violated the TCPA tens of thousands of times by making unsolicited telephone solicitations to class members on the Do Not Call registry.  *See, e.g.*, Docs. 292, 351; *Krakauer*, 925 F.3d at 663.  The Court identified over 11,000 class members entitled to their share of the judgment in January 2018, based on reliable evidence the jury accepted in reaching its verdict.  Doc. 407.  Issues related to the claims process were resolved in July 2019, when the Court adopted the special master's report.  Doc. 515.

Moreover, the likelihood that Dish will prevail on any argument that the claims process was unfair is small.  Even if there were errors on the margins, the Court decided months ago that Dish is not entitled to reversion of those funds.  *See* Doc. 590 at 1; Doc. 607 at 1; *see also* Doc. 596 at 2 (Fourth Circuit order noting that if Dish is not entitled to reversion, then Dish was not injured by any errors in the claims administration process).  Further delay will make it more difficult for KCC to successfully deliver damages checks as class members move and contact information becomes stale.  Finally, the public interest is not served by unnecessarily delaying final resolution of a case that is now over seven years old.

Dish contends that a stay of this distribution is mandatory under Federal Rule of Civil Procedure 62(b), which states that "any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). Even assuming this rule is mandatory in some situations, it does not apply here for several reasons. For example, Rule 62(b) does not require a court to stay orders that are the law of the case, either because they have previously been affirmed[2] or because they were entered several months ago and the party chose to not appeal, *see* Doc. 590, or to dismiss the appeal. *See* Doc. 607.

It is **ORDERED** that the defendant's motion to stay execution of judgment pending appeal, Doc. 623, is **GRANTED in part** and **DENIED in part** as follows:

1. The Court's order directing the Clerk to transfer $10,550,000 to the KCC, the claims administrator, for disbursement to *cy pres* recipients is **STAYED** pending appeal.

2. The Court's orders directing KCC to disburse judgment funds to class members, Docs. 607, 560, are **NOT STAYED**. Those disbursements shall proceed.

This the 21st day of May, 2021.

                                                                                       UNITED STATES DISTRICT JUDGE

---

[2] While Dish denies it, it is clear Dish contemplates, at least for the moment, that the appeal will address issues decided at trial and immediately post-trial and will cover well more than the "ministerial" decisions associated with the claims process. *Krakauer*, 925 F.3d at 651 n.1.