IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THOMAS H. KRAKAUER, on behalf of a class of persons, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:14-CV-333 |
| DISH NETWORK L.L.C., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

The parties seek approval of a settlement of this long-running class action. Doc. 662. The Court has jurisdiction to hear their joint motion, as the United States Court of Appeals for the Fourth Circuit remanded the case for that purpose. Doc. 666. After a full examination of the record and the proposed settlement in light of its long experience with this matter, the Court will approve the settlement under Federal Rule of Civil Procedure 23(e).

"It has long been clear that the law favors settlement." *United States v. Manning Coal Corp.*, 977 F.2d 117, 120 (4th Cir. 1992). This is particularly true in class actions. *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998) (noting the "strong judicial policy in favor of settlements, particularly in the class action context"); *Reed v. Big Water Resort, LLC*, No. 14-CV-1583, 2016 WL 7438449, at *5 (D.S.C. May 26, 2016) (quoting same); WILLIAM B. RUBENSTEIN, 4 NEWBERG & RUBENSTEIN ON CLASS ACTIONS § 13.44, n.1 (6th ed. 2022) (collecting cases).

Courts may approve a class settlement only if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "In applying this standard, the Fourth Circuit has bifurcated the analysis into consideration of fairness, which focuses on whether the proposed settlement was negotiated at arm's length, and adequacy, which focuses on whether the consideration provided the class members is sufficient." *Roldan v. Bland Landscaping Co., Inc.*, No. 20-CV-276, 2022 WL 17824035, at *2 (W.D.N.C. Dec. 19, 2022) (cleaned up); *see also Beaulieu v. EQ Indus. Servs., Inc.*, No. 6-CV-400, 2009 WL 2208131, at *23 (E.D.N.C. July 22, 2009) (citing *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158–59 (4th Cir. 1991)). The Court acts as a fiduciary of the class members. *See Sharp Farms v. Speaks*, 917 F.3d 276, 293–94 (4th Cir. 2019); *1988 Tr. for Allen Child. Dated 8/8/88 v. Banner Life Ins. Co.*, 28 F.4th 513, 521, 525 (4th Cir. 2022).

The fairness analysis aims "to ensure that a settlement is reached as a result of good-faith bargaining at arm's length, without collusion." *Berry v. Schulman*, 807 F.3d 600, 614 (4th Cir. 2015) (cleaned up). Courts apply a four-factor test to determine the fairness of a proposed settlement: "(1) the posture of the case at the time settlement was proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in the area of" law at issue. *In re Jiffy Lube*, 927 F.2d at 158–159; *see also 1988 Tr.*, 28 F.4th at 525 (applying the same standard).

Here, the factors support final approval. This case has been ongoing for almost a decade. The parties engaged in formal discovery and went to trial over six years ago. Identified class members have been paid their share of the judgment, and the amount of

unclaimed funds will be fully known in short order. *See* Doc. 658. The only remaining issue in dispute—what should happen to the unclaimed judgment funds—has been fully litigated in this Court and, until the recent remand related to this settlement, was the subject of an appeal that had been pending for some months. All sides are fully informed, and there has been plenty of time for counsel to negotiate a fair settlement amount. There is no evidence of any collusion or improper conduct. There have been substantial uncertainties associated with proceeding with the *cy pres* distribution while an appeal was pending that made settlement negotiations appropriate. *See* Doc. 658. In sum, the Court is persuaded that the settlement is fair.

Courts assess the adequacy of a settlement through the following factors: "(1) the relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement." *In re Jiffy Lube*, 927 F.2d at 159; *see also 1988 Tr.*, 28 F.4th at 526 (applying the same factors). In assessing reasonableness, the Court examines "the amount of the settlement" and "ensures that the amount on offer is commensurate with the scale of the litigation and the plaintiffs' chances of success at trial." *1988 Tr.*, 28 F.4th at 527.

Here, the relevant factors are not wholly applicable, as this case went to trial over six years ago. But the relevant factors and other circumstances weigh in favor of approving the settlement agreement. This litigation has been pending in this district for

almost a decade. All class members who made claims have been fully compensated, and they will not be harmed or even directly affected by the settlement. No one has opposed the settlement.

It is in everyone's best interest to settle this case. The bulk of these funds will, under the settlement, go to *cy pres* recipients, *see* Doc. 662 at 7, and those distributions can proceed with finality to organizations that address one or more of the objectives of the Telephone Consumer Protection Act of 1991 (TCPA) and positively target and support the interests of the plaintiff class. *See generally* Doc. 620.

From the approximately $22,500,000 of funds available for distribution, *see* Doc. 658 at 1, DISH will receive $6,000,000 and will dismiss the appeal pending in the Fourth Circuit. Doc. 662 at 7. This arrangement is appropriate in light of the strength of the parties' positions.

More importantly, the settlement is in the public interest and consistent with the goals of the TCPA. This agreement allows the *cy pres* recipients to have confidence they can accept the funds and immediately put them to positive use, without fear Dish will attempt to claw them back. It does not result in an unreasonable windfall or reward to DISH, which fully satisfied the $62,581,229.24 judgment plus interest some years ago. *See* Doc. 520. As noted *supra*, class members have been fully compensated, and the expenses of the settlement have been fully funded from the judgment proceeds. The settlement does not undermine the punitive aspects of the TCPA's treble damages provisions, since in context the funds being returned to DISH are a small percentage of those treble damages.

In view of the entire record, the Court finds this settlement to be fair, adequate, and reasonable. The Court further finds that no notice of the proposed settlement is required. *See* Fed. R. Civ. P. 23(e)(1)(A)–(B). The settlement does not bind or even affect class members, who have been paid their full share of the judgment and have no interest in unclaimed funds.

It is **ORDERED** that:

1. The joint motion for approval of a class actions settlement, Doc. 662, is **GRANTED**.

2. The Clerk **SHALL** promptly disburse to Defendant DISH Network L.L.C. $6,000,000 from the judgment fund within ten business days of the date of this Order. The Clerk **SHALL** wire those funds to DISH per the account information provided by DISH's counsel Richard Keshian.

3. Upon its receipt of the $6,000,000 disbursed from the judgment fund, DISH **SHALL** promptly notify the Fourth Circuit clerk.

4. The remainder of the unclaimed judgment funds (in the amount of approximately $16,500,000) will be disbursed to *cy pres* recipients as ordered by the Court at the appropriate time and under the procedures set forth in the Court's July 27, 2023, Order. *See* Doc. 665.

This the 15th day of August, 2023.

_____
UNITED STATES DISTRICT JUDGE

5

Case 1:14-cv-00333-CCE-JEP   Document 667   Filed 08/15/23   Page 5 of 5